**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

MAY - 3 2016

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                                    DEPUTY

Alton Crain
Plaintiff,

## SA16CA0408 XR

VS                    CASE NO:

City of Selma,
Thomas Daly, James Parma, Kenneth Roberts, Johnny Casias, Kevin Hadas, Phillip
Swinney, Harry Greene, Kenneth Harris, Larry Verner, Robert Klaener, Marc Schnall,
Charles Frigerio, Defendants,

## COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

### PARTIES

Alton Crain 8528 Alton Blvd

Selma, Texas 78154(Plaintiff)

Thomas Daly, City of Selma 9375 Corporate Drive Selma, Texas 78154,

Johnny Casias, City of Selma 9375 Corporate Drive Selma, Texas 78154,

Kevin Hadas, City of Selma 9375 Corporate Drive Selma, Texas 78154,

Harry Greene, City of Selma 9375 Corporate Drive Selma, Texas 78154,

Kenneth Harris, City of Selma 9375 Corporate Drive Selma, Texas 78154,

Larry Verner, City of Selma 9375 Corporate Drive Selma, Texas 78154,

Robert Klaener, City of Selma 9375 Corporate Drive Selma, Texas 78154,

Marc Schnall, City of Selma 9375 Corporate Drive Selma, Texas 78154,

James Parma, City of Selma 9375 Corporate Drive Selma, Texas 78154,

Kenneth Roberts, 10510 Luzon Drive San Antonio, Texas 78217,

Phillip Swinney, 8527 Phoenix Ave Selma, Texas 78154,

Charles Frigerio, River Towers 111 Soledad Street Suite 840 San Antonio, Texas 78205,

(Defendants)

## JURISDICTION AND VENUE

The court has jurisdiction over this matter pursuant to 28 U.S.C § 1331, 28 U.S.C §§ 1343(a)(1)(2)(3), 42 U.S.C § 1983, 42 U.S.C § 1985 (3), 28 U.S.C § 1367, 28 U.S.C § 2201, and 42 U.S.C §§ 3613 (a)(b)(c)(d) Title VIII of the Civil Rights Act of 1968 [42 U.S.C. §§ 3604] Section 804 (a), 804(b), 804(e), 42 U.S.C. § 3605 (a) Discrimination in real estate related transaction and terms and conditions because of race,   Fair housing Act Violation of Sec 811 [42 U.S.C § 3611] Giving Evidence, and 818 as amended by Fair Housing Act of 1988, Texas Penal Code § 37.09 Spoliation of video evidence, 18 U.S.C. § 1505 Obstruction of proceeding before department, agencies and committee, 18 U.S.C. § 1506 Alteration of record, Tort Liability of Governmental Units Sec. § 101.021. (1) Personal Injury wrong act or omission, Texas Penal Code Section §§ 37.10 (1) (3) (5) Falsification of Government Records, Texas Property Code Sections §§ 301.021(a) and 301.021(b) and Section § 819.201(b) (2), 18 U.S.C § 1018 (a) 3 Fictitious Certificates or Writing , Texas Penal Code §§ 32.52 (a) (b) (1)(2)(3)(5)

Defrauding taxpayers Fraudulent Fictitious Degree, 18 U.S.C 371 Conspiracy based on agreement to sell, unlawful spoliation, knowledge and intent to conceal, overt collusion to obstruct future investigation, 18 U.S.C. §§ 1001 (a) (1) (2) (3) c (1) (2) Lawyer made false statements or concealed entries, spoliation of video and bid entries, Texas Administrative Code Venue is proper in this District and division pursuant to 28 U.S.C §1391 because a substantial portion of the events or omissions giving rise to the claims occurred in, the subject property is located in, and the parties reside in this District and Bexar County.

## **NATURE OF THE ACTION**

1. Plaintiff Alton Crain brings this action against City of Selma Administration, Information Technology staff, Mayor, City Council and Representatives or the "Defendants".   Plaintiff seeks a Declaratory judgment, Permanent Injunction relief, Compensatory damages, Punitive damages, Criminal Charges, and Spoliation Sanctions. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 and the Texas Fair Housing Act, Tex., Prop, Code Ann. § 301.001, Texas Property Code § 301.021- Sale, and Texas Penal Code § 37.09 Spoliation of video evidence, 18 U.S.C. § 1506 Alteration of record, Texas Penal Code Section §§ 37.10 (1) (3) (5), 18 U.S.C. § 1505 Obstruction of proceeding before department, agencies and committee.   The city staff willfully conspired to spoliation of Selma City Hall Lobby surveillance video to conceal evidence of bid tampering obstructing the HUD-FHEO and TWCCRD official investigation processes. Selma staff with a documented history of harassment, discrimination and deceptive employment practices caused two African

Americans to be deprived of rights to a fair bid process protected by the U.S Constitution under the Fair Housing Act of 1968.   Lack of policies and training in fair housing practices contributed to numerous errors of omission and ultimately intentional spoliation, scienter, and numerous attempts to conceal prejudice behavior. The City Council has also colluded in defrauding taxpayers for over 10 years with continuous employment of individuals presenting fraudulent qualifications and fictitious degrees leading to numerous discriminatory, unethical, and bigoted policy practices.   James Parma, City Administrator Kenneth Roberts, Mayor Thomas Daly, Johnny Casias, Phillip Swinney, Harry Greene, Kenneth Harris, Kevin Hadas, Larry Verner, Robert Klaener, Marc Schnall, Charles Frigerio, or the "defendants" acted in scienter and some plotted to conceal Selma City Hall lobby surveillance video evidence of bid tampering, December 19, 2014 at 4:34 p.m.   Intentional video spoliation created extreme prejudice to the innocent plaintiff's ability to support claims of bid tampering in HUD investigation file #: 06-15-1163-8 and TWCCRD #: 2150303-HU.   Within fifteen days of the request for preservation of video evidence relevant to litigation, the defendants intentionally destroyed one minute (4:34 - 4:35 p.m. December 19, 2014) of Selma City Hall Lobby surveillance video.   The City of Selma and individuals named herein operating in their official capacities willfully committed acts of omission and collusion to obstruct two official investigations. All named defendants' bare liability for creation of walking quorums, neglecting to follow state approved bid procedures for receiving and processing submitted bids, neglecting training for Fair Housing Act policies and procedures, advertising errors, willful neglect of proprietary duties to investigate allegations of bid tampering, spoliation to conceal the bigoted act of assisting only Hispanic and Whites

bidders, and refusal to honor Public Information Act request for public phone records paid for by taxpayers. Selma lawyers Marc Schnall and Charles Frigerio are liable for spoliation falsifying and concealing statements and/or general entries.   Both schemed to transfer bids and video information to a known party (Stouffer & Associates appraiser) and Selma (Information Technology & Video) staff Robert Klaener with the intent to conceal bid tampering and the spoliation of evidence relevant to litigation. Video spoliation occurred after a FOIA request.     After December 19, 2014, the City Attorneys requested clarification for specific video angles and times December 19, 2014 at 4:34p.m. The City Hall Lobby surveillance evidence was destroyed.   The City Administrator deliberately obstructed two official investigation processes. The City Attorney falsified statements, concealed bid entries, and assisted in concealing and spoliation of video evidence the attorneys knew would be relied upon by a non-client in HUD and TWCCRD investigations.

## ALLEGATIONS-FACTUAL BACKGROUND

1.  Despite long standing federal and state prohibition against housing discrimination in the provision of housing and fair housing practices, the City of Selma, Texas, and defendants maintain several policies and practices that violate specific provisions of the Fair Housing Act. The City of Selma is a local government in Bexar County, Texas. The City of Selma does not have a charter and is controlled or managed by the Mayor and City Council. The City of Selma has the population of approximately 5500 people according to 2010 US Census Bureau. The ethnic make-up consists of approximately 47

% White, 34 % Hispanic, and 8% African American and 6% other/mixed. The City

Administration and staff are subject to the Mayor and City Council (83% White, 16%

Hispanic, 0% African American) with little ethnic diversity.   The city and named

defendants have the proprietary and ministerial duty to make decisions about

employment and who will receive bid awards along with whom and where new residents

will live. The Selma City Council and Administration made a decision within their

ministerial discretion to sell properties it deemed to be excess.   Lack of training in Fair

Housing Act laws and practices and bid policies caused African American bidders to be

limited and deprived of the same rights to a fair housing process.   Further, Selma City

Administrator Kenneth Roberts, Johnny Casias, and Mayor Thomas Daly attempted to

conceal the discriminatory acts of bid tampering by cutting unjustifiable assistance out of

Selma City Hall lobby surveillance video. Lack of ethnic diversity among the City of

Selma Administration and Council further perpetuate bias against African Americans in

particular.   Deceptive and conciliatory practices over ten years with lack of

administrative oversight and diversity training in Fair housing practices have created

systematic bias having a desperate impact on African Americans seeking upward

mobility in certain custom home site communities in Selma, Texas.   Overt resistance to

a city charter in Selma coupled with the lack of oversite and ethnic diversity amongst the

Selma City Council and Administration has led to a documented history of racial

inequality, corruption, deceptive and conciliatory employment practices similar to those

witnessed at Selma City Hall Lobby on December 19, 2014 at 4:34 p.m.

**2.**  In mid-November of 2014 the City of Selma held an excess property auction, open to public with bid instructions listed in the public notice.   Six people participated in the excess property liquidation open to the public bid process.   Bidders by race, there were two African American 33.3%, three Hispanic 50% and one White 16.6%.   Bidders for home site Parcel #5 were 33.3% White, 33.3% Hispanic, and 33.3% Black.   Bidders for home site Parcel #6 were 50% White and 50% African American.   Parcel #5 and Parcel #6 bid assistance was offered 100% to White and Hispanic bidders, and 0% bid assistance was offered to African Americans.   All bidders were not treated equally according the Fair Housing Act policy and procedures or state bidding procedures. African Americans were the only race excluded from bid revision.   Bidding African Americans were subjected to deceptive bid instructions, unethical bias in submission practices, and unjust rejection.   Hours after witnessing bid tampering, a notice to preserve all related evidence to litigation was made December 22, 2014. The Mayor Thomas Daly and City Administrator Kenneth Roberts and Johnny Casias were notified of discriminatory bias in bid practices and bid tampering December 22, 2014. Within three weeks of witnessing bid tampering (January, 16. 2015), an official notice to preserve all related evidence was made.   After city lawyers requested clarification for specific time, date, and angles, the evidence requested for preservation was intentionally destroyed.   Video evidence of bid tampering was requested via Freedom of Information Act (FOIA).   The city neglected the duty to preserve and produce evidence.   The City of Selma willfully and intentionally altered evidence needed in an investigation by Housing Urban Development (HUD) (Fair Housing Equal Opportunity (FHEO)) forwarded to Texas Workforce Commission Civil Rights Division (TWCCRD).   The City

Attorney made false statements knowingly assisting in concealing video evidence that the attorneys knew would be relied upon by a non-client in HUD and TWCCRD investigations.   The video was altered by Selma staff to exclude the act of bid tampering.   The altered video evidence would have shown that only Mr. Jose Bustos (Hispanic) and Mr. Richard Owen (White) received second chance bid options and correction when their bids were not submitted properly according to posted instructions. Mr. Bustos and Mr. Owen were unfairly selected by City Administrators.   Mr. Bustos and Mr. Owen bid on a number of properties that were selectively corrected when their bids were submitted in error while African American bids were not corrected. Selma administrative staff and council were not trained in Fair Housing Act policy and procedure.   Inexperienced in FHA practices biased staff made numerous errors of omission.   Mr. Bustos had a documented history of pre-bid communication with the City of Selma and was corrected on video by the City Administration.   Mr. Jose Bustos ultimately won his bid against African Americans who were not given the same bid courtesy or correction adjustment.   The assistance willfully offered by the City Administration was only offered to White and Hispanic bidders.

3.   Bid alteration was witnessed by an African American in the Selma City Hall Lobby on December 19, 2014, at approximately 4:35 p. m.   Spoliation is obvious as the request video (via FOIA) has two different time stamps on one piece of video footage.   The City Administration and all City Councilmen were notified (via email) within 24 to 48 hours of the bid tampering incident via email.   From December 22, 2014, to January 8, 2015, illegal bid probing and concealing ensued after bid tampering notification. Councilmen

Kevin Hadas probed the plaintiff (via phone call) several times in attempts to gain access and information about how other council members planned to vote in Executive Session on the notice of bid tampering.   Illegal walking quorums were created by Council members.   Eighteen days of collusion and scienter among all parties named are verified by emails and phone calls, along with attempts to conceal evidence by Mayor Thomas Daly, City Administrator Kenneth Roberts, Johnny Casias, and Marc Schnall.   Bid resolution in Executive Session was held at 6:30 p.m. January 8, 2015.   Policy states that all bids were to remain with City Administrator Kenneth Roberts and are opened in the presence of the City Council. The bids were not with City Administrator Kenneth Roberts as policy states. Contrary to City of Selma Policy and City Administrator's job description, the City Attorney was in possession of the sealed bids for eighteen days without approval of City Council as policy states.   Ironically, the City Council never saw the original bids.   Had the City Council viewed the original bids, the City Council could clearly see the attorney Marc Schnall had selectively chosen which bids would be accepted.   Not allowing the Council to review the original bids, City Attorney Marc Schnall accepted the White bids as conforming and rejected the African American bid as nonconforming.   One African American was the highest bidder by thousands of dollars, yet bid was rejected.   Race was factored into whether or not following posted procedure was required.   All bidders were to identify the individual property on the outside of the envelopes and submit the bid to the City Administrator Kenneth Roberts.   Mr. Owen and Mr. Bustos did not follow posted bid instructions.   Fortunately, if you were White, you **do not** have to follow the posted procedure. Further, if you were White and submitted your bid wrong, **you were** assured acceptance and encouraged by City Administrators to

resubmit the bid.    Unfortunately, African Americans were not given the opportunity to resubmit their bids like Hispanic and White bidders.    African American and Parcel #6 bidder Earnest Banks was rapidly **rejected** and labeled **nonconforming**.    This and other documented discriminatory practices caused African Americans to be deprived of a fair process under the Fair Housing Act.    Ironically, African American Earnest Banks was the highest bidder being denied resubmission options.

4.  Video spoliation occurred after the pre-bid conference was scheduled December 19, 2014.    The bid exchange took place between Johnny Casias and Mr. Jose Bustos (A Hispanic bidder) minutes 16:34:25 and 16:35:24 hours on December 19, 2014.    City Administrators and lawyers requested specific angle, time, and the date for clarification prior to rendering surveillance video evidence of the witnessed bid exchange in the Selma City Hall Lobby (December 19, 2014at 4:34 to 4:35 p.m.).    Upon receipt of the FOIA/PIA request of the lobby surveillance video and after the City Attorney review, the video was intentionally altered excluding requested evidence. One minute of video was purposefully excluded to conceal the moment bid tampering was recorded and witnessed. The defendants have made every effort to conceal intolerable acts from December 22, 2014, "Notice of Bid Tampering" to the present day.    Concerns of not treating all bidders equally and how tampering with a posted procedure negatively impacted African Americans interested in the same home sites in the Selma Park Estates (a custom homes community) were expressed in the bid tampering notice to staff and the City Council.    Another concern expressed was the fact that White and Hispanic bidders received preference and more favorable bid procedures.    Selma City

Administration, Mayor and City Council members were made aware of bid tampering, yet

neglected the ministerial and proprietary duty to preserve evidence relevant to litigation,

and to correct errors prior to bid resolution.   To date, the City of Selma refuses to honor

Freedom of Information Act and Public Information Act requests to produce phone

records and the Selma City Hall Lobby video surveillance of the entire bid process,

November to December 2014.


**5.**   The following is a brief outline to the events preceding bid tampering leading to

spoliation.   A pre-bid conference was scheduled with City Administrator Kenneth

Roberts and Johnny Casias at 4:15p.m., December 19, 2014, to bid on property and

future home dwelling, Parcel #5.   Prior to submitting a bid, Mr. Roberts and Mr. Casias

were asked by Plaintiff: "How many bids had been submitted for home site, Parcel # 5."

Mr. Roberts and Mr. Casias clearly stated two bids for Parcel #5 had been submitted in

error.   Mr. Roberts and Mr. Casias were asked by Plaintiff: "What happens to bids

submitted in error for Parcel #5."   Mr. Roberts and Mr. Casias stated that those two bids

for Parcel #5 would not count if they were submitted in error.   (Contrary to those two

preceding statements made by Mr. Roberts and Mr. Casias, the two incorrect bidders

were encouraged to correct their bids and resubmit them.)   At approximately 4:17 p.m.

on December 19, 2014, Mr. Casias stepped out of the room for a moment for a phone

call.   The bid was left with City Administrator Kenneth Roberts in the pre-bid

conference.   Upon exiting the pre-bid conference (in Kenneth Roberts' office at

approximately 4:20 p.m.), Plaintiff noticed a couple entering the Selma City Hall Lobby

asking to speak to Mr. Casias about Parcel #5.   Because the time the couple entered

seemed suspiciously odd, Plaintiff returned and waited to witness City Administrator Johnny Casias' interaction with the couple.   Plaintiff witnessed the City Administrator Johnny Casias actively encouraging Mr. Bustos to resubmit the bid for home site, Parcel #5. Mr. Casias' active interference with Mr. Bustos on a posted bid process offered unfair advantage to a selected individual.   Thus, resulting in a negative impact on an African American (Alton Crain) following the posted procedure.   City Administrator Johnny Casias was witnessed and recorded on video as he proceeded to actively correct the bid submitted in error by Mr. Bustos at 4:34 p.m. on December 19, 2014.   Additionally, Mr. Roberts encouraged Mr. Owen to correct and resubmit his bid on Parcel #5.   Thereby, allowing Mr. Owen to submit two different bids for the same Parcel #5 (one with a time stamp and one without a time stamp).   Contrary to the statements made by Mr. Roberts and Mr. Casias, the two incorrect bidders were encouraged to correct their bids and resubmit them.   Fully aware that the two bids did not conform to the posted procedure, Mr. Roberts and Mr. Casias altered the video evidence.

6.   The City of Selma's intentional act of video spoliation preceded TWCCRD and HUD investigations.   The destruction of the surveillance evidence resulted in extreme prejudice, having a devastatingly negative impact on the Plaintiff's ability to present this case.   City Administrator Kenneth Roberts, Johnny Casias, and Mayor Thomas Daly intentionally concealed and conspired to alter evidence prior to surrendering the video of the Selma City Hall Lobby bid tampering incident (December 19, 2014, at 4:34-4:35 p.m.).   The FOIA/PIA video evidence requested for preservation was cut.   The requested angle and time was intentionally and willfully altered to conceal relevant

evidence of the bid exchange and correction between Mr. Jose Bustos and Mr. Johnny Casias at the City Hall lobby door.   February 3, 2015, is the date when video spoliation occurred.   One surveillance video (requested via FOIA) bares two different time stamps (December 19, 2014, & February 3, 2015).   HUD was made aware of spoliation yet did not have the authority to authenticate the spoilage of video evidence.   Due to the importance of the video Spoliation, the evidence the City of Selma intentionally erased, caused an inability to effectively justify Plaintiff's claims to HUD-FEHO and TWCCRD under the Fair Housing Act (amended in 1988).   Intentional Spoliation aided efforts to conceal captured, intolerable acts reported to government and state agencies designed to protect civil liberties in the U.S. Constitution.   Extreme prejudice to the non-spoliator (Plaintiff) was the consequence of intentionally deceptive practices. The missing video evidence was intentionally omitted to avoid scrutinizing during the HUD and TWCCRD investigations.

**6.** The City of Selma staff and legal representation acted recklessly with intent to alter the city surveillance video and refused to show the originally submitted bids.   Willfully concealing the evidence of bid tampering, the City Administration and City Council neglected to act in good faith when a ministerial decision was made to proceed with the sale of the excess property after notification of bid tampering.   Selma staff in scienter colluded to conceal bid tampering mentioned in the "Notice of Bid Tampering" email received by all staff, December 22, 2014. According to Mr. Roberts' job description, he is responsible to "receive all bid proposals on contract work to be done in the city and the bids to be opened on instruction from the Council."   With the intention to mislead the

City Council, the City Administrator Kenneth Roberts gave the original bids to the City

Attorney without either party having authority granted by the City Council.

No recorded minutes of a regular or special Council meeting exists granting authority for

Mr. Roberts to transfer the original bids to the City Attorney.   City Attorney Marc Schnall

deceptively withheld from the City Council, the presentation and review of the original

bids. Selma City Council willfully neglected discretionary duty to investigate and review

evidence described in the official "Notice of Bid Tampering" email.

8.   The City Council did not announce, post, or hold any Special Council meeting and/or

vote for Mr. Marc Schnall to secure or "hold" the bids at any time prior to the January 8,

2015, monthly City Council meeting.   Ironically, Marc Schnall had unauthorized

possession of the original bids 18 days before the vote to sell was held in an Executive

Session of City Council (January 8, 2015).   According to Selma policy and the job

description for the City Administrator, all original bids were to be submitted by 5:00 p.m.,

December 19, 2014, and remain with the City Administrator Kenneth Roberts and be

opened with the City Council present.   One bid (Jose Bustos) in Marc Schnall's

possession was date stamped 4:49 p.m., December 22, 2014, while all bids were

supposed to be submitted by 5:00 p.m., December 19, 2014. The bids were supposed to

be opened in the presence of the City Council, January 8, 2015, in the City Council

Executive Session.   The City Attorney and City Administrator did not follow city policy or

the bid opening procedure.   The City Council members never saw the original bids.

Further, the City Attorney, having unauthorized possession of the bids, proceeded to

Stouffers & Associates (on December 23, 2014) to adjust the property appraisals,

knowing that the City Administrator Kenneth Roberts had directed the African American

bidders to use BCAD for property values and identification (August 19, 2014).


9.    Certain Council members were concerned about the bid procedure and that City

Council staff did not have Fair Housing training to ensure equality in the bid process.

Due to lack of training, a close friend of City Administrator Kenneth Roberts, Mr. Richard

Owen was granted bid options not afforded to African American bidders.    No African

American had the opportunity to submit two bids for the same property.    White bidder,

Mr. Owen, bid on nine properties in one envelope labeled "bids".    The public bid notice

clearly indicated in order for the bid to be conforming, Mr. Owen needed nine individual

envelopes.    City Administrator Kenneth Roberts and other staff actively corrected Mr.

Owen.    Upon review of the bids, Plaintiff recognized that Mr. Richard Owen had been

permitted to bid twice when his two envelopes had two different receipt times and date

stamps for the same property.    One submission did not follow the posted bid procedure.

A second bid for the same property had a different time stamp.    City Administrator

Kenneth Roberts neglected to correct Earnest Banks, the African American bidder, who

outbid Mr. Richard Owen.    Upon bid evaluation, if the Council were permitted by the City

Attorney Marc Schnall and City Administrator Kenneth Roberts to review the original

bids, the City Council members would have clearly noticed that Richard Owen did not

conform to published bid procedure.    Having outbid the competition, African American

Mr. Earnest Banks would have won his bid if he had been given the same labeling

preference and privileges.

**10.**   The City Attorney Marc Schnall and City Administrator Kenneth Roberts purposely negated review of the original bids.   African American and White bidders were competing for the same property. White bidders received preference that would have benefited African American bidders.   Identifying the property as listed, an African American bid was rejected as "non-conforming" while equally submitted, the White bid was accepted as "conforming".   African American Earnest Banks outbid Richard Owen by thousands of dollars and was above suggested Bexar County Appraisal District value. The public notice clearly indicates the property would be sold to the highest bidder. The bias among labeled bids indicates a discriminatory preference in terms and conditions, and exposes the deceptively bias intent to deceive, reject, and deprive African Americans.   If the city had entrusted honest staff, properly trained in Fair Housing Act policy and procedure, all bidders would have been treated equally and African Americans would be living their dreams.

**11.**   The City of Selma is liable for negligence.   The City Council entrusted historically deceptive City Administrator Kenneth Roberts as the ultimate authority over the entire bidding process. City Administrator Kenneth Roberts has a documented history of civil complaints and deceptive policy practices.   More disturbing is the fact that the City Council negligently failed to act on knowledge of City Administrator Kenneth Roberts' educational misrepresentations for employment as the Selma City Administrator (2003 & 2007). This negligence led to defrauding the taxpayers for over ten years and involvement with numerous EEOC & DOJ claims.   City Administrator Kenneth Roberts' deceptive practices were present in the bid process.   City Administrator Kenneth

Roberts and Richard Owen attempted to "rig" the bid process with extremely low and improper bid submissions.   All of the bids submitted by City Administrator Kenneth Roberts, close friend Mr. Richard Owen, did not conform to the posted procedure. Yet, because Mr. Owen is not a member of a protected class, all Mr. Owen's bids were accepted as "conforming" to the posted procedure.   Bid bias is apparent because a "conforming" label would have allowed African Americans (e.g., Earnest Banks) access to a fair and equal bid process under the Fair Housing Act (amended in 1988).

12.   City Council's negligence to review evidence allowed City Administrator Kenneth Roberts to conspire and conceal all evidence of bid bias. City Council had the authority to review the video evidence anytime "at will", yet, willfully neglected to do so.   Any reasonable person in a leadership position would have investigated the bid tampering allegations and corrected the issue. Many emails requesting discussion of bid tampering were sent to City Administration.   Being very irritated by email discussion of witnessed bid tampering, City Administrator Kenneth Roberts suggested contact with Mayor Thomas Daly for resolution.   Mayor Thomas Daly visited the Plaintiff's home ensuring "correction' of the "bid tampering" incident and a call from the City Administrator Johnny Casias.   Unfortunately, the only correction offered by Mayor Thomas Daly was assistance in deleting FIOA requested surveillance video.   Coincidentally, Mr. Owen's "Vegas Style Casino" gambling business picked up after consulting and cooperating with City Administrator Kenneth Roberts during the HUD and TWCCRD investigations.

**13.**   Texas Penal Code 39.06 (Misuse of Official Information) was violated.

"(a) A public servant commits an offense if, in reliance on information to which the public servant has access by virtue of the person's office or employment and that has not been made public, the person:

   (1)   acquires or aids another to acquire a pecuniary interest in any property, transaction, or enterprise that may be affected by the information;

   (2)   speculates or aids another to speculate on the basis of the information; or

   (b)   A public servant commits an offense if with intent to obtain a benefit or with intent to harm (deprive African Americans of civil liberties with spoliation) …

   (1)   he has access to by means of his office or employment; and

   (2)   has not been made public."

Dishonest Selma staff violated Penal Code 39.06.   Against Penal Code, City Administrator Kenneth Roberts and Johnny Casias aided and actively corrected bids previously submitted from Mr. Richard Owen and Mr. Jose Bustos.   Mr. Jose Bustos first bid on a similarly situated property increased from $10,000 to $24,000 after City Administrator Johnny Casias was witnessed urging Mr. Jose Bustos to resubmit his bid for Parcel #5 that was captured on Selma City Hall lobby surveillance video at 4:34 pm, December 19, 2014.   Ultimately, Johnny Casias' information and aid to Jose Bustos resulted in Mr. Bustos being the only bidder to acquire property.   Granting bid "favors" to **some** but not **all bidders** violates FHA policy.   The act of amending bids was **intentionally excluded** from the lobby surveillance video to avoid evidence that would have clearly proven that African American bidders did not receive the preferential assistance afforded to Mr. Bustos and Mr. Owen.   Without regard to equality and FHA law, City Administrators Kenneth Roberts and Mr. Johnny Casias did not make any effort to actively correct African American bidders (Mr. Earnest Banks and Mr. Alton Crain). The administrators lacked appropriate training.   With knowledge of wrongdoing, City

Administrators and City Council willfully neglected responsibility to investigate and correct bid tampering.   Intentional spoliation clearly indicates reckless indifference to federal laws and civil liberties protected under the U.S. Constitution.

**14.**   Since December of 2014, two years of attempts to avoid use of the courts precious time and resources have been presented to the City of Selma under current city leadership.   On the 22nd day of February 2016 the CV-7(h) certificate was served by email and certified mail to Charles S Frigerio and the Selma City Administrator Johnny Casias. The undersigned counsel or plaintiff conferred with opposing counsel concerning the relief sought in this motion.   Prior to Federal filing or pre-litigation, the Defendants were served a "Stowers" Demand letter with a 30-day deadline.   On March 3, 2016, the defendant counsel Charles Frigerio rejected the "Stowers" Demand without giving any explanation for rejecting the demand letter.   Prior to any suit being filed as a resident taxpayer of the City of Selma, Texas, a pre-litigation FOIA/Public Information Act request was made on March 7, 2016, to Selma City Administrator for consent to review Selma or TML insurance balances.   On March 11, 2016, a revised demand letter was sent certified mail and email prior to litigation or discovery in an effort to settle within the policy limits.   On March 15, 2016, another email attempt to negotiate and to settle within the policy went unanswered.   The defendant waited until day 28 of the 30-day deadline to seek an Attorney General ruling for consent to withhold insurance policy information under the Texas Government Code [552.103].   On March 17, 2016, attempt number four was made to confer or negotiate with opposing counsel within policy limits.   The city rejected consent to settle within policy limits and also rejected the taxpayer FOIA

request to review Selma insurance balances for "numbers only" and insistently refused to give any reason for rejecting the "Stowers" Demand to settle within policy limits.

**15.**   In "Bad Faith" with intent to avoid settlement liability and disclosure, the Defendant then forced the filing of this federal law suit in an attempt assert the use of a "Discovery Clause" that exempts disclosure of insurance policy limit information.   Acting in "bad faith", the city forced the use of and "abuse" of the litigation process to exploit the procedural safeguards that would exempt policy disclosure under the litigation process. Legitimate attempts were made to settle within policy limits. In attempts to thwart settlement, the defendants rejected pre-litigation FOIA/PIA requests for consent to review 2014, 2015, and 2016 insurance policy usage.   The cities reaction to reject the FOIA/PIA request is an attempt to avoid requested liability limits and terms presented in the "Stowers" Demand letter.   The defendants endeavor to assert the exemption clause [552.021] "pre-litigation" is a deceitful attempt to justify to the court the rejection of pre-litigation offers to settle within policy limits. Additionally, there is clear intent to use this clause to help the city rationalize **refusing to give an explanation for rejection** of several pre-litigation settlement offers' to settle **within policy limits**.   Two days before the "Stowers" Demand letter deadline, the city asserted the use of Texas Government Code Section [552.103] clause (a) stating Information is excepted from the requirements of Section [552.021] if it is information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party too.   Repetitively, to avoid encumbering the court

system, several CV-7(h) pre-litigation settlement attempts were made in good faith. Undoubtedly, the signed and notarized "Stowers" Demand letters, delivered via certified mail, requested settlement **within** Selma policy limits.   The signed and notarized "Stowers" Demand letters plainly released the city of complete liability.   The 'Stowers' Demand timeline was also extremely longsuffering. The city was given over 45 days to respond.   Any reasonable insurer would recognize this claim was brought due to policy errors and omissions, bid procedure irregularities, lack of FHA training and spoliation. All attempts to settle were unequivocally rejected by the City Attorney Charles Frigerio who was present during the HUD-FHEO, TWCCRD investigation interview.

16.   The City of Selma and the current city Administration have a tradition of unethical policy practices and transparency issues.   The City of Selma will not honor Freedom of Information Act (FOIA)/Publication Information Act (PIA) requests. Surprisingly, Selma City Administrator Kenneth Roberts would rather submit his retirement papers instead of honoring a resident taxpayer FOIA/PIA requests.   The City Administrator abruptly submitted his retirement immediately after a FOIA /PIA request was made for phone records paid for by taxpayers during the "Open to the Pubic" bid process.   Ex-Mayor James Parma and a majority of the current council members are at fault for over ten years of negligent policy practices under City Administrator Kenneth Roberts and defrauding City of Selma taxpayers by overlooking false resume credentials.   James Parma and other council members had knowledge of fraudulent education credentials presented by City Administrator Kenneth Roberts as early as 2003.   Furthermore, the council was reminded of Mr. Roberts' fraudulent credentials in 2007, yet, the council

neglected to act on Personnel Policy which states **"Any misrepresentation, falsification, or material omissions in any of this information may result in the exclusion of the individual from further consideration or if the person has been hired, "immediate termination of employment."**    Up to the present time, lack of transparency and deceptive practices persist.   The City of Selma on the 22nd day of September 2014 was served a "FOIA/PIA or Subpoena" for cell phone records by "We Deliver" legal services.   To date, the City of Selma refuses to surrender phone records and insurance policy information (paid for by taxpayers) in pursuant to the FOIA/PIA requests.

17.   One staff benefitted from lack of transparency, collusion, acts of concealing evidence, and altering Selma City Hall Lobby surveillance video.   City Administrator Johnny Casias was promoted for actively altering a bid process, and willfully concealing the act of bid tampering, and refusing to honor FOIA/PIA requests.   When Mr. Roberts offered his retirement in the mist of impending government investigations, the job description and requirements for the fleeing or retiring City Administrator Kenneth Roberts were tailored for Johnny Casias. Very few employment applicants were considered by the Selma City Council involved in the bid tampering investigation by HUD and TWCCRD.   Weeks before the city reviewed the applicants and voted in Executive Session to promote Mr. Johnny Casias, advertising had been made for the vacating Assistant City Administrator position that Johnny Casias held during the HUD investigation.   Despite EEO laws and procedure, promotion of Johnny Casias to the

City Administrator position had been decided weeks prior to considering all applicants in the December 2015 Executive Session.

18.   Unfortunately, the current Selma Administration continues to propagate intentional discriminatory barriers and unethical practices derailing African American custom home business opportunities and dreams.   The city's history of withholding and destroying evidence, along with the absence of administrative oversight, have led to thirteen years of legal misrepresentations, fraud, spoliation, obstruction of two investigations, walking quorums, and numerous EEOC claims involving the Department of Justice.   The lack of transparency among Selma Administration and City Council only perpetuate future deception.   Spoliation of evidence indicates strong intent to preserve, deceive, and continue to conceal historically biased practices. In common terms, the FHA and FHEO policies state: "What you do for one, you must do for all."   This means people must be treated equally. Seeking to improve their quality of life, African Americans exercising civil liberties protected under the U.S. Constitution sadly experienced unjustifiable bias in bid submissions, and were discriminatorily deprived of bid conformation and correction. The City Administrators' unfairly yet willfully offered, confirmed, and corrected Mr. Richard Owen's and Mr. Jose Bustos' bids. Sadly, the City Administrators did not do this for all bidders.   Under the Fair Housing Act and Fair Housing Equal Opportunity policies, African Americans seeking to improve their quality of life were deprived of the simple concept, "What you do for one, you must do for all."

**19**.   Scienter and collusion benefited aspiring City Administrator Johnny Casias.   Being compensated for spoliation, Johnny Casias was promoted for concealing and actively altering evidence relied on in HUD and TWCCRD investigations. Coincidently, the same City Council with knowledge that Johnny Casias altered Selma City Hall lobby surveillance video (December 19, 2014 at 4:34 pm) collaborated the intentional neglect to investigate and correct the notice of bid tampering. Ultimately, premature employment advertising approved by the City Council indicates potential applicants for the City Administrator position were deprived of Equal Employment Opportunities through the application process.   Promotion of Johnny Casias magnifies Selma's systematic history of administrative corruption, which ensures future conciliatory practices and reassures that the unpardonable bias experienced by African Americans will be alive and well amongst future Selma Administration.

**20.**   Discriminatory preservation is obvious since the City Council deliberately disregarded the Selma employees Nepotism policy 3.10 NEPOTISM: "…promotion resulting in an employee supervising another employee who is related."   Forewarned by taxpayers that promotion of Johnny Casias would result in a violation of employment nepotism policy, the Council preserved historically unethical practices, ignored taxpayers, and moved forward.   The 2016 Selma City Administrator Johnny Casias is now the boss of his mother -in -law, wife, cousin, and continues the unethical practice of withholding FOIA or PIA request from the citizens of City of Selma, Texas.   Selma employees Policy 3.10 NEPOTISM clearly states "**In addition, no personnel action (e.g. hiring, demotion, **promotion**, transfer) will be taken that would result in any employee's

supervising another employee who is related within the second degree of affinity or the second degree consanguinity to the supervisory employee. (Mother-in law and spouse) are also included in the prohibition".   The act of promotion by the Selma City Council unequivocally indicates reckless disregard to taxpayer concerns, also confirms current Administration is preserving the history of unethical practices that have deprived African Americans of due process, equal opportunity, the right to improve their quality of life, and the enjoyment of civil liberties protected by the Fair Housing Act (amended in 1988) and the U. S. Constitution.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that the court grants the following relief:

Enter a "Death Penalty Sanction" declaratory judgment, Monetary Penalties, Exclusion of Evidence or Testimony, Limitation of Claims, Summary, Default Judgement finding that the defendants have abused the discovery process by spoliation of evidence foregoing action, violating State and Federal law through intentional Spoliation with "malice" or "reckless indifference" a violation of Texas Penal Code 37.09, extreme prejudice to the innocent for willful surveillance spoliation with intent to conceal discriminatory acts under the Fair Housing Act (amended in 1988), 18 U.S.C § 1505 Obstruction of Proceeding before department ,agencies and committee (HUD &TWCCRD), 18 U.S.C. § 1506 Intentional Alteration of record and violation of, 18 U.S.C §§ 1512(b) (1) (2)(A) withholding records from official proceedings, Texas Penal Code

Section 37.10 (1) (3) (5) falsification of Government Records and Tort Liability of Governmental Units Sec. 101.021. , 42 U.S.C. §§ [3604] Section 804(a)(b)(c)(e)(f), Section 811 (c) (1) (b) (c (1) Section 818, 18 U.S.C § 371, Selma City Administration attempted to thwart civil litigation, corruptly altered, concealed records with intent to impair surveillance video integrity and obstructed two official proceedings, depriving civil liberties to African Americans under the Fair Housing Act of 1968 (amended in 1988) and Texas Fair Housing Act failing to provide a fair bid process. Extraterritorial Federal jurisdiction exists over offenses under this section.

Spoliation "Death Penalty" Sanction or Default Judgement, due to the fact that all three elements of evidence spoliation have occurred and exist:

   (1)   The City of **Selma was given notice to preserve all relevant evidence** and had a duty to preserve the requested minute (16:34:25 and 16:35:24 hours on December 19, 2014) of video from the Selma City Hall Lobby. The City of Selma was aware of possible legal action 48 hours after witnessing bid tampering December 22nd 2014.

   (2)   The City of Selma and Defendants assisted **intentional spoliation** of one minute (16:34:25 and 16:35:24 hours on December 19, 2014) of video preservation was requested via FOIA or Public Information Act; and

   (3)   The City of Selma and Defendants act of spoliation **extremely prejudiced the plaintiffs' ability to present this case** constituting "flagrant abuse of discovery".

Evidence that all three spoliation elements occurred and exist:

(1) The City of Selma or the accused party **had a duty to preserve the evidence**. The City of Selma was aware of possible legal action 48 hours after witnessing bid tampering December 22, 2014. The City of Selma had a duty to preserve the requested minute of (16:34:25 and 16:35:24 hours on December 19, 2014) Selma City Hall Lobby video surveillance December 19, 2014 and the witnessed bid exchange between Johnny Casias and the winning bidder Jose A. Bustos.

(2) The accused party **intentionally deleted** one minute (16:34:25 and 16:35:24 hours on December 19, 2014) of Selma City Hall Lobby surveillance video evidence.   January 22, 2015, the City Attorney and City Administrator request written clarification "for what specific time period and angle" before deleting the evidence of bid tampering.   Two time stamps on one piece of video footage "February 3, 2015, at the top & December 19, 2014, on the bottom" is clear evidence of video alteration.

(3) The act of **spoliation created extreme prejudiced** the innocent plaintiff.   City of Selma was grossly negligent, knowingly altered and destroyed critical evidence, and the spoliation extremely prejudiced the ability to present to HUD-FHEO and TWCCRD. City of Selma intentionally obstructed two investigations.

Enter a declaratory judgment in the amount of the "Stowers" Demand because the defendant rejected several attempts to settle within policy limits pre- litigation, finding foregoing action violates local Court Rule CV-7(h) opposing a motion yet refusing to state grounds for opposing counsel's "Stowers" Demand" objection and refusal which willfully forced suit filing.   The City of Selma purposely refused to negotiate prior to filing suit in

an attempt to suppress knowledge of policy limits and to assert insurance policy non-disclosure exemptions under 552.103, 552.136, and 552.301 of the Texas Government Code.   The City of Selma's refusal to negotiate pre-litigation within policy limits was intentional. The "Stowers" Demand letter was sent February 19, 2016, over 45 days prior to filing suit in an attempt to avoid use of court time and resources.

Enter a permanent injunction under Texas Penal Code §§ 32.52 (a) (b) (1)(2)(3)(5) Defrauding taxpayers Fraudulent Fictitious Degree, for collusion and scienter amongst agents and City Council for over ten years of gross negligence and knowingly defrauding Selma taxpayers. City Council knowingly permitted fictitious educational and other misrepresentations leading to numerous discriminatory acts and involvement with the DOJ.   Over ten years under 18 U.S.C § 1001 (a) 3 Fictitious Education, Selma taxpayers have been defrauded of approximately one million dollars by the current City Council and City Administrator Kenneth Roberts due to fraudulent misrepresentations willfully overlooked by Selma City Council.

Enter a permanent injunction to take all affirmative steps necessary to remedy the effects of the illegal, intolerable conduct described herein and prevent similar occurrences in the future.

Enter Compensatory damages to the plaintiff in the amount the determined by a jury that would fully compensate the plaintiff for its diversion of resources, frustration, of mission,

out of pocket cost that have been caused by the conduct of defendants alleged herein in the jury trial in the event the "Stowers" Demand settlement offer is not honored.

Award punitive damages for spoliation to the plaintiff in the amount determined by the jury that would punish defendants for willful, wanton, scienter, collusion, obstruction, fraud, spoliation, and reckless conduct that would effectively deter similar future conduct in the event the "Stowers" Demand settlement offer is not honored.

Award plaintiff its reasonable attorney fees and cost and Order such other relief as this court deems just and equitable.

Signature line: _____

Pursuant to Fed. R. Civ. P 38(b), Plaintiff demands a trial by jury of all issues so triable as of right.

Dated: ___5-3 16_____

Respectfully submitted,

8528 Alton Blvd

Selma, Texas 78154

210 667 8239