UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTON CRAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-16-CA-408-XR (HJB) |
| | § | |
| CITY OF SELMA, THOMAS DALY, | § | |
| JAMES PARMA, KENNETH ROBERTS, | § | |
| JOHNNY CASIAS, KEVIN HADAS, | § | |
| PHILLIP SWINNEY, HARRY GREENE, | § | |
| KENNETH HARRIS, LARRY VERNER, | § | |
| ROBERT KLAENER, MARC SCHNALL, | § | |
| and CHARLES FRIGERIO, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable U.S. District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Defendant Charles S. Frigerio's Motion to Dismiss (Docket Entry 6). Dispositive motions in this case have been referred to the undersigned for recommendation. (*See* Docket Entry 5.) For the reasons set out below, I recommend that Attorney Charles S. Frigerio's Motion to Dismiss (Docket Entry 6) be **GRANTED** and that Plaintiff's claims against Defendant Charles Frigerio be **DISMISSED**.

**I.      Jurisdiction.**

Plaintiff's suit alleges violations of the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601, *et seq.* and related state law claims. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and over the state claims pursuant to 28 U.S.C. § 1367. I have authority to issue this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## II.   Background.

Plaintiff Alton Crain brings this *pro se* suit against Defendants City of Selma, various City of Selma employees, and two lawyers who represent the City of Selma. (Docket Entry 1.) Plaintiff's suit arises out of an excess property auction that the City held. (*Id.*) The auction was open to the general public and Plaintiff was one of six people that submitted bids. (*Id.*) Plaintiff's suit alleges that "bidders were not treated equally according [to] the Fair Housing Act policy and procedures." (*Id.*) Plaintiff alleges that African-American bidders were treated unfavorably, compared to Caucasian and Hispanic bidders. (*Id.*)

Plaintiff claims that on December 19, 2014, at 4:35 p.m., he witnessed bid tampering occur at Selma City Hall. (Docket Entry 1, at 6.) On December 22, 2014, Plaintiff sent City officials "a notice to preserve all related evidence to litigation," explaining that he believed bid tampering occurred during the property auction. (*Id.*) Plaintiff requested video evidence from cameras located at City Hall for the date and time in question; however, he claims that the city neglected to preserve the requested video evidence. According to Plaintiff, city officials "intentionally concealed and conspired to alter evidence prior to surrendering the video of the Selma City Hall Lobby bid tampering incident." (*Id.* at 12.) Plaintiff claims that, had the video been preserved, it would show city officials encouraging Caucasian and Hispanic bidders to resubmit invalid bids, while neglecting to offer the same encouragement to African-American bidders. (*Id.* at 8.)

Prior to filing this suit, Plaintiff filed a charge of discrimination with the Department of Housing and Urban Development ("HUD"). (Docket Entry 1, at 7.) HUD forwarded Plaintiff's complaint to the Texas Workforce Commission Civil Rights Division ("TWC"). (*Id.*) The TWC determined "that there is no reasonable cause to believe that [the City] discriminated against

[Plaintiff] on the basis of race." (Docket Entry 6-1, at 8.) Defendant Frigerio represented the City of Selma before the TWC. (Docket Entry 6, at 1.)

On May 3, 2016, Plaintiff filed the instant suit. (Docket Entry 1.) Plaintiff asserts numerous claims, including: FHA violations under federal and state law; Texas Penal Code violations; and violations of federal criminal statutes. (*Id.* at 3.) Plaintiff is seeking a declaratory judgment, permanent injunctive relief, compensatory damages, punitive damages, criminal charges, and spoliation sanctions. (*Id.*)

Frigerio claims that his "only involvement in this case was the representation of his client" before the TWC. (Docket Entry 6, at 2.) Frigerio seeks to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*)

### III. Legal Standards.

Rule 12(b)(6) authorizes the dismissal of a cause of action in a complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). For a claim to survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

## IV. Motion to Dismiss.

Plaintiff asserts claims against Defendants, including Frigerio, for race discrimination in violation of FHA and the Texas Fair Housing Act, violations of Texas Penal Code §§ 37.09 and 37.10, and violations under 18 U.S.C. §§ 1505 and 1506. (Docket Entry 1, at 3.) Plaintiff also alleges that Frigerio is liable for negligent and fraudulent misrepresentation. (*Id*. at 8.) Frigerio contends that "Plaintiff has failed to state a cause of action against him and he is entitled to attorney qualified immunity, as a matter of law." (Docket Entry 6, at 3.)

Plaintiff's complaint fails to state a valid cause of action against Frigerio. Plaintiff's FHA and Texas FHA claims are based on allegations that the City of Selma gave preferential treatment to Caucasian and Hispanic bidders, while discriminating against African-American bidders. (Docket Entry 1, at 3–4.) Plaintiff claims that "African Americans were subjected to deceptive bid instructions, unethical bias in submission practices, and unjust rejection." (*Id*. at 7.) Plaintiff does not allege, however, that Frigerio had any role in the public auction process. Rather, Frigerio was hired to represent the City of Selma in litigation after the auction, involving Plaintiff's HUD and TWC claim. (Docket Entry 6, at 2.) Plaintiff's complaint accordingly fails to state an FHA and Texas FHA discrimination claim against Frigerio.

With regard to the claims brought under the Texas Penal Code and criminal provisions of the United States Code, Plaintiff lacks standing to bring these claims. The Texas Penal Code is a criminal statute and it does not create a private cause of action. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied) ("[T]he Texas Penal Code does not create private causes of action . . . ."). Likewise, 18 U.S.C. §§ 1505 and 1506 are federal

criminal statutes and they do not create a private cause of action. *See Watson v. United States*, Civ. No. C-07-326, 2009 WL 2601254, at *3 (S.D. Tex. Aug. 24, 2009) (dismissing a civil claim brought under a related criminal statute). These claims should accordingly be dismissed.

Plaintiff's allegations regarding fraudulent and negligent misrepresentation are also insufficient to state a claim against Frigerio. A claim for fraud under Texas law requires a plaintiff to establish: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party rely upon it; (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury. *Turner v. Pavilicek*, Civ. No. H-10-749, 2011 WL 4458757, at *11 (S.D. Tex. Sept. 22, 2011) (quoting *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009)). In addition, allegations of fraud "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

Plaintiff alleges that Frigerio "made false statements knowingly assisting in concealing video evidence that . . . would be relied upon by [TWC]." (Docket Entry 1, at 8.) He also claims that Frigerio's "acts induce[d] the other party to reframe from issuing a determination of cause during the [TWC] investigation." (Docket Entry 15, at 4.) These allegations, however, fail to satisfy the fourth, fifth, and sixth elements of a fraud claim. With regard to the fourth element, Plaintiff does not indicate that any representations were made by Frigerio to Plaintiff; rather, he indicates that the alleged false statements were made to the TWC. (Docket Entry 1, at 8.)

5

Plaintiff also does not indicate that he relied on any statements from Frigerio to satisfy the fifth element. Rather, Plaintiff claims that it was TWC that relied on Frigerio's alleged false statements in rendering its unfavorable determination regarding Plaintiff's discrimination claim. (Docket Entry 15, at 3–4.) These allegations fail to satisfy the elements of a fraud claim as Plaintiff "must provide evidence that he suffered injury as the result of *his* reliance upon a promise or representation in order to support his fraud or misrepresentation claim." *Camp v. Ruffin*, 30 F.3d 37, 38 (5th Cir. 1994) (emphasis added). Plaintiff has not met this requirement.

Based on all the foregoing, Plaintiff's claims against Defendant Frigerio should be dismissed.

## V.     Conclusion.

Based on the foregoing, I recommend that Defendant Charles S. Frigerio's Motion to Dismiss (Docket Entry 6) be **GRANTED** and that Plaintiff's claims against Defendant Frigerio be **DISMISSED**.

## VI.    Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not

consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on June 20, 2016.

_____
Henry J. Bemporad
United States Magistrate Judge