**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALTON CRAIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-16-CA-408-XR |
| | § | |
| CITY OF SELMA, THOMAS DALY, | § | |
| JAMES PARMA, KENNETH ROBERTS, | § | |
| JOHNNY CASIAS, KEVIN HADAS, | § | |
| PHILLIP SWINNEY, HARRY GREENE, | § | |
| KENNETH HARRIS, LARRY VERNER, | § | |
| ROBERT KLAENER, MARC SCHNALL, | § | |
| AND CHARLES FRIGERIO, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this date, the Court considered Defendant Charles Frigerio's Motion to Dismiss and Plaintiff's Response, as well as the Magistrate Judge's recommendation and Plaintiff's objections thereto.

**BACKGROUND**

Plaintiff alleges that, in mid-November 2014, the City of Selma held an excess property auction, open to the public for bids. Docket no. 1 at 7. In his Complaint, Crain states he was subjected to discriminatory treatment in the bidding process in violation of the Fair Housing Act of 1968 due to his race, African American. Docket no. 1 at 3-4. Crain claims that bidding African Americans were not treated equally, members of the Selma City Council participated in bid tampering, and African Americans were the only race excluded from bid revision. *Id.* at 7. Crain alleges that there was bid tampering insofar as Hispanic and White bidders' bids were

1

selectively corrected when their bids were submitted in error, while African American bids were not corrected, and other procedures were not followed.  After Crain notified the City of potential bid tampering, Crain alleges that Selma administrators participated in spoliation of video evidence of the alleged bid tampering.  *Id.* at 10.  Crain alleges that video surveillance of the Selma City Hall Lobby was requested, but upon receipt of the request, the video was intentionally altered.  *Id.*  He alleges that the City and Defendants "assisted intentional spoliation of one minute" of video, and this prejudiced Crain's ability to present his case in the administrative proceedings before HUD and the Texas Workforce Commission Civil Rights Division ("TWC").  The TWC determined that there was no reasonable cause to believe that the City discriminated against Crain.  Defendant Charles Frigerio represented the City before the TWC.

In addition to his claims for discrimination under the Fair Housing Act and spoliation of video surveillance evidence, Crain asserts claims for fraud and negligent misrepresentation.  *Id.* at 16.  Crain alleges that attorney Charles S. Frigerio "made false statements knowingly concealing video evidence that the attorneys knew would be relied upon . . . ."  *Id.* at 8.  Additionally, he claims that Frigerio's "acts induce[d] the other party to reframe [*sic*] from issuing a determination of cause during the HUD investigation."  Docket no. 15 at 4.

Crain's Complaint seeks a "'death penalty sanction' declaratory judgment, monetary penalties, exclusion of evidence or testimony, limitation of claims, summary, default judgement finding that the defendants have abused the discovery process by spoliation of evidence" by intentionally tampering with and altering video surveillance footage that Crain alleges contained evidence of bid tampering.  Complaint at 25.  Crain alleges that "Selma City Administration

2

attempted to thwart civil litigation, corruptly altered, concealed records with intent to impair surveillance video integrity and obstructed two official proceedings, depriving civil liberties to African Americans under the Fair Housing Act" and the Texas Fair Housing Act. *Id.*

Charles S. Frigerio, attorney for the City of Selma, filed a Motion to Dismiss Plaintiff Crain's Complaint (docket no. 6), and Crain filed a Response to the Defendant's Motion to Dismiss (docket no. 15).  In his motion to dismiss, Frigerio asserts that Crain has failed to state a claim on which relief may be granted and that he is entitled to attorney qualified immunity and official immunity.  Docket no. 6 at 2.  He asserts that his only involvement in the case was the representation of his client before the TWC.  Docket no. 6 at 2.

Magistrate Judge Henry J. Bemporad reviewed the Motion to Dismiss and Plaintiff's Response and issued a Report and Recommendation. Docket no. 16.   The Report and Recommendation states that Plaintiff alleges claims against Defendants, including Frigerio, for discrimination in violation of the Federal Fair Housing Act and the Texas Fair Housing Act, violations of the Texas Penal Code and certain criminal provisions of the United States Code, and claims for fraud and negligent misrepresentation.  The Magistrate Judge concludes that Plaintiff's complaint fails to state a valid cause of action against Frigerio because (1) Plaintiff does not allege that Frigerio had any role in the public auction process itself, but rather was hired only to represent the City in litigation after the auction, such that Crain fails to state a claim under the federal or Texas FHA against Frigerio; (2) Plaintiff lacks standing to bring claims under the Texas Penal Code or the criminal provisions of the United States Code; and (3) Plaintiff fails to establish a claim for fraud or negligent misrepresentation because he fails to plead that Frigerio made representations to him intending that Plaintiff rely upon them, that

Plaintiff in fact relied upon them, and that Plaintiff was injured thereby.  As a result, Judge Bemporad recommends that the Court grant Frigerio's Motion to Dismiss.

## DISCUSSION

### I.     Review of a Magistrate Judge's Report and Recommendation

When a party objects to the Magistrate Judge's Report and Recommendation, the Court is required to conduct a *de novo* review.  *See* 28 U.S.C. § 636(b) (1) (2009) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  However, when no objections are filed, the Court reviews the recommendation to determine whether it is clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.1989).

In this case, Crain objected to the Magistrate Judge's recommendation to dismiss his negligent misrepresentation and fraud claims, so the Court will conduct a *de novo* review with regard to those portions of the report.  Docket no. 21.  Crain did not object to the remainder of the Magistrate Judge's recommendation, and thus those portions of the recommendation will be reviewed under the clearly erroneous standard.

### II.     Rule 12(b)(6) Motion to Dismiss Standard

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In considering a motion to dismiss under

Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable."  *Id.* at 556.

## ANALYSIS

**I.      Claims Related to the Fair Housing Act and criminal statutes**

In his Memorandum and Recommendation, Judge Bemporad found that the claims related to the FHA should be dismissed, and Crain did not object.  Crain has not stated any facts that Frigerio had any role in the public auction process, and Crain has not asserted any facts that Frigerio discriminated against African American bidders.  Magistrate Judge Bemporad's conclusion is not clearly erroneous, and this Court accepts the recommendation to dismiss the FHA and related claims for discrimination in the auction with prejudice as to Defendant Frigerio.

Similarly, to the extent Plaintiff is attempting to bring claims for violations of the Texas Penal Code or criminal provisions of the United States Code, the Court agrees with the Magistrate Judge's conclusion that Crain lacks standing to bring such claims because they do not provide a private right of action.  These claims are therefore dismissed without prejudice for lack of standing.

II.    **Fraud and Negligent Misrepresentation Claims**

Crain alleges that Frigerio "made false statements knowingly assisting in concealing video evidence that the attorneys knew would be relied upon by a non-client in HUD and TWCCRD investigations." Docket no. 1 at 7-8. Crain further asserts in his Response that Frigerio presented altered and misrepresented material evidence to HUD with the intent to induce HUD and the TWC investigator to rely upon it and issue a "no cause determination." Docket no. 15 at 3. He further contends that Frigerio's "acts induce[d] the other party (HUD) to [refrain] from issuing a determination of cause during the [TWC] investigation." Docket no. 15 at 4. Crain also claims that the "[he] was forced to accept the attorney misrepresentations' and was deprived of the opportunity to buy [his] home." Docket no. 15 at 4.

The Magistrate Judge concluded that Crain failed to establish all elements of a fraud claim, namely that the defendant made a false representation with the intent the plaintiff act on it, that the plaintiff in fact relied on the representation, and that such reliance caused the plaintiff injury. *E.g., Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011). The Magistrate Judge found that this failure similarly precluded Crain's negligent misrepresentation claim. Specifically, Magistrate Judge Bemporad found that Crain did not indicate Frigerio made any representations to Crain, but alleges that false statements were made to the TWC, and that Crain did not plead that he relied on Frigerio's statements and that such reliance caused injury.

The Court agrees with the Magistrate Judge's conclusions that Crain's Complaint fails to plead sufficient facts to plausibly establish a claim for fraud or negligent misrepresentation against Frigerio. Plaintiff alleges that Frigerio made certain misrepresentations (proffered altered evidence) intending that the TWC rely upon it to issue a no cause determination. He does not

6

allege that Frigerio made any misrepresentations to Crain intending that Crain rely upon them. To the extent he alleges that he was "forced to accept the attorney misrepresentations," this is not an allegation that Crain reasonably believed and relied upon any misrepresentation by Frigerio; it is only an allegation that he was "forced to accept" the misrepresentation.  Crain does not assert with particularity any action he took based on Frigerio's false statements, as is required under Fed. R. Civ. P 9(b).

The plaintiff is required to prove both actual reliance and justifiable reliance.  *Grant Thornton L.L.P. v. Prospect High Income Fund*, 314 S.W.3d 913, 922 (Tex. 2010).  To prove actual reliance, the plaintiff must establish it knew of the representation and acted on it.  *See* Restatement (Second) of Torts § 537 cmt. a (1977).  Crain must also prove justifiable reliance; reliance is not justified if there are "red flags indicating such reliance is unwarranted." *Virginia Oak Venture L.L.C. v. Fought*, 448 S.W.3d 179, 194 n. 6 (Tex. App.—Texarkana 2014, no pet.). Crain does not allege that he justifiably believed and relied upon any alleged misrepresentations by Frigerio.

In his objections to the Magistrate Judge's Report, Crain points to a letter sent by Frigerio to Crain on February 2, 2016, in which Frigerio writes that "[t]he City of Selma has responded to your Public Information Requests in good faith" and "has attempted to provide you with all the information it has in existence concerning your requests."  Crain also includes a letter from the TWC dated February 5, 2016, stating that his request for a determination reconsideration was accepted in December, and that based on a review of the file and the additional information provided, it was determined that he did not have sufficient evidence of discrimination.  The letter states, "If you are able to secure the telephone logs, text messages, and bid video of the entire bid

7

process, CRD will consider revisiting your review request at that time." Crain has written a notation on that letter stating, "Withholding requested information is not acting in 'good faith.'" Although Crain is asserting that Frigerio has thus misrepresented that the City has provided information in good faith, Crain fails to establish that he has relied on these representations to his detriment. Rather, it seems clear that Crain does not believe Frigerio's statement, and thus is not relying upon it, as would be required to establish a fraud or negligent misrepresentation claim.

The Court agrees with Judge Bemporad's Recommendation and dismisses Crain's claims against Defendant Frigerio for fraud and negligent misrepresentation with prejudice.

## III.   Additional Claims

Based on Crain's pleadings, clarified by his objections, it appears that Crain is not so much asserting claims for fraud and negligent misrepresentation as he is seeking sanctions for spoliation of evidence related to the alleged "intentional alteration of requested minute of Selma City Hall lobby video December 19th 2014." However, he does not allege that Frigerio altered the video evidence. Rather, his Complaint alleges that "Mr. Roberts and Mr. Casias altered the video evidence" and that "City Administrator Kenneth Roberts, Johnny Casias, and Mayor Thomas Daly intentionally concealed and conspired to alter evidence prior to surrendering the video of the Selma City Hall Lobby bid tampering incident." Complaint at 12. Thus, to the extent Crain is attempting to assert an independent claim for spoliation, the Complaint fails to state a claim that Frigerio engaged in spoliation relevant to the video. Moreover, Texas does not recognize an independent cause of action for spoliation of evidence; instead, courts rely upon adverse inference jury instructions. *See Guzman v. Jones*, 804 F.3d 707 (5th Cir. 2015); *Trevino v. Ortega*, 969 S.W.2d 950, 952-53 (Tex.1998).

Plaintiff does allege that Frigerio proffered the altered evidence during the TWC proceedings, which affected Crain's ability to present his case before the TWC.  However, these activities would be subject to attorney qualified immunity, and Frigerio's motion to dismiss based on attorney qualified immunity is granted as to this claim.  *See FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 671 (S.D. Tex. 2010) ("So long as the attorney is engaged in the conduct at issue as part of the discharge of his duties in representing his client, that conduct is not independently actionable, even if frivolous or without merit. In other words, "[u]nder Texas law, attorneys cannot be held liable [to a non-client] for wrongful litigation conduct." (citations omitted)).

Crain also complains that Frigerio withheld relevant phone and text records requested months before the TWC investigation.  Again, this conduct would be entitled to attorney qualified immunity with regard to Frigerio's representation of Defendants in the TWC proceedings, and this is not an actionable claim here.  However, insofar as Plaintiff has now asserted FHA claims in this litigation, Plaintiff may obtain discovery of relevant records through the discovery process in this case, and any failures to respond to discovery may be dealt with according to the Federal Rules of Civil Procedure.

Last, Crain asserts a purported "Stowers" claim against Frigerio for refusing to settle this case within insurance policy limits.  Complaint at 19-20.  However, Crain misunderstands the nature of a *Stowers* claim.  Such a claim is brought by an insured against his insurer when the insurer negligently or in bad faith refuses to settle a claim, and the insured suffers harm as a result.  A plaintiff engaged in litigation against a municipality may not bring a *Stowers* claim

against the municipality or its attorney for refusing to settle a case.  This claim is dismissed for failure to state a claim.

The Court therefore accepts the Report and Recommendation, and dismisses Plaintiff's additional claims as stated herein.

## CONCLUSION

The Court ACCEPTS the Magistrate Judge's recommendation (docket no. 16). Defendant Charles S. Frigerio's Motion to Dismiss (docket no. 6) is GRANTED.  All claims against Defendant Frigerio are DISMISSED as stated herein.

It is so ORDERED.

SIGNED this 9th day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE