**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
San Antonio  **DIVISION**

**FILED**

MAR 2 0 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

Alton Crain
**PLAINTIFF**

**v.**

City of Selma et-al.
**DEFENDANT(S)**

**CASE NUMBER** SA 16 CA 0408 XR

Amended Complaint

Now comes     Alton Crain     , Plaintiff *pro se*, and

requests the Court to:

Date: 3-20-17 _____

Signature     A C _____

Address:     8528 Alton Blvd
     Selma Texas 78154

Phone:     210 667 8239

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALTON CRAIN,** | § | |
| **PLAINTIFF** | § | |
| | § | *408* |
| **VS.** | § | 5:16-CV-00450-XR |
| **City of Selma** | § | |
| **DEFENDANT** | § | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Pro Se Alton Crain, pursuant to FRCP 15(a)(1)

and files its Amended Complaint under the Fair Housing Act against the City of Selma, Texas,

presenting facts clearly establishing municipal liability for deprivation of rights protected under

42 US Section 1983 Fair Housing Act.

### Statement of Case

1)   **In the City of Selma, Texas,** there is a well-documented pattern and practice of

deprivation of rights under 42 U.S.C. 1983.  Plaintiff will clearly outline that governing

body liability. Plaintiff will provide cases and two or more incidents and supporting

evidence from 2003 to 2017 outlining pattern of reckless decisions officially adopted and

promulgated by that body's officers with indifference to Federal, State, and Type A Local

Government Policy and procedure, and the City Selma Personnel Policy. All the following

incidents will illustrate a "common" practice of deprivation of constitutional rights in the City of Selma, Texas.

## **Argument and Authorities**

**Monell v. Department of Social Services, 436 U.S. 658** "We conclude, therefore, that a local government may not be sued under 1983 for an injury inflicted **solely** by its employees or agents.

1) The City of Selma Governing Body (Mayor Thomas Daly, Former Mayor and Current Councilman James Parma, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman Phillip Swinney)  ignored duties of the under TLGC 22.042, TGLC 22.043, TGLC 252.049, TGLC 263,007 c (1) (2), TGLC 271.026; Texas Election Code Title 9 Chapter 146.054, TPIA 552.221, and City of Selma Personnel Policy Section 1.01, 1.09, 2.13,  2.16, 3.07, 3.09, 3.13, 3.17 15.01.02, 15.03 (b), 17.01.  The Governing Body violated the following laws **not** employees or agents resulting in depriving the Plaintiff right protected of 42 US 1983.

The City of Selma Governing Body (Mayor Thomas Daly, Former Mayor and Current Councilman James Parma, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman Phillip Swinney, City Attorney Marc Schnall, Current City Administrator Johnny Casias, Technologist Robert Klaener, City Engineer Larry Verner and its employees Former City Administrator Kenneth Roberts), acted in reckless disregard

to rights protected under 42 U. S. Section 1983 as the "whole" governing body, staff, and agents intentionally violated TLGC 271.06 (a) **(Exhibit H** notification of bid tampering was given to the entire governing body**)** (See **Exhibit** I- bids were opened without the city council approval January 8, 2015) **(Exhibit N** December 22, 2014, the governing body deliberately overlooks the fact that Jose Bustos bid was received 3 days after the deadline,**)** **(Exhibit P** December 19, 2014, 4:34:25 to 4:35:25 the City of Selma deliberately excludes video exchange between City Administrator Johnny Casias and winning bidder Jose Bustos is deliberately evidence of bid tampering.**)** **(See Affidavit Former Council Jose Silva Exhibit F2#12, F2#14 missing minute of video, F1#6, F3#19.)**

1) February 21, 2017, the City of Selma governing body and administration purposely neglects the Plaintiff's complaint of City Administrator/Election Official Johnny Casias' violation of the Plaintiff's right to run for elected office as a write-in candidate per Texas Secretary of State law for Write-in Ballots, Chapter 146, Section 146.054. **(See Exhibit A 1,2, B1, A3, A4 in that order)**

Because the City of Selma governing body colluded with the City of Selma employees and the City of Selma agents mentioned above it is safe to conclude that a local government "**may**" be sued under 1983 for an injury inflicted "**wholly**" involving the City of Selma Texas **employees, agents and its governing body.**

http://www.statutes.legis.state.tx.us/?link=LG

**Logan v. City of Pullman**, No. CV-04-214-FVS, 2006 WL 120031, at **2-4 (E.D. Wash.-218 January 13, 2006) ("To impose liability against the City by liability through omission, Plaintiffs must demonstrate the following:

### A. City employee violated Plaintiffs' constitutional rights;

**1)**   The City of Selma violated the Plaintiff right to a fair bid process when illegally opened prior to the January 8, 2015, council meeting as **(Exhibit I)** indicates the bids were received **"opened bid envelopes and bids".** Former Selma City Councilman Jose Silva did not authorize bids to be moved from Selma or opened prior to the January 8th 2015 regular city council meeting. **(See Former Selma City Councilman Jose Silva Affidavit F3 #19 #6)**

### B. the City has customs or policies that amount to deliberate indifference;

1) The City of Selma **Type A** governing body has a custom of deliberate indifference as follows:

2) The Selma Governing body was aware Ken Roberts had violated state law Sec.32.52. FRAUDULENT, SUBSTANDARD, OR FICTITIOUS DEGREE. (a)(b)1) (2). **(Exhibit K-**Roberts admits fraud to the Governing Body Former Mayor and Current Councilman James Parma)

3) The City of Selma governing body was given complaints or remonstrance from residents and taxpayers in 2003 and 2007, 2013, 2014 (see **Exhibit** K) **(Exhibit** L1-L2 highlighted portions) (See Former council Jose Silva Affidavit **Exhibit** F1#1#3,) per Texas Local Government code 22.043 and TLGC 22.042 Selma Employee Manual 3.17 states a "the applicant is disqualified from employment "**Exhibit** L1).

4) Taxpayer and Selma Texas resident concerns where met with indifference 2003-2015.

Ken Roberts remained employed even thought he had violated clearly established PENAL

CODE TITLE 7. OFFENSES AGAINST PROPERTY CHAPTER 32. FRAUD

SUBCHAPTER A. GENERAL PROVISIONS

5)  Sec.32.52. FRAUDULENT, SUBSTANDARD, OR FICTITIOUS DEGREE. education to

gain employment amounting to a custom of deliberate indifference 2003 to 2015.

http://www.statutes.legis.state.tx.us/Docs/PE/htm/PE.32.htm

**C. and these policies were the moving force behind the employee's violation of Plaintiffs'**

**constitutional rights.**

1)  Deliberate indifference to Ken Roberts' Resume fraud policy led to Ken Roberts being the

Chief Administrator for over 10 years. Ken Roberts was in control of receiving and processing

bids December 19, 2014.  The bids were to be opened only by the governing body at the City of

Selma, with the Selma city council present. The bids were illegally opened without the council's

approval, violating TLGC 271.026. OPENING OF BIDS (see Exhibit I) **(see Former**

**Councilman Jose Silva's Affidavit Exhibit 5# #6, #19).** There was a breach of confidentiality

violating Sec. 252.049 (a) (b) CONFIDENTIALITY OF INFORMATION IN BIDS OR

PROPOSALS (Exhibit I), City of Selma Personnel Policy - Authority 1.01, Chain of Command

2.13, and 2.16 (Exhibit L3), were violated. The Plaintiff was deprived of the right to a fair bid

process. **(Former Councilman Jose Silva Affidavit F1#5, #6, F2#19).**

**City of Canton. First,** where there is "a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face, .... **failure to inform city personnel of that duty will create an extremely high risk that constitutional violations will ensue**."

6) **Incident #1.** Ken Roberts' Resume fraud and misrepresentations were presented to Mayor Parma as early as 2003 **(Exhibit K1)**. Yet the chief of the governing body (Mayor Parma) allowed Ken Roberts to continue fraudulent misrepresentation to the public for four (4) more years as indicated by the Texas Municipal League online directory **(Exhibit K2)**, dated December 2007. Ken Roberts retired in 2015 with full benefits. In 2003 Mayor James Parma who is a current City of Selma Councilman exhibited deviations from policy or **"Conduct condoned by government policymakers" (Exhibit L1, 3.17 Employment Disqualifications).**

7) **Incident #2.** For over 10 years, former Mayor Jim Parma and present Mayor Tom Daly, along with present and past Council members, condoned Ken Roberts Educational Misrepresentation (Exhibit K) leading to deprivation of rights protected under 42 U.S. C. 1983 and numerous violations of Texas Local Government Code 271.026, City of Selma Personnel Policy- Authority 1.01, Chain of Command 2.13, and 2.16, 3.07, 3.09, 3.13, 3.17 (Exhibits I – illegal opening and passing bids & L1).

8) **Incident #3.** Former Mayor Jim Parma and present Mayor Tom Daly, along with present and past Council members, condoned Ken Roberts Educational Misrepresentation for over 10 years, deliberately disregarding the City of Selma Personnel Policy regarding Ken Roberts' resume fraud. (See City of Selma Personnel Policy 15.01.02, and 15.03 (b) Grounds for

Immediate Termination after years of taxpayer remonstrances (Exhibit L1) and TLGC 22.043 regarding Ken Roberts Resume Fraud leading to deprivation of rights protected under 42 U.S. 1983).

9) **Incident #4.**  It can be shown that the policymakers-the Governing Body (former Mayor James Parma (2003), current Mayor Thomas Daly (2017), and the present and past Council members) were aware of Ken Roberts fraudulent resume, and acquiesced in a pattern of constitutional violations starting with TLGC 22.042 and 22.043.  (**Former Councilman Jose Silva's Affidavit F1 #1 & #3, F2 #16).**

10) **Incident #5.**  The City of Selma Governing Body (Mayor Thomas Daly, former Mayor and Current Councilman James Parma, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman Phillip Swinney, exhibited a pattern and practice of neglecting the duty to investigate written complaints or remonstrance **(Exhibit H)** per Texas Local Government Code (TLGC) 22.043 and TLGC 22.042  as the Governing body was made aware of Selma City Administrator Ken Roberts' Resume Fraud in 2003, 2007, 2013 and 2014 (**Former Councilman Jose Silva's Affidavit F1 #3 & #15).**

Incident #1-#5 illustrate a pattern of recurring neglect of duty.  On December 23, 2014, the Governing body was given 18 days' notice of bid tampering. On February 22, 2017, the Governing body was given 16 days advance notice for deprivation of rights under the 1965 Voting Rights Act. Ironically, March 9, 2017, 6 days after a Texas Western District Judge denied immunity to individuals named in the Pro Se Plaintiff's suit, the Pro Se Plaintiff Alton Crain was illegally denied the right to run for elected office as a valid write-in candidate according Texas Secretary of State Election Code 146.054. December 23, 2014 to March 9, 2017, the City of Selma established a pattern and practice of neglecting duties outlined in the

TLGC Aec 22.043 and 22.042. **(See Former Councilman Jose Silva Affidavit**

**acknowledges and cites Section 1983 FHA Deprivation Exhibit F1 #1-3, #6, F2 #9)**

http://www.statutes.legis.state.tx.us/Docs/LG/htm/LG.22.htm

http://www.statutes.legis.state.tx.us/Docs/EL/htm/EL.146.htm

Plaintiff cites *City of Canton v. Harris*, the Supreme Court explained that inadequate training could give rise to liability if "in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious and the inadequacy so likely to result in the violation of constitutional rights, that the policy-makers can reasonably be said to have been deliberately indifferent to the need. The Court held that under these circumstances, "the failure to provide proper training may fairly be said to represent a policy for which the city is responsible."

**11)** The Governing Body (Mayor and Council members) neglected the duty to comply with TLGC 22.042 which lead to deprivation of rights under 42 U. S. C. 1983 resulting in the following:

a) Violation of TLGC 271.026- unauthorized Opening of Bids by Larry Verner, Marc Schnall, Ken Roberts **(Exhibit I),**

b) Violation of confidentiality under TLGC 252.049,

c) Violation of City of Selma Personnel Policy, Authority 1.01, 1.09 and Chain of Command 2.13,2.16, Personnel Policies 17.01. in the 2014 notice of bid tampering communicated to the governing body by the Plaintiff.

**(See exhibit F 1-3 Former Councilman Jose Silva acknowledges and cites Sec 1983 FHA Deprivation item # 4, 5, 9,11,19 Exhibit J1-2 #4,5,6,8) (See exhibit J2 6,7,- establishing**

the City of Selma Personnel Policy as the City of Selma governing authority or "constitution" yet neglected following City of Selma Personnel Policy items Exhibit L1-2, 3.07,3.13, 3,09, 3.17, -L2- 12,06.11, 15.02, 15.03, 17.01- the city of Selma Governing Body was aware yet acted contrary to policy) as law (See Former Selma Councilman Jose Silva Affidavit pt. 1,2,3,5,7,11,14,16,6, 3,19,20,)

http://www.statutes.legis.state.tx.us/?link=LG

### Municipal liability for Inadequate Training Incidents

12) **Incident #1.** Violation of Texas Local Government Code (TLGC) 22.042: The City of Selma Governing Body's (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman Phillip Swinney), pattern and practice of ignoring and neglecting to investigate the "Notice of Bid Tampering" Remonstrance resulted in unauthorized opening and passing of bids (Exhibit I). Additionally, the Governing Body neglected to post and convene a special meeting per TLGC 22.042 which demonstrates the lack of adequate training of the Mayor and Council, leading to deprivation of rights per 42 U.S.C. 1983. (**See Former Councilman Silva Affidavit F1 #6, J1 #1, #3, #4 & Exhibit L1, L2,)**

http://www.statutes.legis.state.tx.us/?link=LG

13) **Incident #2,** The City of Selma Governing Body members (Mayor Thomas Daly, Former Mayor and Current Councilman James Parma, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman Phillip Swinney) violated **Texas Secretary of State Code 146.054** by intentionally neglecting to process the Plaintiffs Valid Write-In

Candidate Election Application for the May 6, 2017, Council Election.  The Mayor and

Council neglected to post and convene a special meeting to discuss the issue of a candidates'

valid Write-In Application required before midnight, **(Exhibit C #1-receipt stamped at**

**11:11 p.m., February 21, 2017, & #2-envelope with Tracking Number; Exhibit B #1**

**package received before deadline; Exhibit A #3-#4** cancellation of election as unopposed**)**

Demonstrates deliberate disregard to 42 U.S.C. 1983

http://www.statutes.legis.state.tx.us/?link=LG

http://www.statutes.legis.state.tx.us/?link=LG


### Liability through omission


**Logan v. City of Pullman**, No. CV-04-214-FVS, 2006 WL 120031, at **2-4 (E.D. Wash.-218

Jan. 13, 2006) ("To impose liability against the City by liability through omission, Plaintiffs must

demonstrate the following:

    **A. City employee violated Plaintiffs' constitutional rights;**

14) **Incident #1.**  Plaintiff was denied a fair bid process because the bids were not opened by the

    Governing Body at a public meeting at or in the City of Selma (violated TLGC 271 .026) and

    the Plaintiff's confidentiality, as a participant in the bidding process, was compromised

    (TLCG 252.049 Breach of Confidentiality, **Exhibit I, Former Councilman Silva's Affidavit**

    **F1 #6)**

15) **Incident #2.** Plaintiff was denied the right to run for Selma City council even though a valid write in ballot was submitted before the Write-in deadline per Texas Secretary of State law for Write-in Ballots Chapter 146.054.

**B. the City has customs or policies that amount to deliberate indifference;**

16) **Incident #1.**   The Governing Body was made aware of bid tampering 18 days in advance of the December 19, 2014, deadline.  Yet neglected duty to act or investigate before voting to sell the properties on January 8, 2015. **(See Former Councilman Silva Affidavi.t F1 #6)**

17) **Incident #2.**  The City of Selma Governing Body Mayor, council, and administration were made aware 16 days in advance of the Plaintiff's right to run for office.  Yet the Governing Body's indifference to comply with Texas Election Code Title 9, Chapter 146.054 deprived the Plaintiff of the right to run for office.

**C. and these policies were the moving force behind the employee's violation of Plaintiffs' constitutional rights...**

**(See Former Councilman Silva Affidavit F1 #6,)**

18) **Incident #1.** The Governing Body members (Mayor Thomas Daly, Former Mayor and Current Councilman James Parma, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman Phillip Swinney, pattern and practice of neglecting the duty to investigate per TLGC 22.042 and 22.043 resulted in the deprivation of the Plaintiff right to a place on the May 6th 2017 Election for Selma City Council Place 4 challenging incumbent Councilman Ken Hadas. The Plaintiff valid write-in ballot was denied rights per Secretary of State law 146.054 write-in ballot filing deadline resulted in deprivation of right under 42 US 1983 -voting rights Act.

http://www.statutes.legis.state.tx.us/?link=LG

**In City of Springfield, Mass. v. Kibbe**, 480 U.S. 257, 107 S. Ct. 1114 (1987), The Court made it clear that on remand the plaintiff would have to identify a particular deficiency in the training program and prove that the identified deficiency was the actual cause of plaintiff's constitutional injury.

19) **Incident #1.** The Governing Body members' (Mayor Thomas Daly, Former Mayor and Current Councilman James Parma, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman Phillip Swinney), lack of training in the area of TOMA and Texas Local Government Code (TLGC 22.042 and 22.043) resulted in the deprivation of the Plaintiff's rights per 42 U.S.C. 1983.  **(Exhibit I) (See Former Councilman Jose Silva's Affidavit F1 #2, #3 & J2 #1 & #3)**

5) **Incident #2.** The Governing Body members' (Mayor Thomas Daly, Former Mayor and Current Councilman James Parma, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman Phillip Swinney), lack of training of the Texas Election Code on Write-in deadline (Texas Election Code Title 9, Chapter 146.054) deprived the Plaintiff of the right to run for office.  **(see Exhibit A2, then A1, B1 then B2 -deliberate indifference, then see Exhibit A 3, A4-illustrates Reckless Disregard to 42 US 1983 right to run for office,). (See Former Selma Councilman Silva Affidavit  points out history of training deficiency's on pt. 1,2,3,5,7,11,14,16,6, 3,19,20, , Exhibit J1 #3 ) (See exhibit J2 6,7,- establishing the City of Selma Personnel Policy  as the City of Selma governing authority or "constitution" yet neglected following  City of Selma Personnel Policy items Exhibit L1-2, 3.07,3.13, 3,09, 3.17, -L2- 12,06.11, 15.02, 15.03, 17.01- the city of**

Selma Governing body was aware yet acted contrary to policy law See Former Selma

Councilman Jose Silva Affidavit pt. 1,2,3,5,6,7,11,14,16,6, 3,19,20,)

http://www.statutes.legis.state.tx.us/?link=LG

## Argument and Authorities

6)    **Logan v. City of Pullman**, No. CV-04-214-FVS, 2006 WL 120031, at **2-4 (E.D. Wash.-

218 Jan. 13, 2006) ("To impose liability against the City by liability through omission,

Plaintiffs must demonstrate the following:

**A. City employee violated Plaintiffs' constitutional rights;**

7)  **Incident #1.**  Plaintiff was denied a fair bid process because opening bids without the

governing body violated TLGC 271 .026 denied Plaintiffs' constitutional right to a fair

bidding process under FHA. **(See Former Councilman Silva Affidavit F1 #6,)**

8)  **Incident #2.** Plaintiff was denied the constitutional right to run for Selma City council

having submitted a valid write in ballot before the deadline per Texas Secretary of State law

for Write-in Ballots Chapter 146.054.

**B. the City has customs or policies that amount to deliberate indifference;**

9)   **Incident #1.** The Governing Body neglected duty to act on or investigate bid tampering

according to TLGC 22.042 and TLGC 22.043, amounting to deliberate indifference.  **(See

Former Councilman Silva Affidavit F1 #6,)**

10) **Incident #2.**   The City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman James Parma) neglected duty to act on or investigate election code violations according Texas Election Code Title 9 Chapter 146, resulting in Plaintiff's deprivation of right to run for office amounting to a custom of deliberate indifference.

**C. and these policies were the moving force behind the employee's violation of Plaintiffs' constitutional rights.**

11)  **Incident #1.** The City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris) deviated from TLGC 22.042(a)(b)(c) causing the Plaintiff to be deprived of the right to a fair bid process per the FHA in December 22, 2014 **See Former Councilman Silva Affidavit F1 #6, Exhibit I violating TLGC 271.026, and (Exhibit L1, L2Personell policy 1,01 1.09,2:13,2.16).**

12) **Incident #2.** The City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris) deviated from TLGC 22.042(a)(b)(c) pattern and practice of neglecting the duty to investigate and assure that the mother-in-law and son-in-law City of Selma election officials Johnny Casias and Rebecca Del Toro were following the election ballot laws per Secretary of State law 146.054 filing deadline violating of Plaintiffs' constitutional rights.

http://www.statutes.legis.state.tx.us/?link=LG

### No Single incident of deliberate indifference or Gross Negligence

**In City of Oklahoma City v. Tuttle,** 471 U.S. 808, 813 (1985), the Court disapproved a jury instruction to the effect that "a single, unusually excessive use of force may ... warrant an inference that it was attributable to inadequate training or supervision amounting to **'deliberate indifference' or 'gross negligence'** on the part of the officials in charge." The following are examples of deliberate indifference:

13) **Incident #1.** The City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, City Attorney Marc Schnall) displayed gross negligence allowing Marc Schnall, Ken Roberts, and Larry Verner to pass and open the bids 18 days prior to the January 8, 2015, Council meeting, violating TLGC 271.026 and 252.049, amounting to deliberate indifference to the Texas Local Government Code.

14) **Incident #2.** Per Former Councilman Jose Silva who was present in the January 8, 2015, Regular council meeting in which Marc Schnall presented a spreadsheet instead of the original unopened bids per Former Councilman Affidavit. The act of opening bids without the governing body present illustrated **'gross negligence' and deliberate indifference** intentionally violating TLGC Sec. 271.026. OPENING OF BIDS 2) and TLGC 252.049. CONFIDENTIALITY OF INFORMATION IN BIDS OR PROPOSALS (a) (b) **(See Former Councilman affidavit F1 #5, #6, F2#11, F3 #19) (See Former Councilman Jose Silva Affidavit F1 #3-5, F2 # 19)**

15) **Incident #3.** The City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, City Attorney Marc Schnall) accepted Jose Bustos bid (stamped December 22, 2014) three days after the bid deadline 5:00 p.m., December 19, 2014, amounting to gross negligence' and deliberate indifference to the posted bid deadline **(Exhibit N-1 public notice and bid rules / discriminatory bias in bid submission and bid processing rules)**

16) **Incident #4.** The City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, City Attorney Marc Schnall) since January of 2015, has deliberately altered and illegally withheld the video of Jose Bustos and Johnny Casias (minute 4:34- 4:35 p.m.) in the Selma City Hall Lobby, displaying reckless indifference to TPIA 552.221 and depriving the Plaintiff the ability to prove his case to HUD and TWCCRD the US District Court Western District of Texas. **(See Former Councilman Jose Silva affidavit Exhibit F1 #6, F2 #12,)**

http://www.statutes.legis.state.tx.us/?link=LG

Justice O'Connor elaborated on how a plaintiff could show that a municipality was deliberately indifferent under **City of Canton. First,** where there is "a clear constitutional duty implicated in recurrent situations that a employee is certain to face, ... **failure to inform city personnel of that duty will create an extremely high risk that constitutional violations will ensue**.".   Id. at 396 (O'Connor, J., concurring in part and dissenting in part). ...

### Clear constitutional duty is est. in TLGC 22.042

17) **Incident #1** The City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris) had a clear constitutional duty to respond to written complaints after being informed.  Yet as the Chief Executives of the City of Selma, the Governing Body failed to exercise or neglected duty per TLGC 22.042 regarding notices of bid tampering sent to the Governing Body on December 23, 2014 (Exhibit H) and created extreme risk of violations under the Fair Housing Act laws.

18) **Incident #2** The City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris) as the Chief Executives of the City had a clear constitutional duty to process the Plaintiff's valid write-in election application. The Governing Body **not** the employees neglected duties under TLGC 22.042 and created extreme risk depriving the Plaintiff of the constitutional right as a citizen of the United States to run for elected office under 42 U.S.C. 1983. **(See Former Selma Councilman Jose Silva Affidavit pt. 1,2,3,5,7,11,14,16,6, 3,19,20,)**

http://www.statutes.legis.state.tx.us/?link=LG

## SUMMARY

In ***Smith v. Wade, 461 U.S. 30 (1983),*** the Supreme Court held in an action filed under 42 U.S.C. Section 1983 that punitive damages could be awarded upon a finding of reckless or callous disregard of or indifference to the plaintiff's rights.

In **Kolstad v. American Dental Ass'n,** 119 S.Ct. 2118 (1999), the Supreme Court held .. is not the "egregious" conduct of the defendant, *but whether the defendant acted with knowledge that the action violated the law or with reckless indifference to the plaintiff's rights.* This standard has been applied under the Fair Housing Act. Badami v. Terry Flood, 214 F.3d 994 (8th Cir. 2000).

19) Action filed under 42 U.S.C. Section 1983 that punitive damages could be awarded upon a finding of reckless or callous disregard of or indifference to the plaintiff's rights Above, Plaintiff Pro Se has cited several variations of how the City of Selma Governing Body (Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman James Parma) *acted with knowledge that the action violated the law or with reckless indifference to the plaintiff's rights.*

.

20) Pro Se Plaintiff urges the Court to consider the reckless indifference Pro Se Plaintiff Alton Crain has suffered caused by the deliberate indifference of Mayor Thomas Daly, Councilman Kevin Hadas, Councilman Harry Greene, Councilman Ken Harris, Councilman James Parma, Former City Administrator Kenneth Roberts and current Selma City Administrators Johnny Casias, (the Governing Body). The Plaintiff also ask the Court take into account Amendments to the Fair Housing Act the 1988 removed **the cap in private civil** suits which formerly existed for the awarding of punitive damages.

21) Pre-litigation, via Texas Public Information Act, the Pro Se Plaintiff Alton Crain requested Texas Municipal League insurance information (TML). The Texas Attorney General granted Pro Se Plaintiff the TML Liability Declaration of coverage for the City of Selma, Texas. Pro Se Plaintiff has based award requests on the documents previously submitted to the Court which the Attorney General authorized before any suit was filed. Plaintiff is entitled to the Texas Municipal League annual aggregate for 11 wrongful acts by the City of Selma Governing Body and staff. Per the Fair Housing Act amended in 1988, no cap exists. The request for the policy limit is reasonable because the defendants have violated numerous laws recklessly depriving the Pro Se Plaintiff of his rights. (See **Exhibit** O- TML O&E aggregate).

http://www.statutes.legis.state.tx.us/?link=LG

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Pro Se Plaintiff Alton Crain requests the Court to do the following:

a. Compel the Defendant to comply with prior TPIA requests and Subpoenas

b. Render judgment that Defendants take nothing;

c. Dismiss Defendants claims with prejudice;

d. Assess costs against Defendants;

e. Award Pro Se Plaintiff its reasonable fees; and,

f. Award Plaintiff the TML Annual Aggregate Policy limit for 11 individual Wrongful Acts by the City of Selma Governing Body and staff.

Respectfully Submitted,

By: Alton W. Crain Jr
Pro Se Litigant

Alton Crain
8528 Alton Blvd
Selma Texas, 78154
210-667-8239
Signed _____
Date _3-20-17_____

This document was received 3/6/17 via P.O. mail box.

## CERTIFICATE OF SERVICE

I, _Alton Crain_____, Plaintiff pro se, do here by certify that on the _20_ Day of _March_, 20 _17_, a true and correct copy of the foregoing pleading was forwarded to _Charles Frigerio_, the attorney for (Defendant) by __(State the manner of delivery - eg. U.S. Mail; Hand Delivery; Certified Mail)__ at the following address:__ (give address of Attorney for the Defendant) .

_Charles Frigerio_
_111 Soledad Suite 840_
_SAn Antonio Tx 78205_

Dated: __3-20-17_____

Signature of Plaintiff

*Exhibit A*

*1*

*4*

Section 4. This ordinance shall take effect upon its final passage, and it is so ordained.

PASSED AND APPROVED BY THE CITY COUNCIL OF THE CITY OF SELMA,
TEXAS ON THIS THE 9th DAY OF MARCH, 2017.

TOM DALY, MAYOR

ATTEST:

JOHNNY CASIAS, CITY SECRETARY

---



**CITY OF Selma**
EST. 1847

TO: Candidates
RE: Municipal General Election, May 6, 2017
FROM: Johnny Casias, City Secretary
SUBJECT: Election Information/Candidate Packet

The attached contains information and forms for the May 2017 General/Special Election in Selma.

1. One copy of **Application for a place on the City of Selma General Election Ballot (Bilingual)**. The Code of Fair Campaign Practice form is included in this packet. This form must be filed with the City Secretary's office no later than 5:00 p.m. on Friday, February 17, 2017. Packets will be available Monday-Friday 8:00 a.m.-5:00 p.m. **The first day for filing is January 18, 2017.** *Packets are available at this time.*

   NOTE: City Hall offices are closed Saturday and Sunday.

   One copy of **Application for Write-In Candidacy**. This form must be filed with the City Secretary no later than midnight Tuesday, February 21, 2017.

   *Original Election Packet*

2. One copy of **Appointment of Campaign Treasurer by a Candidate (Form CTA) and Form ACTA with Instruction Guide**. This form is to be filed in the City Secretary's office at the same time as the above application. These are new reporting forms, so please review the instructions carefully before filling out the form. Candidate Modified Reporting Declaration is to be filed if the candidate will not be expending more than or receiving more than $500 for political purposes. If these limits are exceeded you will be required to file pre-election reports and, if necessary, a run-off report.

3. One copy of **Candidate/Officeholder Campaign Finance Report/Instruction Guide**. (COH) This is to be filed in the City Secretary's office on the dates specified on the form and on the enclosed calendar.

4. One copy of the **Designation of Final Report Form C/OH-FR** for your use later.

5. A copy of the Texas Ethics Commission Campaign Finance Guide For Candidates and Officeholders who file with Local Filing Authorities.

6. A calendar for Election May 06, 2017.

9375 Corporate Drive • Selma, Texas 78154 • Phone (210) 651-6661 • Fax: (210) 651-9159

*Deadline midnight 2/21/17*

---

*ordinance*

**ORDINANCE NO. 030917-01**

AN ORDINANCE DECLARING UNOPPOSED CANDIDATES IN THE MAY 6, 2017
GENERAL CITY ELECTION, ELECTED TO OFFICE; CANCELING THE
GENERAL ELECTION; PROVIDING A SEVERABILITY CLAUSE; AND
PROVIDING AN EFFECTIVE DATE.

WHEREAS, the General City Election was called for May 06, 2017 for the purpose of electing members to the City Council; and

WHEREAS, the City Secretary has certified in writing that no person has made a declaration of write-in candidacy, and that each candidate on the ballot in an unopposed for election to office; and

WHEREAS, under these circumstances, Subchapter C, Section 2.053, Election Code, authorizes the City Council to declare the candidates elected to office and cancel the election; NOW, THEREFORE,

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF SELMA:

**Section 1. The following candidates, who are unopposed in the May 6, 2017 General City Election, are declared elected to office, and shall be issued** certificates of election following the time the election would have been canvassed:

City Council Place 4...............................Kevin M. Hadas

City Council Place 5...............................James T. Parma

City Council Place 6...............................Kenneth W. Polasek

**Section 2.** The May 6, 2017 General City Election is cancelled, and the City Secretary is directed to cause a copy of this Ordinance to be posted on election day at each polling place that would have been used in the election.

**Section 3.** It is declared to be the intent of the City Council that the phrases, clauses, sentences, paragraph, and sections of the Ordinance are severable, and if any phrase, clause, sentence, paragraph, or section of this Ordinance is declared invalid by the judgment or decree of a court of competent jurisdiction, the invalidity shall not affect any of the remaining phrases, clauses, sentences, paragraphs, or sections of this Ordinance since the City Council would have enacted them without the invalid portion.

*@ City Council meeting 3/9/17*

*3*

---

*2*

**ELECTION CODE**

**TITLE 9. CANDIDATES**

**CHAPTER 146. WRITE-IN CANDIDATE**

**SUBCHAPTER A. WRITE-INS GENERALLY**

Sec. 146.054. FILING DEADLINE. (a) Except as provided by Subsection (b), a declaration of write-in candidacy must be filed not later than 5 p.m. of the fifth day after the date an application for a place on the ballot is required to be filed.

(b) For an election to be held on a uniform election date, the day of the filing deadline is the 74th day before election day.

(c) A write-in candidate may not withdraw from the election after the 71st day before election day.

http://www.statutes.legis.state.tx.us/docs/EL/htm/EL.146.htm

*2/26/17 is deadline*

*Exhibit B*

1

**USPS Tracking®**

Still Have Questions?
Browse our FAQs

Get Easy Tracking Updates
Sign up for My USPS

Tracking Number: 9510080020917052000986

✓ **Delivered**

On Time
Updated Delivery on: Thursday February 23, 2017
Signed for by: K.P. SCHERTZ TX 78154

① Met
Deadline of 2/24/17 which is 5 days

**Product & Tracking Information**        **Available Actions**

Postal Product                Features
                                                 Proof of Delivery

February 23, 2017, 1:14 pm    SCHERTZ, TX 78154
Front Desk/Reception

*Selma recieved write in ballot 2/23/17 3 days before deadline yet was rejected by Johnny Casias*
*② met the midnight deadline*

**Track Another Package**
Tracking or receipt number

Manage Incoming Packages



---

Mayor        Mayor Pro Tem        Councilman        Councilman        Councilman
Tom Daly     Harry Greene         Ken Harlin        Jim Parma         Bob Poteet

2

**NOTICE OF MEETING**
**SELMA CITY COUNCIL**
**REGULAR MONTHLY MEETING**
**MARCH 9, 2017**

The Selma City Council will convene in a City Council Meeting on Thursday, March 9, 2017 at 6:30 P.M. in the Selma City Hall, 9375 Corporate Drive, Selma, Texas 78154. The Order of Business will be:

Call to Order
Roll Call
Invocation and Pledge of Allegiance
Report by Mayor Daly on Items of Community Interest

Presentation of a Ten-Year Service Plaque to Police Sergeant Robert Wagner

Citizens to be Heard: This time is provided for citizens to address the Mayor and Council on issues and concerns. No action can or will be taken on any issue raised during this portion of the Meeting. Please limit your remarks to a period not to exceed three (3) minutes. All remarks shall be addressed to the Council as a body, and not to any individual councilmember. Any speaker making personal, impertinent, or slanderous remarks while addressing the Council may forfeit their time under Citizens to be Heard. We ask that you approach the microphone in front of the Council and state your name and address for the record.

1. Discussion/Possible Action on a presentation by Ms. Debbie Frazier with Armstrong Vaughan & Associates, Certified Public Accountants, on the Annual Financial Audit for the period ending October 31, 2016.
2. Discussion/Possible Action on the Minutes of the Selma Regular Monthly City Council Meeting of February 9, 2017.
3. Discussion/Possible Action on an amendment to Work Authorization SEL-837 with KSA Engineers, Inc. to include bidding and construction services for the Lookout Road Widening and Bridge Project.
4. Discussion/Possible Action on Ordinance Number 030917-01, an Ordinance declaring unopposed candidates in the May 6, 2017 General City Election, elected to office; cancelling the General Election; providing a severability clause; and providing an effective date.
5. Discussion/Possible Action on Ordinance Number 030917-02, an Ordinance amending Sections 82-684 and 82-687 in Division 3 of Article VI of Chapter 82 of the Code of Ordinances of the City of Selma, Texas, to clarify setback provisions in Section 82-684 as to double frontage lots and to establish revised provisions in Section 82-687 as to fences and shrubbery in residential zoning districts.
6. Discussion/Possible Action on Ordinance Number 030917-03, an Ordinance amending Chapter 58 of the Code of Ordinances of the City of Selma regarding City traffic laws, rules, and regulations by adding new Paragraph (e) to Section 58-141 of Division I of Article III of Chapter 58 in regard to time-limited parking areas.
7. Discussion/Possible Action on an updated City of Selma Personnel Policy Manual.

*posted 3/6/17*

---

**ORDINANCE NO. 030917-0_**

AN ORDINANCE DECLARING UNOPPOSED CANDIDATES IN THE MAY 6, 2017 GENERAL CITY ELECTION, ELECTED TO OFFICE; CANCELING THE GENERAL ELECTION; PROVIDING A SEVERABILITY CLAUSE; AND PROVIDING AN EFFECTIVE DATE.

WHEREAS, the General City Election was called for May 06, 2017 for the purpose of electing members to the City Council; and

WHEREAS, the City Secretary has certified in writing that no person has made a declaration of write-in candidacy, and that each candidate on the ballot is unopposed for election to office; and

WHEREAS, under these circumstances, Subchapter C, Section 2.053, Election Code, authorize the City Council to declare the candidates elected to office and cancel the election; NOW, THEREFORE,

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF SELMA:

Section 1. The following candidates, who are unopposed in the May 6, 2017 General City Election, are declared elected to office, and shall be issued certificates of election following the time the election would have been canvassed;

City Council Place 4..........................Kevin M. Hadas

City Council Place 5..........................James T. Parma

City Council Place 6..........................Kenneth W. Polasek

Section 2. The May 6, 2017 General City Election is cancelled, and the City Secretary is directed to cause a copy of this Ordinance to be posted on election day at each polling place that would have been used in the election.

Section 3. It is declared to be the intent of the City Council that the phrases, clauses, sentences, paragraphs and sections of this Ordinance are severable, and if any phrase, clause, sentence, paragraph, or section of this Ordinance is declared invalid by the judgment of decree of a court of competent jurisdiction, the invalidity shall not affect any of the remaining phrases, clauses, sentences, paragraphs, or sections of this Ordinance since the City Council would have enacted them without the invalid portion.

Exhibit



2/21/17

2/21/17
Stamped
11:11 pm.

certified
mail
reciept #



2

Packet
Mailed to
Johnny Casias

Valid Write-IN Ballot 2/21/17 w/in packet

3



**DECLARATION OF WRITE-IN CANDIDACY FOR** City of Selma
(City, School, or Other Political Subdivision)

TO: Filing Officer

I declare that I am a write-in candidate for the office indicated below.
**OFFICE SOUGHT**
Include any place number or other distinguishing words, if any:
City of Selma Place 4

**FULL NAME** (First, Middle, Last)
Alton Crain

PRINT NAME AS YOU WANT IT TO APPEAR ON THE LIST OF DECLARED WRITE-IN CANDIDATES
Alton Crain

**PERMANENT RESIDENCE ADDRESS**
8528 Alton Blvd

CITY Selma   STATE Tx   ZIP 78154

EMAIL ADDRESS (Optional)

OCCUPATION   Teacher JJISD

DATE OF BIRTH

COUNTY OF RESIDENCE  Bexar

X   A.C. [signature]
SIGNATURE OF CANDIDATE

Election Packet campaign tres 831 w/in packet

4



Texas Ethics Commission   P.O. Box 12070   Austin, Texas 78711-2070   (512) 463-5800   (TDD 1-800-735-2989)

**APPOINTMENT OF A CAMPAIGN TREASURER BY A CANDIDATE**

FORM CTA
PG 1

2 CANDIDATE NAME   Alton
   Crain

3 CANDIDATE MAILING ADDRESS   8528 Alton Blvd   Selma  Tx  78154

4 CANDIDATE PHONE   (210)

5 OFFICE HELD   n/a

6 OFFICE SOUGHT   Place 4

7 CAMPAIGN TREASURER NAME   Alton Crain.

8 CAMPAIGN TREASURER STREET ADDRESS   8528 Alton Blvd  Selma Tx  78154

9 CAMPAIGN TREASURER PHONE   (210) 667 5209

A.C. [signature]
Signature of Candidate   2-21-17
Date Signed

GO TO PAGE 2

Revised 07/14/2010

*Election + Campaign w/in packet    Exhibit D*

| CANDIDATE MODIFIED REPORTING DECLARATION | FORM CTA |
|---|---|
| | PG 2 |

Texas Ethics Commission    P.O. Box 12070    Austin, Texas 78711-2070    (512) 463-5800    (TDD 1-800-735-2989)

| 11 CANDIDATE NAME | Alton Crain |
|---|---|

| 12 MODIFIED REPORTING DECLARATION | COMPLETE THIS SECTION ONLY IF YOU ARE CHOOSING MODIFIED REPORTING |
|---|---|

➤ This declaration must be filed no later than the 30th day before the first election to which the declaration applies. ➤

➤ The modified reporting option is valid for one election cycle only. ➤ (An election cycle includes a primary election, a general election, and any related runoffs.)

➤ Candidates for the office of state chair of a political party may NOT choose modified reporting. ➤

I do not intend to accept more than $500 in political contributions or make more than $500 in political expenditures (excluding filing fees) in connection with any future election within the election cycle. I understand that if either one of those limits is exceeded, I will be required to file pre-election reports and, if necessary, a runoff report.

2017
Year of election(s) or election cycle to which declaration applies

_____ AC _____
Signature of Candidate

This appointment is effective on the date it is filed with the appropriate filing authority.

www.ethics.state.tx.us                    Revised 07/14/2010



2

*Valid Voter Registration
Valid Texas ID
w/in packet*

---

*w/in packet*

3

Texas Ethics Commission    P.O. Box 12070    Austin, Texas 78711-2070    (512) 463-5800    (TDD 1-800-735-2989)

## CODE OF FAIR CAMPAIGN PRACTICES

There are basic principles of decency, honesty, and fair play that every candidate and political committee in this state has a moral obligation to observe and uphold, in order that, after vigorously contested but fairly conducted campaigns, our citizens may exercise their constitutional rights to a free and untrammeled choice and the will of the people may be fully and clearly expressed on the issues.

THEREFORE:

(1) I will conduct the campaign openly and publicly and limit attacks on my opponent to legitimate challenges to my opponent's record and stated positions on issues.

(2) I will not use or permit the use of character defamation, whispering campaigns, libel, slander, or scurrilous attacks on any candidate or the candidate's personal or family life.

(3) I will not use or permit any appeal to negative prejudice based on race, sex, religion, or national origin.

(4) I will not use campaign material of any sort that misrepresents, distorts, or otherwise falsifies the facts, nor will I use malicious or unfounded accusations that aim at creating or exploiting doubts, without justification, as to the personal integrity or patriotism of my opponent.

(5) I will not undertake or condone any dishonest or unethical practice that tends to corrupt or undermine our system of free elections or that hampers or prevents the full and free expression of the will of the voters, including any activity aimed at intimidating voters or discouraging them from voting.

(6) I will defend and uphold the right of every qualified voter to full and equal participation in the electoral process, and will not engage in any activity aimed at intimidating voters or discouraging them from voting.

(7) I will immediately and publicly repudiate methods and tactics that may come from others that I have pledged not to use or condone. I shall take firm action against any subordinate who violates any provision of this code or the laws governing elections.

I, the undersigned, candidate for election to public office in the State of Texas or campaign treasurer of a political committee, hereby voluntarily endorse, subscribe to, and solemnly pledge myself to conduct the campaign in accordance with the above principles and practices.

_____ AC _____
Signature

2-21-17
Date

www.ethics.state.tx.us                    Revised 11/23/2010

## Larry Verner

**From:** Johnny Casas
**Sent:** Wednesday, January 07, 2015 9:35 AM
**To:** Marc Schnall; Larry Verner
**Cc:** Ken Roberts
**Subject:** RE: Assessed and appraised values of excess property

Marc,

I talked for an hour cut employee a few minutes ago. The rationale that I was given as to why parcel #9 does not have a lower county assessed value is because it is current taxable property (i.e. the ownership has not changed hands and last year's report is on record). This seems to make sense given that the other parcels up for bid are residential areas above of this time, they are taxable properties. We went on to say that the assessed values for the other properties were put and used over when the properties were taxable. From this I take that the assessed values that I now can but are not that available to the current market conditions.

Call or email me in the back.

Johnny

Johnny Casas
Assistant City Administrator
City of Selma
Ph. 210 651 7554

**From:** Marc Schnall [mailto:
**Sent:** Wednesday, January 07, 2015 9:20 AM
**To:** Larry Verner; Johnny Casas
**Cc:** Ken Roberts
**Subject:** RE: Assessed and appraised values of excess property

Larry, I had also checked the appraisal districts values for the 9 parcels. Please check your data because I show an appraised value of $201,331 for Parcel #1. I appreciate you providing the Stouffer & Associates information. Marc

Marc J. Schnall

Langley & Banack, Incorporated
Attorneys and Counselors at Law

A Crain 21066738239

Attachment 18

---

## Jose Silva

**From:** AwC C [craina2014@gmail.com]
**Sent:** Wednesday, December 24, 2014 5:42 PM
**To:** Jose Silva
**Subject:** Re: Notice of Bidding Tampering 1219/14

On Dec 23, 2014 9:52 PM, "Kevin Hadas" <khadas@fci.selma.tx.up> wrote:

Hi Alon,

Before I contact staff I have a couple of questions. Can I get you phone number?

Kevin Hadas
(210) 382-3992

On Dec 23, 2014, at 7:24 PM, AwC C <craina2014@gmail.com> wrote:

Mayor & Council Members, my name is Alton Crain, an 8yr SPE resident and 3rd teacher on Alton Blvd. In an effort to be transparent and informative, I have included you all in this email detailing a disturbing bidding experience. After 7 yrs of waiting to bid on property next to my home, my desire is to expose the appearance of bias or misconduct.

If you have any questions or concerns please feel free to respond. Thank you for the opportunity to speak to my council about I since tampering Selma resident experience.

In closing, start at the bottom email. Please excuse the errors because I'm still learning how to use this smart phone that seems the want to speak for me.

Alton on Alton Blvd

-------- Forwarded message ---------
From: "AwC C" <craina2014@gmail.com>
Date: Dec 23, 2014 1:26 PM
Subject: Re: Fwd: RE: Parcel 1 Bidding Concerns
To: <mayor@gci.selma.tx.us>
Cc:

Correction "Becomes" necessary

On Dec 23, 2014 1:13 PM, "AwC C" <craina2014@gmail.com> wrote:

Mayor Duly Per Mr. Rogers suggestion, I am reaching out to you regarding this matter. If filing a complaint becomes necessary after having a detailed discussion with you regarding what prompted this email chain, I would be willing to share personally with supporting data at your earliest convenience.

A Crain 21066738239

-------- Forwarded message ---------

Attachment 19

[Handwritten annotations:] Notice of Bidding Tampering sent to all council Duly / Bid Tampering / Mayor Thomas duly Notified of Bid Tampering

Exhibit F

## General Affidavit

The within named person (Affiant) _former Councilman Jose Silva,_who is a resident of Bexar County, State of Texas, personally came and appeared before me, the undersigned Notary Public, and makes this his statement, testimony and general Affidavit under oath or affirmation, in good faith, and under penalty of perjury, of belief and personal knowledge that the following matters, facts, and things set forth are true and correct, to the best of his knowledge:

### As Former Councilman for the City of Selma Texas:

1) I am aware of that Selma's present Mayor Thomas Daly and former Mayor James Parma who is again serving on the Selma City Council violated Texas Local Government Code Section 22.077 REMOVAL OF MUNICIPAL OFFICERS and SELMA PERSONNEL POLICY, Sections 3.07, 3.09,& 3.17

2) I am aware that Mayor Thomas Daly failed to act on the notice of bid tampering by calling for a special meeting per Texas Local Government Code, Section 22.038, to discuss the issue prior to the Council's final decision on the property bidding.

3) I am aware that Mayor Thomas Daly failed to abide by Texas Local Government Code, Section 22.042 POWERS AND DUTIES OF MAYOR and Selma Personnel Policy Sections 3.07 &3.09 that requires the Mayor to ensure that laws and ordinances of the municipality are properly carried out, that violations of law/duties be prosecuted and punished; and ensure that information to improve the governing of the municipality will be related to the governing body..

4) I am aware that Selma's Mayor Thomas Daly and Council members were presented with a written notices of bid tampering/rigging and written documents detailing resume fraud and the Mayor and Council failed to discuss and/or remedy the issues (per Texas Local Government Code Sections 22.043).

5) I am aware that Kenneth E. Roberts failed to perform duties as prescribed in Texas Local Government Code Section 22.073 (g) & (h) when he conveyed the bids to Attorney Marc Schnall without prior approval of the Mayor and City Council and the bids were opened without prior authorization of the Mayor and City Council.

6) I am aware that the City of Selma deprived taxpayers and citizens of the right to a fair legal process due to spoliation of evidence that resulted in obstruction of due civil process when trying to prove discrimination (per 42 U.S. Code 1983: Municipalities are also potentially liable for the deprivation of any rights, privileges, or immunities secured by the Constitution – constitutional torts:

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...*

1

Attachment P



*Exhibit F 2*

7) I am aware that Mayor Thomas Daly and the Council violated Texas Local Government Code Section 202.008 by withholding and failing to deliver requested records and by destroying/preserving records.

8) I am aware that Alton Crain made several TPIA requests (one of which was requested during a monthly Council meeting) and the City Administrator and City Attorneys failed to deliver copies of phone records that were paid for by taxpayers for Kenneth E. Roberts, Johnny Casias, Mayor Thomas Daly, and Larry Verner. To date, Alton Crain (a Selma taxpayer)has not received phone records per TPIA requests that were directed to Selma City staff as early as 1/16/15.

9) I am aware that Selma Staff had a duty to act in good faith and investigate the notice of bid tampering yet neglected to do so. Kenneth E. Roberts further misled Council by intentionally, secretly passing the bids without the authority of the City Council and failure to act on numerous notifications to city staff and council. or base on notices disqualifies council from all forms of immunity qualified and executive immunity.

10) I am aware that the decision to sell the property was not a proprietary duty. It was a ministerial decision made by the Selma City Council. The Council is liable for their individual decisions according to Local Government Code. The Council did seek counsel from the City Attorney, but the Staff mislead and withheld information from the City Attorneys. According to the undersigned (Councilman Jose Silva) who witnessed all claims, violations which disqualified all the Council members from all forms of immunity, the Council members did not see the bids according to Councilman Jose Silva.

11) I am a witness to violations of policy specifically breach of contract duty, (unauthorized passing of bids without authority of council) a breach of duty with intent to conceal.

12) I am aware that emails indicated that a surveillance video existed, yet no Council members besides myself asked to resolve the issues with the bid process.

13) I am aware that Mayor Pro Tem Kevin Hadas probed Alton Crain (via phone conversation, around 12/22/14) as to how I planned to vote on the notice of bid tampering.

14) I am aware that Mayor Thomas Daly visited Alton Crain at his home to discuss Assistant City Administrators interaction with Jose Bustos on the closing day of the bidding that were recorded on the city's video surveillance system, but the surveillance video was found later on to be compromised.

15) I am also aware and made Mayor Thomas Daly and Council members aware of Kenneth E. Roberts' misrepresentations on his employment resume that violated Selma Employee policy, which resulted in Selma staff labeling me, a key witness, as a "disgruntled resident" and negatively influenced the outcome of the HUD investigation. Consequently the defaming comments have been followed by accusations of theft among Selma residents.

16) I am aware that Selma staff neglected their duty of employment by not vetting Kenneth E. Roberts' credentials as submitted on his resume and Selma staff failed their duty to act in good faith and investigate "notice of Bid Tampering in December of 2014.

17) I am aware that the undersigned was advised by Kenneth E. Roberts against speaking with Alton Crain at any point during the HUD investigation.

*Attachment F*

*Exhibit F 3*

18) I am aware that Kenneth E. Roberts, in an email, told Alton Crain to use BCAD values as a base value, adding 3-10 percent above the BCAD value for a final bid value, while the City of Selma hired an outside appraiser to adjust the appraisals after an issue arose with the bid process.

19) I am aware that the council may not authorize any person, committee, board, or commission to make policy decisions on behalf of the Council. Therefore, the City Council did not authorize Attorney Marc Schnall to receive all bid proposals on 12/22/14 at 4:49p.m. or to open the original bids.

20) I am aware during my term 2013-15 as a Former City Council member that Mayor Thomas Daly, City Council Swinney, Harris, Greene, Hadas, and Selma City administrator Ken Roberts have openly rejected implementation of home rule or city charter. In Forwood v. City of Taylor or the Home rule doctrine. The City of Selma has over 9000 residents. Yet while over the population of 5000 have chosen to continue to operate under General rule or THE TEXAS CONSTITUTION ARTICLE 11. MUNICIPAL CORPORATIONS Sec. 4. for CITIES AND TOWNS WITH POPULATION OF 5,000 OR LESS; CHARTERED BY GENERAL LAW; This decision binds the City of Selma to operate according to the Selma employee Personnel policy approved by the City Council under federal directive (EEOC) to updated, implemented, and accepted during my City council term.

_____
Signature of Affiant
State of Texas
County of Bexar

Dated this __6 eth__ day of __July June__ 2016

Subscribed and sworn to, or affirmed, before me on this __6 th__ day of __July June__ 2016

by _____
Signature of Notary Public

> CRYSTAL ARRIAGA
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 04/30/2018

My Commission Expires: __4/30/2018__

3

*Attachment P*



**AwC C**
to Johnny, mayor, City, jparma,
Hide details

*2017 Neglected to investigate Exhibit G*
*Notice of Valid Write-in ballot sent to governing body days before the vote to cancel the election as unopposed*

From:     AwC C craina2014@gmail.com

To:       Johnny Casias jcasias@ci.selma.tx.us
          mayor@ci.selma.tx.us
          City Councilman Kevin Hadas
          khadas@ci.selma.tx.us
          jparma@ci.selma.tx.us
          Councilman Ken Harris
          kharris@ci.selma.tx.us
          City Council Greene
          hgreene@ci.selma.tx.us

Date:     Mar 6, 2017, 12:27 PM

View security details

# Reciept

On Time
Updated Delivery Day: **Thursday, February 23, 2017**
Signed for By: K P // SCHERTZ, TX 78154 // 1 14 pm

## Product & Tracking Information                      Available Actions

**Postal Product**        **Features:**                                  Proof of Delivery
Priority Mail             Signature Confirmation    Up to $50 insurance included
                                                    Restrictions Apply ,                Text Updates

February 23, 2017 , 1:14 pm    Delivered, Front         SCHERTZ, TX 78154
                               Desk/Reception

Exhibit H

Exhibit H

2014

Neglect to investigate

Complaint

To Governments

body 18 days

later vote

From: "AwC C" <craina2014@gmail.com>
Date: Dec 23, 2014 1:26 PM
Subject: Re: Fwd: RE: Parcel 5 Bidding Concerns
To: <mayor@ci.selma.tx.us>
Cc:

Correction "Becomes" necessary

On Dec 23, 2014 1:13 PM, "AwC C"
<craina2014@gmail.com> wrote:

Mayor Daly Per Mr. Roberts suggestion, I am
reaching out to you regarding this matter. If
filing a complaint because necessary after
having a detailed discussion with you
regarding what prompted this email chain, I
would be willing to share personally with
supporting data at your earliest
convenience....

A Crain 2106678239

From: "AwC C" <craina2014@gmail.com>
Date: Dec 23, 2014 7:24 PM
Subject: Notice of Bidding Tampering 12/19/14
To: "City Councilman Swinney"
<swinneygp@msn.com>, "Mr Silva SPE"
<jasilx5@aol.com>, "City Council Greene"
<hgreene@ci.selma.tx.us>, "City Councilman Kevin
Hadas" <khadas@ci.selma.tx.us>, "Councilman Ken
Harris" <kharris@ci.selma.tx.us>
Cc:

Governing Body
who refused duty
under TLGC 22.0243,22.042

**Mayor & Council Members,** my name is Alton
Crain, an 8yr SPE resident and Jisd teacher on Alton
blvd. In an effort to be transparent and informative, I
have included you all in this email detailing a
disturbing bidding experience. After 7 yrs of waiting
to bid on property next to my home, my desire is to
expose the appearance of bias or misconduct.

If you have any questions or concerns please feel
free to respond. Thank you for the opportunity to
speak to my council about issues taxpaying Selma
residents experience.

In closing, start at the botton email. Please excuse
the errors because I'm still learning how to use this
smart phone that seems the want to speak for me.

Alton on Alton Blvd



*Fraud*

*Roberts Casias Verner Schnall Collusion*
*Bid opened 18 days before official meeting*

## RECEIPT

(Verner)

On December 22, 2014, the City Engineer of the City of Selma, <u>Texas delivered to the</u> <u>office of Marc</u> J. Schnall, City Attorney, the originals of the unopened sealed bid envelopes that the City of Selma received in response to the offer to sell excess City property authorized by the City Council by adoption of Resolution 111314-01 on November 13, 2014.

On the date shown below, I, Ken Roberts, City Administrator of the City of Selma, Texas, acknowledge receipt from Marc J. Schnall, City Attorney, of the <u>opened bid envelopes and bids</u> that the City of Selma received in response to the offer to sell excess City property authorized by the City Council by adoption of Resolution 111314-01 on November 13, 2014.

Ken Roberts

Dated: January 8, 2015

*1) violation of*
*Selma Personnel Policy*
*Chain of Command 2.13,2.16*
*Employee Policy 1.01,1.09*
*Personnel Policies*
*17.01*

*2) Violation of*
*Tx local Govt Code*
*Sec 271.026(A)*

*" bids may be opened only by the governing body...*
*at a public meeting"*

*Sec 263.007 c(1)(2)*
*Ex: parcel #9*
*1) appraised fair market value before*
*selling*
*2) determine min. bid amount base*
*on the appraisal*

*252.049 (6)(b)*
*Breach of Confidentiality*

City of Selma's Bates No. 00020

*Attachment 5*



<div align="center">General Affidavit</div>

The within named (affiant), <u>former City of Selma Councilman Jose Silva 2013-2015,</u> a resident of Bexar County, Texas, personally came and appeared before me, the undersigned Notary Public, and makes this his statement, testimony and general Affidavit under oath or affirmation, in good faith, and under penalty of perjury, of belief and personal knowledge that the following matters, facts, and things set forth are true and correct, to the best of his knowledge:

**As Former Councilman for the City of Selma Texas:**

1) As a Former City Councilman, I sought but was not given necessary training by the City of Selma to make legally appropriate decisions per U.S. 42 1983 Federal Laws regarding the Fair Housing Act, Texas Local Government Code, Texas Open Meetings Act, Voting Rights Act, Bidding Procedure, Bid Processing, Bid evaluation, Texas Election Code, Texas Ethics.

2) As a Former Selma City Councilman I was reprimanded and scalded by Mayor Tom Daly, and City Administrator Ken Roberts for seeking legal clarification and education from the Texas Municipal League (TML) to assure compliance to Federal, State, and Local laws practiced in the City of Selma which operates without a City Charter under Type A local government.

3) As a witness and Former City of Selma Councilman, I am aware that the City of Selma, Mayor Thomas Daly, City Councilman Ken Harris, City Councilman Harry Greene, City Councilman Kevin Hadas, City Councilman Phillip Swinney, Former City Administrator Ken Roberts, City Administrator Johnny Casias, Former Mayor and current Councilman James Parma, City Engineer Larry Verner, City Technologist Robert Klaener, City Attorney Marc Schnall were aware of policy violations 2003-2015 yet neglected duties under Texas Local Government Code 22.043 Remonstrance's-Complaint and 22.042 Powers and Duties of Mayor and Council, Selma City Employee Manual.

4) I am a witness to the customary practice of deviating from Texas Local Government Code, Fair Housing Act, and Ethics codes from years 2013-2015.

5) The governing body (Mayor and Council) liable for constitutional policies, were made aware that Ken Roberts misrepresented his credentials to gain employment 2003 and neglected compliance with State law and Selma official municipal policy (i.e., City of Selma Personnel Policy and Handbook) resulting after several constitutional torts from 2003-2015.

6) As there is not a Selma City Charter and Selma acting as Type A government, established its own governing law through the Mayor and City Council (the governing body) therefore the City of Selma Personnel Policy Manual is the acting law.  I am aware that certain policies were not adhered to.

7) As a former Councilman I was slandered and threatened by governing body members and Selma city staff for speaking out against policy violations under TLGC 22.042, TOMA-Special City council meetings, and other unconstitutional policy and practices normalized during Ken Roberts' tenure 2013-2015.

8) No Selma City Charter has been enacted by the Selma Mayor and City Council to ensure constitutional policy process.

_____ Dated this _17_ day of March 2017
Signature of Affiant
State of Texas
County of Bexar

Subscribed and sworn to, or affirmed before me on this _17_ day of March 2017

By _____
        Signature of Notary Public

My Commission Expires: _2|11|2020_

ISABEL FODGE
Notary Public
STATE OF TEXAS
My Comm. Exp. 02/11/2020
ID# 130535296

Exhibit K





*Exhibit L-1* (handwritten)

each. The job description sets forth the minimum acceptable qualifications required to fill the position. The City Administrator may establish and periodically review an official job (class) description for positions in the City.

**3.06   AGE REQUIREMENTS**
Employees seventeen (17) years of age are subject to Department of Labor Orders when working in any occupations in which the Secretary of Labor shall find and by order declare to be particularly hazardous or detrimental to their health. It is the policy of the City of Selma that no one under the age of seventeen (17) shall be hired for any position. Other age limitations will be applied only as required by specific state or federal law applicable to the City.

**3.07   APPLICATION FOR EMPLOYMENT**
All applicants desiring employment with the City must submit an application on the City's official application form and other pertinent information regarding training and experience. Before submitting the application, the applicant must certify by his or her signature that he/she has not purposely withheld any information that might adversely affect his/her chances for hiring and attest to the fact that the answers given are true and correct to the best of his/her knowledge and belief. Any misrepresentation, falsification or material omission in any of this information may result in the exclusion of the individual from further consideration or, if the person has been hired, immediate termination of employment.

The application should be completed by the applicant before an interview is conducted but no later than before an offer of employment is extended. The City relies upon the accuracy of information contained in the employment application as well as the accuracy of other data provided by the applicant throughout the hiring process.

The candidate has the option to complete or decline to complete this form. It is used for applicant tracking purposes and is neither maintained with the applicant file nor considered as part of the hiring decision.

The City will make appropriate inquiries to verify education, experience, character, and required certificates and skills of an applicant prior to employment. In the case of applicants for positions, which require driving a vehicle, the City will check the prospective employee's driving record prior to offering the applicant employment.

All applications and resumes received for the job opening will be forwarded to the Department Head, and/or the Director of Human Resources. Upon receipt, each application and resume will be marked with the date it was received. Once the position is filled, all applications and/or resumes in conjunction with the position opening will be forwarded to the Human Resources Department for State mandated retention.

**3.08   SELECTION**
Except for appointments reserved to the City Council by statute, the City Administrator has exclusive authority to select and employ all City employees. The City Administrator

*(handwritten right margin):* 10+ yrs Never voted Roberts Fraud

43

may authorize Department Heads to appoint and remove employees within their departments, subject to approval by the City Administrator and within the limits of these policies and the City budget. Other supervisors may be asked for recommendations as appropriate.

Neither the City Council nor any of its members shall in any manner dictate the appointment or removal of any City employees whom the City Administrator or any of his or her subordinates is authorized to appoint. However, the council or its members may express freely to the City Administrator their views and opinions on such matters.

Vacancies on the City staff are filled by promotion, by transfer, or by initial appointment, on the basis of merit as demonstrated by job-related test performance, education, experience, and personal interview. Selections are made by the City Administrator or a Department Head or supervisor authorized by the City Administrator to make the selection.

**3.09   INTERVIEWING**
The Department Head will select applicants to interview from those who have passed the preliminary screening tests and/or job applications. Job-related duties and qualifications will provide the basis for initial screening of job applicants. During the interview, all job applicants should be advised that any and all of the information provided will be verified. The Department Head shall reiterate that when the employee completed the City Employment Application and signed, he/she gave the City written permission to examine his/her references, record of employment, education record, background check, driving record, and any other information that was provided on the application. In addition the disclosure also released the City, his/her former employers and all other persons, corporations, partnerships and associations from any and all claims, demands or liabilities arising out of or in any way related to such examination or revelation.

**3.10   NEPOTISM**
Nepotism is the showing of favoritism toward a relative. The practice of nepotism in hiring personnel or awarding contracts is forbidden by the City.

No person may hire who is related within the second degree by affinity (marriage) or within the second degree by consanguinity (blood) to any elected officer of the City Council, Mayor, or the City Administrator. A person who is already employed by the City and is related in a prohibited manner may not stay in City employment unless the employee has been continuously employed by the City for a period of:

1. At least thirty (30) days if the officer or member is appointed;

2. At least six (6) months if the officer of member is elected at a general election other than the general election for state and county offices; or

3. One (1) year if the related City officer is elected at the general election for state and county office.

**In addition, no personnel action (e.g. hiring, demotion, promotion, transfer) will be taken that would result in any employee's supervising another employee who is related within the second degree of affinity or the second degree of consanguinity to the supervisory employee. The degrees of relationship are defined below. Spouses of relatives within the first or second degree of affinity (e.g., son-in-law, mother-in-law, brother-in-law, etc.) are also included in the prohibition.

*(handwritten):* Cosis was promoted to be Boss of him Mom recently 2015

In addition, prospective new employees for active police officer certification must undergo an examination by a licensed psychologist or psychiatrist and be declared in writing by the psychologist or psychiatrist to be in satisfactory psychological and emotional health. The required examinations will be made by a physician and psychologist or psychiatrist of the City's choice and will be paid for by the City.

All records relating to the medical condition, medical testing, or drug testing of an employee or prospective employee are maintained separately from employee personnel files. These medical files are confidential and are not released to anyone unless a "need to know" has been clearly established. Only the City Administrator and the Director of Human Resources have access to employee medical records.

**3.13   REFERENCE AND BACKGROUND CHECKS**
To ensure that individuals who are employed by the City are well qualified and have a strong potential to be productive and successful, it is the policy of the City to check the employment references and backgrounds of all prospective employees.

Where applicable, Human Resources also checks transcripts to verify educational credentials. References for internal candidates will be coordinated through Human Resources.

The City of Selma Police Departments conducts background checks on all prospective employees, including full-time, part-time, temporary, and seasonal employees. All job applicants must sign a release form permitting the background check. The release form is attached to the job application. All releases and background check information will be maintained in the Human Resources office.

**3.14   VERIFICATION OF ELIGIBILITY TO WORK**
In order to comply with the Immigration Reform and Control Act of 1986, each new employee is required to complete and sign an INS Form I-9 within three days of his or her first day of employment to provide proof of his or her identity and employment eligibility.

**3.15   DRIVING RECORD**
Every City employee who is required to drive a vehicle or operate a piece of equipment, which requires a valid driver's license, must maintain a safe driving record. For this reason, when an offer of employment is made to a prospective employee, the prospective employee must submit a certified copy of his/her driving record. If an offer of employment is made, the employment will be contingent on what is shown on the driving record. The Director of Human Resources conducts driving records checks with the Department of Public Safety.

**3.16   DURATION OF EMPLOYMENT**
All employees of the City are hired for an indefinite period of time and, regardless of the stated frequency of their wages or salaries (e.g., per month, per year, etc.), may be terminated by the City at any time, with or without cause or notice; just as all employees

*(handwritten left margin):* 10+ yrs Never Voted Roberts Fraud

46

are free to leave employment with the City at will. No promises to the contrary will be binding on the City unless clearly set forth in a written agreement signed by the City Administrator and approved by the City Council.

**3.17   DISQUALIFICATION**
An applicant is disqualified from employment by the City if he or she:

- Does not meet the minimum qualifications for performance of the duties of the position involved;

→ • Knowingly makes a false statement or material omission on the application form or during the pre-employment interview process;

→ • Has committed fraud during the selection process;

- Is not legally permitted to hold the position;

- Has offered or attempted to offer money, service, or any other thing of value to secure an advantage in the selection process;

- Is not able to perform the essential functions of the position, with or without reasonable accommodation;

- Has failed to submit the application to the designated place or within the prescribed time limit; or

- Has failed to produce within three days of employment original legal document(s) that establish identity and employment eligibility.

**3.18   PLACEMENT**
**3.18.01  Job Offers.** After a job applicant is approved by the City of Selma, the Department Head or Director of Human Resources shall notify the successful job applicant of their conditional offer of employment.

**3.18.02  Job Rejection Letters.** Within ten (10) working days after the job offer has been accepted, non-selected job applicants who were interviewed may be notified. The Department Head or Director of Human Resources may send a Job Rejection Letter to each job applicant who was not selected for a job opening.

**3.18.03  Medical and Psychological Examinations.** Once a conditional offer of employment has been made to a candidate, the Director of Human Resources will arrange a pre-employment examination which will include drug testing, a psychological evaluation (when necessary) and a physical examination to determine if the candidate can perform the essential job related requirements as listed on the job description. The City of Selma will determine the health professional to provide these services.

*(handwritten right margin):* 10+ yrs > Majority While Roberts Practice of Neglected policies after Roberts Fraud notice to City Council 3.07, 3.24

47

Exhibit L2

**12.06.05  Physician Restrictions.** If the employee's physician restricts an employee from taking part or performing certain physical activities outside the workplace, the employee shall abide by these restrictions. Violating the physical restrictions placed upon the employee by their physician shall be grounds for the termination of benefits under this program and the termination of employment.

**12.06.06  Limited Duty is Issued Property.** Depending upon the regular position held by the employee participating in the Return to Work Program, certain property issued to and/or authority bestowed upon the employee may be temporarily suspended (i.e. Police Officer may be no longer authorized to carry a weapon or make an arrest. Firefighter may not be authorized to respond to an emergency call, etc.).

**12.06.07  Abuse of Program.** If the City Administrator or designee determines any employee is abusing the Return to Work Program, it may result in disciplinary action, up to and including immediate termination.

**12.06.08  Outside Work.** Any employee on Limited Duty is not eligible to work for any other employer while participating in this Program. If the City Administrator or designee determines any employee is working for any other employer while participating in this Program, it may result in disciplinary action, including immediate termination.

**12.06.09  Limited Duty Time Sheets.** If Limited Duty is available in the Department the employee is regularly assigned, the employee shall account for their time as though the employee were on regular duty.

If Limited Duty is in a department other than the Department the employee is regularly assigned, the employee shall account for their time as though the employee were on regular duty, but the time record shall be approved by the Department Head for the department where the employee is temporarily assigned.

**12.06.10  Medical Support.** If it becomes questionable as to the eligibility to participate, or the eligibility for continued participation in the Return to Work Program, the information leading a Department Head to believe the employee's eligibility is in question shall be provided to the City Administrator or designee. The City Administrator or designee, in his/her discretion, may require the employee to undergo an independent medical examination to evaluate the employee's medical condition and report back to the City Administrator or designee.

Any participant, before eligible to return to their regularly assigned position, must present a release signed by a physician authorizing the employee's return to the employer's regularly assigned duties.

**12.06.11  Legal Compliance.** Any state or federal law, if found in conflict with this policy, shall supersede this policy to the limited extent of the provision(s) affected. The remaining policy provisions shall remain in full effect and shall be construed together to carry out the intent of the policy.

85

---

Termination will be reserved for serious violations or for failure to correct previously documented behavioral/rule violations. Once terminated, the employee will not be allowed to serve the City of Selma in any capacity.

**15.02  GROUNDS FOR DISCIPLINE OR TERMINATION**
An employee may be subject to discipline, including but not limited to, termination for any of the following actions: (this list, however, is not exhaustive and the City retains the right to consider the appropriateness of termination on a case-by-case basis):

a. Incompetence or inefficiency.
b. Conduct unbecoming of a City employee.
c. Violation of any policy or rule established by this manual.
d. Insubordination or violation of any lawful order or policy.
e. Misrepresentation of facts concerning all facets of employment to include: misleading or bad faith claims against another employee and appointments.
f. Acceptance of a bribe.
g. Felony conviction.
h. Negligent or willful damage, waste or destruction of City property.
i. Unlawful political activity.
j. Using an extension of the credit of the City for any purchase of goods, services or equipment (unauthorized purchases).
k. Use of alcohol or illegal drugs while on duty.
l. Absence without leave or abuse of leave.
m. Tardiness.
n. Unauthorized disclosure of information not for public release.
o. Release of confidential information without authorization.
p. Clocking in for another employee or permitting or arranging for another employee to record a time card.
q. Improperly downloading files that may contaminate City information systems and/or databases.
r. Accessing objectionable or improper material.
s. Being untruthful to extent character, integrity or judgment cannot be relied upon.

**15.03  GROUNDS FOR IMMEDIATE TERMINATION**
Some actions may be grounds for immediate termination without progressive actions taking place. These actions include but are not limited to:

a. Theft of City or employee property.
b. Willful destruction of public or private property while on duty.
c. The illegal use, sale or possession of a controlled substance while on duty   or use of such controlled substance off the job which affects job performance or safety.
d. Reporting to work under the influence of a controlled substance.
e. Reporting to work under the influence of alcohol or possession of alcohol on the job.
f. Fighting or horseplay on the job.

99

I never terminated Roberts, yet

---

## 17.00  PERSONNEL POLICIES

**17.01  POLICY**
The City Administrator and City Attorney may conduct a review of the policies and submit any necessary or recommended changes to the City Council for approval. Any changes, modifications or amendments to these policies must be adopted by the City Council of the City of Selma at any regular or special meeting of the Council. No changes or amendments shall become a part of these rules unless approved by the City Council.

Employees of the City are responsible for maintaining current knowledge and understanding of all personnel policy changes and for requesting clarification or assistance when needed to ensure the understanding of the policies.

Department Heads and employees will be notified of any changes to the personnel policy as soon as practicable, after any changes are made and approved by City Council.

**17.02  PERSONNEL RECORDS**
The City Administrator or designee shall be responsible for the proper maintenance and security of all personnel files. Personnel records, except medical records, are maintained in a secure central location by the Director of Human Resources. Medical records are kept in a separate confidential file maintained by the Director of Human Resources.

Personnel records will be released only to Department Heads with the Director of Human Resources maintaining a log of all personnel files released. The respective employee, Department Head or proper designee may request; upon approval, to view the employee's file, but it must remain with the City Administrator or within the Human Resources department. The employee's personnel file will not contain any medical records, drug/alcohol tests or any I-9 forms.

Employees may sign a release of information form that would authorize information in their personnel file to be released to requestors. Any information regarding drug/alcohol test results or information herein shall only be kept between the testing facility, City Administrator, Director of Human Resources and the proper Department Head.

No information will be removed or added to any personnel file without the specific approval of the City Administrator or Director of Human Resources.

**17.03  DISCLOSURE**
Some information in an employee's personnel file is public information and must be disclosed upon request. Specific items are exempted from disclosure by law. No information from any record placed in an employee's file will be communicated to any

105

Neglected to get permission to change Roberts job description and illegally pass bids to Larry Verser who was not authorized to possess or pass bids to anyone including Marc Schnall w/out an official meeting 12/27/14.

Rattlesnare Practice of illegal Deviation from Policy



63

# 1.00 GENERAL POLICIES

(2)

**1.01 AUTHORITY**
These policies are established by the City Council, and any deletions, amendments, revisions, or additions to the policies must be approved by the City Council. These policies completely replace and supersede any and all personnel manual previously adopted, individually or as a set of policies, by the City Council.

In addition to the personnel manual, Department Heads may establish departmental rules and regulations that relate specifically to personnel issues in their departments, as long as they do not conflict with these policies. If there is a conflict between a departmental rule or policy and these policies or any future amendments to these policies, the terms of these policies shall prevail. Additionally, departmental rules and regulations must be approved by the City Administrator.

In cases where Federal Laws, State Laws or regulations supersede local policy for specific groups of employees, such as Law Enforcement Officers and/or Firefighters, those laws or regulations will substitute for these personnel policies only insofar as necessary to comply.

**1.02 SEVERABILITY**
The provisions of these policies are severable, and if any provision or part of a provision is held invalid, illegal, or unenforceable, this shall not affect the validity of the remaining provisions or parts of provisions, which shall remain in force and effect. Changes in state or federal law or regulations will supersede these policies and/or departmental policies from the effective date of the law or regulation forward.

**1.03 IMPLEMENTATION OF PERSONNEL MANUAL**
The City Administrator is ultimately responsible for the administration of the personnel manual. The Director of Human Resources is responsible for the day-to-day administration of these policies.

**1.04 PURPOSE OF PERSONNEL POLICIES**
The policies set forth the primary rules governing employment with the City. They have been prepared and adopted in order to promote consistent, equitable, and effective practices by both employees and supervisors who will provide high quality public service to the citizens of the City of Selma. These policies do not constitute a contract between the City and any of its employees, but, rather, are intended as guidelines for personnel administration.

**1.05 APPLICABILITY OF PERSONNEL MANUAL**
The personnel manual applies equally to all employees of the City unless a class of employees is specifically exempted by these policies. In cases where federal or state laws or regulations supersede local policy for specific groups of employees, such laws

or regulations will substitute for the personnel manual only insofar as necessary for compliance.

**1.06 DISSEMINATION OF PERSONNEL POLICIES**
The City Administrator oversees the maintenance of the official set of the personnel manual with all revisions for reference by employees. In addition, the Director of Human Resources will provide a complete copy of the policies and copies of all subsequent revisions if requested by an employee. If a question arises about a particular policy, the official set of policies maintained by the City Administrator should be consulted and will prevail.

Each City employee should view and print a copy of the policies located on the city server. Each employee is required to read it carefully and to adhere to the rules and regulations stated herein. Upon viewing the personnel policy, all employees are required to sign a document acknowledging that they have received them and promising to read them promptly, and to present any questions they may have about the policies to their supervisor or the Director of Human Resources.

**1.06 AUTHORITY FOR CREATION OF POSITIONS**
Excluding positions established by statutory requirements, all offices and positions in the City are created by the City Council. Compensation rates are controlled by the budget, developed by the staff and approved by the City Council.

**1.07 ADMINISTRATION**
With the exception of appointments reserved to the City Council by law, ordinance or City Council decree, authority and responsibility is vested with the City Administrator for the conduct and administration of Municipal Affairs. The City Administrator shall have the basic responsibility for the personnel program herein, specifically:

Responsible for effective and efficient personnel management;

a. Hire, train, develop and discipline the employees of the City consistent with the provisions of this manual, Federal and State laws. The City Administrator may, with the approval of the Mayor and City Council, authorize the head of each department to appoint, and/or remove personnel within their department;

b. Work individually with each Department Head to develop and maintain an aggressive employee training program;

c. Perform such other duties and exercise such other powers in personnel administration as may be prescribed by law, ordinance, Council direction and this manual.

**1.08 RELATIONSHIP WITH CITY COUNCIL**
Officers and employees under the supervision of the City Administrator will observe the City Policy that states, "the Mayor and Council shall deal with the officers and

employees under the supervision of the City Administrator, through the City Administrator alone, or as the case may warrant, the City Administrator and Department Heads." However, this prohibition does not preclude the Council members or the Mayor from open communication with any City employee.

Each City employee will get their direction and instruction from the City Administrator or their designee, except as otherwise directed, and from no other person. Violation of this provision cannot be accepted and will be grounds for dismissal from City service.

**1.10 DEPARTMENT HEADS**
Department Heads under the supervision of the City Administrator are responsible for enforcing the rules and regulations contained in this manual and for providing assistance and advice to employees in order to maintain consistent compliance with these policies. Department Heads are expected to set an example by their ethical and moral conduct, as well as their work habits, and shall assist employees in interpreting policies should clarification be needed.

**1.11 EQUAL EMPLOYMENT OPPORTUNITY**
The Equal Employment Opportunity (EEO) Policy and its contents are prepared with the approval of and in cooperation with the Mayor and City Council. Any deletions, amendments, revisions or additions to the policy must be approved by the Council. This policy supersedes any and all EEO policies previously adopted, individually or as a set of policies by the City Council.

The EEO policy was created to provide City of Selma (City) employees with a user friendly summary of the relevant laws and the City's EEO policy. This policy and any addendum to this policy are to be distributed to all employees.

It is the City's policy to provide Equal Employment Opportunity to all employees and applicants for employment and prohibits discriminatory employment actions against and treatment of City employees and applicants for employment based on actual or perceived race, color, national origin, citizenship, religion, gender, disability, age, military status, genetic predisposition, sexual orientation, or status as a victim of domestic violence, a sex offense or stalking or any other protected class status. Our EEO policy applies to all areas of employment, including: recruitment and hiring, compensation and benefits, promotion and transfer, training and development, discipline and discharge, and recreational and social activities. The City sustains these principles by ensuring decisions affecting employment are made based on individual performance and demonstrated abilities. Effective utilization of qualified, available personnel requires more than just a statement of policy.

Simply stated:

- We are committed to recruiting qualified candidates for employment from minority targeted and public services.

- We are committed to considering female and minority applicants for vacancies in all job classifications and will make employment decisions based on individual job-related qualifications.
- We are committed to providing promotion and upgrade opportunities to all qualified females and minority group employees.
- We are committed to providing equal opportunity for qualified employees to participate in the City's sponsored training programs.
- We will continue to compensate all employees fairly according to their job classification and individual performance.

Through implementation and enforcement of this policy, and through education of all employees, the City seeks to discourage, prevent, correct and when necessary sanction behavior that violates the City's policy on discrimination and retaliation.

**1.11.01 Prohibited Employment Policies and Practices.** Decisions and practices based on an individual's protected status that unlawfully affect employment or the compensation, terms, conditions or privileges of an individual's employment or potential employment with the City of Selma are prohibited by this policy. This includes unlawful decisions, actions and practices that occur in the course of recruitment, testing, hiring, work assignments, salary and benefits, working conditions, performance evaluations, promotions, training opportunities, career development, transfers, discipline, discharge or any other application or selection process relating to employment.

Retaliation against a person who opposes or complains about prohibited conduct or participates in any way in the complaint, investigation or reasonable accommodation processes are strictly prohibited.

This policy also prohibits the denial of reasonable accommodations (for disabilities; religious beliefs, observances and practices; or for victims of domestic violence, sex offenses or stalking).

**1.11.02 Applicability.** This policy applies to everyone who works for the City or who seeks employment with the City. The policy not only protects individuals from prohibited employment because of their own protected status, but also protects individuals from conduct motivated by the actual or perceived race, religion, national origin or disability, etc., of other persons with whom they are associated.

This policy extends to conduct which occurs at any location that could be reasonably regarded as an extension of the workplace, such as any field location, off-site business-related social function, City vehicle or facility where City business is conducted and discussed.

**CITY OF SELMA**

**PERSONNEL POLICY MANUAL**

April 10, 2014
Supersedes All Prior Policies

**NOTICE TO THE EMPLOYEE**

The City of Selma has prepared this Personnel Policy Manual as a guide to help you understand policies and procedures of this City. It has been prepared and adopted in order to promote consistent and effective practices by the employees, Department Heads and City Administrator that will result in high quality public service to the citizens of the City. This Personnel Policy Manual is not a contract for employment nor does it bind employees to the City, but rather, guidelines for acceptable operating procedures. You are an at-will employee, meaning you are free to resign at any time, just as the City is free to terminate your employment for any reason, at any time. This provision may be modified only in writing, signed by the Mayor of the City of Selma and authorized by the City Council.

Note that all references made within these policies to the "City" are in reference to the City of Selma, Texas

Specifically, with reference to contracts, no officer or employee of the City who exercises any functions or responsibilities in the review or approval of an undertaking or the carrying out of one of the City's contracts shall participate in any decision relating to that contract if the decision affects his or her personal pecuniary interest.

**2.11 POLITICAL ACTIVITY**
Employees of the City are encouraged to vote and to exercise other prerogatives of citizenship consistent with state and federal law and these policies.

An employee, in his or her official capacity, may not:

- Use his or her official authority or influence to interfere with or affect the result of an election or nomination for office;
- Directly or indirectly coerce, attempt to coerce, command, or advise a local or state officer or employee to pay, lend, or contribute anything of value to a party, committee, organization, agency, or person for a political purpose;
- Use funds provided by the State of Texas to influence the passage or defeat of any legislative measure in the Texas Legislature or the outcome of any election; or
- Use his or her working time or City resources to participate in a political campaign of another person for an elective position or for any other political purpose. (This includes making political speeches, soliciting by telephone, distributing political literature, or writing or handing letters related to a political campaign or activity.)

All City employees are prohibited from participating in any way in any political activity while wearing a City uniform, regardless of whether the employee is on duty or on his or her own time. In addition, no City-owned property, vehicle, building, and/or office may be used for displaying campaign materials or for conducting any partisan political activity.

City employees will not be required to contribute to any political fund or render any political service to any person or part whatsoever. No employee will be removed, reduced in pay, reassigned or otherwise prejudiced by their refusal to do so. This applies to all municipal, county, district, state, national special district or special election. Political activities while on the job are strictly prohibited.

Employees must refrain from stating their opinions or views on any political issues or candidates. Employees are prohibited from openly supporting candidates for City offices or issues before the Council. Political activity, of any kind, will not be tolerated during working hours.

**2.12 COMMUNICATIONS**
**2.12.01 Staff to City Council, Public, and Media.** Communication with the public and the media about City issues or problems is the responsibility of the City Administrator. Employees are to refer members of the public or news media to the City Administrator if a question is non-routine, controversial, or outside the scope of the employee's normal duties, and are to notify the City Administrator of scheduled interviews with the news media.

**2.12.02 Internal Communications.** From time to time, an employee may be given work instructions from or asked questions by a City employee or official outside the normal chain of command. In such cases, it is the employee's responsibility to notify his or her immediate supervisor in a timely manner about the instruction or question, its purpose, the relevant facts of the situation, and the employee's response to the direction or question. Supervisors are responsible for reporting these incidents promptly through the chain of command to the City Administrator in those instances where there could be adverse consequences.

In any case, a determination of timeliness for reporting an incident through the chain of command will be based on the nature of the instruction, request, or question; any potential adverse consequences of the employee's response and/or the time frame during which an amended response could alter potentially adverse consequences. Timeliness generally means not later than the beginning of the next shift.

**2.12.03 Council to Staff.** Except for the purpose of inquiries and investigations specifically authorized by statute, the council or its members shall deal with City officers and employees who are subject to the direction and supervision of the City Administrator solely through the City Administrator. Neither the council nor any of its members shall give work instructions or orders to any City officer or employee, either publicly or privately, unless specifically authorized by statute.

**2.13 CHAIN OF COMMAND**
Individual City employees are responsible to the Department Head or City Administrator or to a supervisor designated by the Department Head or City Administrator. Department Heads are responsible to the City Administrator. The City Administrator is responsible to the City Council as a whole. Directions regarding work to be done, expected results, the adequacy of work performance, and grievances will follow the chain of command.

**2.14 SOLICITATION OF FUNDS FOR CITY PROJECTS**
At times, projects may be undertaken whereby funds are solicited from private citizens, businesses, and organizations on behalf of the City. Before any solicitation of funds is begun, the Department Head must notify and receive the approval of the City Administrator. Participation on the part of any City employee in a fund raising effort on behalf of the City is strictly voluntary.

Attachment 4

*Exhibit M*



Gmail - Declaration of Write-In Candidacy

AwC C <craina2014@gmail.com>

---

## Declaration of Write-In Candidacy

AwC C <craina2014@gmail.com>                    Wed, Feb 22, 2017 at 6:25 PM
To: Johnny Casias <jcasias@ci.selma.tx.us>, mayor@ci.selma.tx.us

   It appears that you have not recieved the certified letter and necessary documents. I would direct your attention to the attachments. Notice the time stamp is before 12 midnight 2 21 17, consist with the rules.
   What was troubling is the fact that your actions were not consistent  with your statements in the election packet. The fact that you neglected the duty to receive the packet according to the rules set fourth concems me.

   We will revisit the inconsistencies in the near future.I will be in contact with you soon. Thank you. ... Alton on Alton
   [Quoted text hidden]

---

**2 attachments**


**20170222_181255-1.jpg**
1113K


**Screenshot_2017-02-22-18-06-32.png**
226K

16 days advance Notice of a complaince regarding voting rights & the Governing by Chief Exec. Neglected the duty under TLGC 22.042 The Same issue was present Dec 23 2014 w/ the "Notice of bid tampering"-FHA violations See Exhibit (H)

Exhibit XI

**HEARST MediaWorks**

Hearst Media Services | San Antonio Express-News
mySA.com | ExpressNews.com | Conexión
The San Antonio Light | EN Community & Military Newspapers
a division of the HEARST CORPORATION

**SAN ANTONIO EXPRESS NEWS**
**AFFIDAVIT OF PUBLICATION**

**STATE OF TEXAS:**
**COUNTY OF BEXAR**

Before me, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared Lynette Nielsen, who after being duly sworn, says that she is a BOOKKEEPER of THE HEARST CORPORATION (SAN ANTONIO EXPRESS-NEWS DIVISION), a daily newspaper published in Bexar County, Texas and that the publication of which the annexed is a true copy was published to wit:

Customer ID: 2153513
Customer Name: City Of Selma
Order ID: 2647746

Publication
Publication Date
SE TEXAS
25 NOV 14
NE Hearst

Pub. Date
SE TEXAS
25 NOV 14

Lynette Nielsen
Bookkeeper

Sworn and subscribed to before me, this 26 day of Nov A.D. 2014

Notary public in and for the State of Texas

After work # 10

① ✳

---

FOR PARCEL #5

LOTS 17 & 18 REMAINDER
BLOCK 11
MAGNOLIA BLVD
SELMA PARK ESTATES
SUBDIVISION

OFFICE

$24,000.00



JOSE A. BOSTOS
14303 PURPLE MARTIN
SAN ANTONIO TX 78233

" FOR PARCEL # 5 "

JOSE A. BOSTOS
(210) 772 7784

RECEIVED
DEC 22 2014
4:48 pm
City of Selma Finance Dept.

winning bidder
bid accepted
3 day after bid
closing = unfair
processing bias

as dead for plaintiff
was 12/19/14 by 5 pm
according to pg # 1

ATTACHMENT 9

①



Entity Name : : : : SEARS
Entity ID : : : : 8523
Contract Type / ID : : : 17   10-01-15 to 10-01-16   LIAB

*Bad Faith*

## LIABILITY DECLARATIONS OF COVERAGE

*CV-7 request w/in Policy limits*

### GENERAL LIABILITY

| | | | |
|---|---|---|---|
| Limits of Liability | : $ | 5,000,000 | Each Occurrence |
| Sudden Events Involving Pollution | : $ | 2,000,000 | Each Occurrence |
| | : $ | 10,000,000 | Annual Aggregate |
| Deductible | : $ | 10,000 | Each Occurrence |
| Annual Contribution | : $ | 4,065 | Effective  : 10-01-15 |
| Billable Contribution | : $ | 4,065 | Anniversary: 10-01-16 |

### LAW ENFORCEMENT LIABILITY

| | | | |
|---|---|---|---|
| Limits of Liability | : $ | 5,000,000 | Each Occurrence |
| | : $ | 10,000,000 | Annual Aggregate |
| Deductible | : $ | 10,000 | Each Occurrence |
| Annual Contribution | : $ | 14,152 | Effective  : 10-01-15 |
| Billable Contribution | : $ | 14,152 | Anniversary: 10-01-16 |

| | | | |
|---|---|---|---|
| | $ | | Each Wrongful Act |
| | $ | | Annual Aggregate |
| Deductible | $ | 10,000 | Deductible Each Wrongful Act |
| Annual Contribution | $ | 9,219 | Effective  : 10-01-15 |
| Billable Contribution | $ | 9,219 | Anniversary: 10-01-16 |

Total Billable Contribution | $ | 27,436 | Contract Effective    10-01-15
Contract Anniversary  10-01-16

Exhibit P

4:34:25 to 4:35:25 of Selma City Hall Lobby requested per TPIA was deliberately altered to Exclude Bustos & Casias Exchange and bids in bid terms & conditions.





To date, the City of Selma refuses to produce the missing minute have an extremely neg. impact on plaintiffs ability to prove this case of bid tampering & evidence tampering