UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUL 1 2 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

ALTON CRAIN §
PLAINTIFF PRO SE §
§
VS. § 5:16-CV-00408-XR
§
City of Selma, Thomas Daly, Ken Roberts, §
Harry Greene, James Parma, Phillip Swinney, §
Johnny Casias, Larry Verner, Robert Klaener, §
Kenneth Harris, Marc Schnall, Kevin Hadas §
DEFENDANTS §

## AMENDED COMPALINT TO UNIFY ALL FILED CLAIMS

Plaintiff Pro Se petitioned the court to unify claims in his June 29, 2017 Hearing/Status conference. United States District Court Judge Xavier Rodriguez permitted an amendment to unify all claims.

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Pro Se Alton Crain, (pursuant to FRCP 15) motions to reassert all previously filed and ruled upon claims (labeled Section 1 and Section 2) and includes additional violations of ministerial law (labeled Section 3) outlined in the **Texas Election Code - 141.035. Application as Public Information, Texas Election Code - 141.032 (a) (b). Review of Application; Notice to Candidate-, Texas Election Code - 146.054(a) (b. Filing Deadline** (defined below) that illustrate a concerted effort by City of Selma Employees and the Governing Body to deprive the Plaintiff of Constitutional rights under 42 US 1983:

1) Section 1, Individual Liability, filed September 30, 2016, and ruled on March 3, 2017, is submitted herein in its original form.

2) Section 2, City Liability under Monell reasserting all claims filed March 27, 2017 submitted herein in its original form.

3) Section 3, Election Irregularities by Individuals (Mayor Tom Daly, Council members Ken Harris, Kevin Hadas, James Parma, and Harry Greene, City Administrator Johnny Casias, and City Attorney Marc Schnall) and the Governing Body.

4) Section 4, Pre-litigation TPIA for TML General Liability coverage (March 7, 2016) provided by Selma City Attorney Marc Schnall.

http://www.statutes.legis.state.tx.us/?link=LG (Election Code and Local Gov't Code citation)

**Texas Election Code - 141.035. Application as Public Information**

An application for a place on the ballot, including an accompanying petition, is public information immediately on its filing.

**Texas Election Code - 141.032. Review of Application; Notice to Candidate-**

(a) On the filing of an application for a place on the ballot, the authority with whom the application is filed shall review the application to determine whether it complies with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot.

(b) Except as provided by Subsection (c), the review shall be completed not later than the fifth day after the date the application is received by the authority

**Texas Election Code - 146.054. Filing Deadline**

(a) Except as provided by Subsection (b), a declaration of write-in candidacy must be filed not later than 5 p.m. of the fifth day after the date an application for a place on the ballot is required to be filed.

(b) For an election to be held on a uniform election date, the day of the filing deadline is the 74th day before election day.

## Section 3

### Election Irregularities under (42 USC 1983)

Election Irregularities by Individuals (Mayor Tom Daly, Council members Ken Harris, Kevin Hadas, James Parma, and Harry Greene, City Administrator Johnny Casias, and City Attorney Marc Schnall):

1. The Plaintiff Pro Se Crain, emailed a written request (February 9, 2017, at 3:29 p.m.) to the Selma City Administrator Johnny Casias (City Secretary for administration of the elections process) and Assistant City Administrator Wyatt Agee (subordinate of City Administrator Casias) to obtain copies of the AW2-15 forms before the close of the business day at 5:00 p.m. (see Exhibit 1).

2. Plaintiff Pro Se Crain visited the Selma City Hall at 4:00 p.m., February 9, 2017, and City Administrator Casias and Assistant City Administrator Agee refused to produce copies of the AW2-15 forms for the three May 2017 candidates (Kevin Hadas, Jim Parma, and Ken Polasek).

3. At 4:28 p.m., February 9, 2017, Plaintiff Pro Se emailed City Administrator Johnny Casias and Assistant City Administrator Wyatt Agee an attachment of the Texas Election Code Title 9 detailing the law that requests for candidates' election applications (see Exhibit 2).

4. At 4:51 p.m., February 9, 2017, Plaintiff Pro Se Crain emailed Selma City Administrator Casias and Assistant City Administrator Agee, that they should have produced the candidates' election applications *"immediately on its filing"* per attachment Texas Election Code, Section 141.035 (see definition below and Exhibit 3 ).

5. On February 10, 2017 at 9:32 a.m., Plaintiff Pro Se emailed a copy of Texas Election Code Title 9 Candidates to Selma City Administrator Johnny Casias, Assistant City Administrator Wyatt Agee, Mayor Tom Daly, and Councilman Harry Greene (see Exhibit 4).

6. Plaintiff Pro Se received no responses from City Administrator Casias and Assistant City Administrator Wyatt Agee until February 22, 2017, 8:30 a.m. (the day after the deadline for application submission and thirteen (13) days after the February 9, 2017, email requests) (see Exhibit 5).

7. The City Administrator Johnny Casias, Assistant City Administrator Wyatt Agee, Mayor Tom Daly, and Councilmen Harry Greene were aware since the Plaintiff's February 10, 2017, email (eleven (11) days before the deadline for election applications) that Plaintiff wanted to run for Selma Council, Place 4 (see Exhibit 4).

8. City Attorney Marc Schnall and City Administrator Johnny Casias (both operating in their official capacity) and the Governing Body members (Mayor Tom Daly, Council members Ken Harris, Kevin Hadas, James Parma, and Harry Greene) had a clear constitutional and ministerial duty (Texas Election Code - 141.035, Texas Election Code - 141.032, & Texas Election Code - 146.054) to process the Plaintiff's valid write-in candidacy application. The City Administrator and the Governing Body were aware that the Plaintiff's valid write-in election application was receipted at 1:14 p.m., February 23, 2017 (three (3) days before the February 26, 2017, write-in deadline) but the City Administrator Casias and the Governing Body intentionally ignored Plaintiff's valid write-in application and refused to certify the Plaintiff's write-in candidacy (see Exhibit 6

a & b-1:14 p.m., February 23, 2017, Notification of Certified Receipt of Plaintiff's Write-in Candidacy) (per Texas Election Code - 141.032, & Texas Election Code - 146.054).

9. Further, the Texas Secretary of State, determined an **"election Irregularity"** that the filing deadline was actually 5:00 p.m., February 21, 2017 (see Exhibit 7), not "midnight Tuesday, February 21, 2017"), which the Plaintiff relied on "midnight" Election Packet instruction (see Exhibit 10a). The Texas Election Code - 146.054 states: *"(a) Except as provided by Sub(b), a declaration of **write-in candidacy must be filed not later than 5 p.m. of the fifth day after the date an application for a place on the ballot is required to be filed**."* The Governing Body and City Administrator were aware that Plaintiff's write-in application was received at 1:14 p.m., February 23, 2017, (see Exhibit 6b). The City Administrator and the Governing Body, were in possession of the Plaintiff's valid write-in application and fully aware that the Plaintiff, a United States citizen and Selma resident, wanted to exercise his constitutional right to run for elected office. (see Exhibit 10 a-Application for Write-in Candidacy with election irregularity highlighted 10 b-h, Plaintiff's valid write-in application, per Texas Election Code 146.054)

10. Per **Monell v. Department of Social Services, 436 U.S. 658,** the local government" may not be sued under 1983 for an injury inflicted **solely** by its employees or agents." The **"whole"** local Governing Body (Mayor and City Council) inflicted injury when they refused to follow the ministerial laws referenced above and deliberately refused to acknowledge receipt of the Plaintiff's write-in application. Furthermore, the Governing Body voted to cancel the election thus depriving the Plaintiff of his constitutional right to run for elected office. The Governing Body's "joint venture" of voting and passing Ordinance 030917-01 declaring that the "*City Secretary has certified in writing that no*

*person has made a declaration of write-in candidacy, and that each candidate on the ballot is unopposed for election to office;"* intentional, clearly dishonest, and cancelling the May 2017 election deprived Plaintiff of Constitutional rights (see Exhibit 8).

11. The acts stated above illustrate a pattern and practice of deviating from ministerial duties under the law. Further, the City Attorney Marc Schnall, Selma City Administrator Johnny Casias, and the Governing Body discriminated against Plaintiff Pro Se who is an African American, United States Citizen, by refusing to allow him to run against the white, incumbent Kevin Hadas.

12. The City of Selma violated the Voting Rights Act of 1965 which protects every American against racial discrimination in voting. Section 2 of the Act (42 U.S.C. 1973) makes it illegal for any state or local government to use election processes that are not equally open to minority voters, or that give minority voters less opportunity than other voters to participate in the political process and elect representatives of their choice to public office.

http://www.statutes.legis.state.tx.us/?link=LG (Election Code and Local Gov't Code citation)

**Texas Election Code - 141.035. Application as Public Information**

An application for a place on the ballot, including an accompanying petition, is public information immediately on its filing.

**Texas Election Code - 141.032. Review of Application; Notice to Candidate-**

(a) On the filing of an application for a place on the ballot, the authority with whom the application is filed shall review the application to determine whether it complies with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot.

(b) Except as provided by Subsection (c), the review shall be completed not later than the fifth day after the date the application is received by the authority

**Texas Election Code - 146.054. Filing Deadline**

(a) Except as provided by Subsection (b), a declaration of write-in candidacy must be filed not later than 5 p.m. of the fifth day after the date an application for a place on the ballot is required to be filed.

(b) For an election to be held on a uniform election date, the day of the filing deadline is the 74th day before election day.

http://www.statutes.legis.state.tx.us/?link=LG (Election Code and Local Gov't Code citation)

<u>Deprivation of Rights to Run be brought under (42 USC 1983)</u>

*Blessing v. Freestone, 520 U.S. 329, 341 (1997).* *(a) A plaintiff seeking § 1983 redress must assert the violation of a federal right, not merely of federal law. Blessing v. Freestone, 520 U.S. 329, 341 (1997) When it applied this analysis to the claim before it, the First Circuit found that the plaintiff voter and others like her could pursue a claim under § 1983.*

*Golden State Transit Corp. v. Los Angeles,* <u>493 U. S. 103</u>, *106. Three principal factors determine whether a statutory provision creates a privately enforceable right:*

(1) *whether the plaintiff is an intended beneficiary of the statute;*

Plaintiff is a U.S. Citizen and qualified candidate who intended to exercise the benefit of citizenship. run for office, and serve the community

(2) *whether the Plaintiff's asserted interests are not so vague and amorphous as to be beyond the competence of the judiciary to enforce; and....*

The Plaintiff asserted his rights according to clearly established rights in the U.S Constitution and City of Selma Election Packet as a Write-in Candidate (per Texas Election Code state law 146.054).

(3) *whether the statute imposes a binding obligation on the State…*

The U.S. Constitution imposes clear and binding rights on the State of Texas which establishes that every qualified U.S. Citizen has the right to Run for Elected Office.

Threshold demonstrated Election Irregularities can be perused in 42 USC 1983

In Bullock v. Carter, 1… While one may "have no right" to be elected, or appointed to an office, all persons "do have a federal constitutional right to be considered for public service without the burden of invidiously discriminatory disqualification. The State may not deny to some the privilege of holding public office that it extends to others on the basis of distinctions that violate federal constitutional guarantees."

1. *As for the plaintiff's use of § 1983 as a remedy, if a plaintiff satisfies the threshold inquiry and demonstrates that Congress intended to confer an individual right the right is presumptively enforceable by § 1983.*

The US constitution/congress intended for all qualified citizens U.S. to have the right to run for office. (see USCIS link below)

2. *To rebut that presumption, the defendant must show that Congress **shut the door** to private enforcement.*

Ministerial law, Texas Election Code Statute 146.054 gives Plaintiff the right to Run for elected office as a Write-in candidate and have his application processed per Texas Election Code Statute 141.032. Congress created Texas law is consistent with the US constitution Therefore, Congress does not **shut the door** on the Plaintiff who is a qualified US citizen entitled to "Freedom to pursue "life, liberty, and the pursuit of happiness" per USCIS." Texas Statute 146.054 expressly creates the right compatible with individual enforcement under § 1983. The City of Selma deprived The Plaintiff of the "liberty" to run for elected office when Employees and the Governing body refused to process the Plaintiffs valid write-in ballot submitted per Texas Election Code 146.054.

Ministerial law or duties outlined in the Texas Local Government Code and Texas Election Code give the governing body no choice but to follow the law. The Defendants are liable for failure to properly perform ministerial duty and negligent Election postings. City of Selma Governing Body's and official's failure to perform ministerial duties required by law led to Fair Housing Act Deprivation of Constitutional right to a fair bid process under 42 USC 1983 and deprivation of the Constitutional right to Run for Elected Office under Texas Election Code Title 9. (See Section 2, filed March 27, 2017, Elections, Exhibit C)

https://www.uscis.gov/citizenship/learners/citizenship-rights-and-responsibilities

http://www.nlrg.com/public-law-legal-research/civil-rights-help-america-vote-act-creates-individual-right-enforceable-through-1983

http://www.statutes.legis.state.tx.us/?link=LG (Election Code and Local Gov't Code citation)

### Violations of the Law a Pattern and Practice in the City of Selma

Therefore, any claim that Employees and Governing bodies actions are isolated incidents is a misrepresentation. The violation of ministerial duty under TLGC 271.026 in 2014-2015, Texas Election Code 141.035 and 146.054 in 2017, and Texas Penal Code - PENAL § 32.52. Fraudulent, Substandard, or Fictitious Degree as early as 2003 through written remonstrance to Mayor James Parma was aware of Ken Roberts' Fictitious Degrees establishes a pattern a practice.

1. Because the incidents of deviating from law or ministerial duty took place over years 2003-2017 establishes a governing body and individual capacity pattern and practice of negligence under Monell under 42 US 1983.

2. In closing, without a city charter, a pattern and practice of rogue government has existed since James Parma was the City of Selma Mayor in 2003-2010. The pattern of rogue government follows:

First, the **practice** of City of Selma Employees and Governing Body has been **to post** or present to the public a facially neutral procedure or policy.

Second, the **pattern** of City of Selma Employees and the Governing Body is to **ignore ministerial law** before making discretionary decisions, resulting in violations of "matter of law" such as 1) TLGC 271.026 in 2014-2015, 2) Texas Election Code 141.035 and 146.054 in 2017).

Third, City of Selma Employees' and Governing Body's, past and present pattern is to post a "facially, neutral" procedure. After the public posting of the procedure, the City of Selma Employees and the Governing Body ignored ministerial law. The City of Selma Employees' and the Governing Body's negligence and arrogance leads to the deprivation of constitutional rights under 42 USC 1983.

Finally, former Mayor James Parma's' acceptance of former City Administrator Ken Roberts 2003 and 2007 Resumes containing fraudulent misrepresentations violated Texas Penal Code - PENAL § 32.52. Fraudulent, Substandard, or Fictitious; City of Selma Employees Manual 3.07 Application for Employment and 3.17 Disqualification from Employment (See Section 1-September 30, 2016 filing for City of Selma Personnel Policy Manual Attachment (page 43 and 47) Attachment 4; and Attachment 17, Mayor James Parma (the Chief Executive of the Governing Body) on December 1, 2007, at 2:00

p.m., accepts and creates a pattern and practice of fraud for a second time since Ken Roberts' acknowledges violation of Texas Penal Code 32.52, May 21, 2003.) Lawless governing practices were introduced by Selma former Mayor and current Selma Councilman James Parma who was warned in 2003 and 2007 of former City Administrator Kenneth Roberts' resume fraud (Section 1, Attachment 17 a & b). Lack of respect for ministerial law continues 2010-2017 under the current Mayor Tom Daly.

## Section 4

## Defendants Joint Venture Liability under Texas Municipal League Risk Pool Insuring Agreement III. Limits of Liability B

1. City of Selma Employees and Members of the Governing Body (Defendants) in performing a Proprietary function (Public Auction of excess properties) in 2014-2015 and February 2017 (Election Write-in Candidate Application) Defendants Operating in their individual and official capacity persistently displayed a pattern and practice of deviating from State and Federal policy in 2014, 2015, 2017 resulting in the Deprivation of the Plaintiff's constitutional rights under 42 USC 1983.

2. The Defendants (Marc Schnall, Ken Roberts, Johnny Casias, Robert Klaener, Larry Verner, Tom Daly, Kevin Hadas, Ken Harris, Jim Parma, Harry Greene, Phillip Swinney) or City of Selma Employees' and Governing Body's, negligent performance of ministerial law (TLGC 271.026 in 2014-2015, Texas Election Code 141.035 and 146.054 in 2017) or any proprietary duties (outlined below) establishes liability:

Tex. Civ. Prac. & Rem. Code § 101.0215 (b). *101.0215 of the Act specifically lists three activities that are considered proprietary and 36 activities that are considered governmental functions. The proprietary functions listed in the statute include the operation and maintenance of a public utility; the operation of amusements that are owned and operated by the municipality; and any activity that is abnormally dangerous or "ultrahazardous". Tex. Civ. Prac. & Rem. Code § 101.0215 (b). ==It is important to note that the list of 36 governmental functions is exclusive, while the list of proprietary functions is not.== This means that, for the purposes of the Act, only these 36 specifically enumerated activities are considered governmental functions. Conversely, even though the statute lists three activities as "proprietary functions", the reality is that, for the purposes of the Act, ==any activity that the city engages in that is not listed as a governmental function is considered proprietary in nature. If a proprietary function is involved and liability is established, there is no limit to the amount of damages that may be awarded.==* (1) police and fire protection and control;(2) health and sanitation services;(3) street construction and design;(4) bridge construction and maintenance and street maintenance;(5) cemeteries and cemetery care;(6) garbage and solid waste removal, collection, and disposal;(7) establishment and maintenance of jails;(8) hospitals;(9) sanitary and storm sewers;(10) airports, including when used for space flight activities as defined by 100A.001;(11) waterworks;(12) repair garages;(13) parks and zoos;(14) museums;(15) libraries and library maintenance;(16) civic, convention centers, or coliseums;(17) community, neighborhood, or senior citizen centers;(18) operation of emergency ambulance service;(19) dams and reservoirs;(20) warning signals;(21) regulation of traffic;(22) transportation systems;(23) recreational facilities, including but not limited to swimming pools, beaches, and marinas;(24) vehicle and motor driven equipment maintenance;(25) parking facilities;(26) tax collection;(27) firework displays;(28) building codes and inspection;(29) zoning, planning, and plat approval;(30) engineering functions;(31) maintenance of traffic signals, signs, and hazards;(32) water and sewer service;(33) animal control;(34) community development or urban renewal activities undertaken by municipalities and authorized under Chapters 373 and 374, Local Government Code;(35) latchkey programs conducted exclusively on a school campus under an interlocal agreement with the school district in which the school campus is located; and(36) enforcement of land use restrictions under Subchapter E, Chapter 212, Local Government Code.

- b. (b) This chapter does not apply to the liability of a municipality for damages arising from its proprietary functions, which are those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality, including but not limited to:
    - (1) the operation and maintenance of a public utility;
    - (2) amusements owned and operated by the municipality; and
    - (3) any activity that is abnormally dangerous or ultra hazardous.

*Qualified immunity provides protection from liability for discretionary actions **taken in good faith** within the scope of the officer's or employee's authority. **Determination of whether an action was taken in good faith is a fact issue** and a discretionary action involves the exercise of discretion or judgment. **There is no qualified immunity for ministerial** (i.e. mandatory) actions for which the public servant has no choice.*

The City of Selma (individual employees and governing body) violated the ministerial law or duty cited herein.

http://www.conservapedia.com/42_U.S.C._%C2%A7_1983

https://www.tml.org/legal-qna/2005February.pdf

http://www.statutes.legis.state.tx.us/Docs/CP/htm/CP.101.htm

## **TML Liability Insurance Declarations**

Selma City Attorney Marc Schnall provided Plaintiff with TML policy limits, deductible, and usage information in response to Plaintiff's TPIA requests (March 7, 2016, Pre-litigation) which was prior to filing of this lawsuit (May 3, 2016).

Definition X Joint Venture. - *Joint Venture under this Agreement shall mean a relationship by which the Member and one or more other persons, organization, or legal entities combine their labor, property, or resources for the mutual benefit in a single undertaking for either a definite period or on a continuing basis.*

TML Liability for the individual members and the governing body acting a **one** is outline below:

*Section III General Liability coverage*

> B. *With respect to the members liability arising out or any **joint venture** to which this coverage applies, the **Fund** shall not be liable for any amount greater than the **pro rata** share of the **damages** based on the number of participants in the **joint venture**, unless the **members'** liability is expressed or otherwise contractually in the **joint venture** agreement*

The Defendants (Employees and Governing body) are members of TML. Defendants operating in their "individual capacity" neglected to follow the law. The Governing body lawmakers in their "official capacity" operated in their joint capacity as one body also neglected to follow the law and voted in a single undertaking to disregard ministerial duties written in TLGC 271.026 and Texas Election Code 141.035 and 146.054.

The proprietary functions (e.g., 2014-2015 FHA property auction and May 6, 2017, election) were "Joint Ventures" involving the Defendants (Employees and Governing Body). The number of participants in the joint venture for 2014-2015 FHA property auction (City of Selma, Tom Daly, Ken Roberts, Harry Greene, James Parma, Phillip Swinney, Johnny Casias, Larry Verner, Robert Klaener, Kenneth Harris, Marc Schnall, & Kevin Hadas) neglected ministerial duty under the law. The number of participants in the joint venture for the May 6, 2017, election (City of Selma, Thomas Daly, Harry Greene, James Parma, Johnny Casias, Kenneth Harris, Marc

Schnall, & Kevin Hadas) neglected ministerial duty under the law. Because the Defendants actions are not listed in the 36 governmental functions or the three (3) proprietary functions, there is no limit to the amount of damages that may be awarded. (see Exhibits 9 a-General Liability Coverage, 9 b-Liability Declarations of Coverage, & 9 c-TML Definition of Joint Venture).

All City of Selma TML Policy Information was legally provided to the Plaintiff per Texas Attorney General ruling pre-litigation. Statements above illustrate the Plaintiffs' entitlement to the aggregate limits for all defendants named in this suit.

> http://www.statutes.legis.state.tx.us/?link=LG (Election Code and Local Gov't Code citation)
>
> https://en.wikipedia.org/wiki/Monell_v._DeSectionment_of_Social_Services_of_the_City_of_New_York (Monell)
>
> http://codes.findlaw.com/tx/penal-code/penal-sect-32-52.html

## CONCLUSION AND PRAYER

In Summary, lawless governmental practices stripped the Plaintiff of constitutional rights during the City of Selma's 2014-2015 bidding process, and the May 6, 2017, Election as a write-in candidate. The Plaintiff was deprived the constitutional right to Run for Elected Office because the City of Selma refused to yield to ministerial law before making proprietary and discretionary decisions. Based on violations of ministerial duty, the City of Selma Employees and the Governing Body are liable for negligence.

The Defendants first obligation is always the ministerial duty to abide by the law. The Defendants neglected to follow TLGC 271.026 and Texas Election Code 141.035 and 146.054. Defendants' assertion of qualified immunity based on "issues of fact" or any other issue is

baseless because the Defendants failed and neglected to perform the "issues of law" cited above for processing property auction bids (2014-2015) and for processing write-in candidate applications (2017). The Defendants negligence deprived the Plaintiff of constitutional rights protected by 42 USC 1983. Defendants have not demonstrated they are entitled to any form of immunity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court to do the following:

a. Allow the Plaintiff to combine the September 30, 2016, filing (Ordered on March 3, 2017 (Section 1) with the March 27, 2017, claims (Section 2) along with the present claims (Section 3).

b. Deny Defendants' claims for Immunity based on the violation of TLGC 271.026 and others "Issues of Fact".

c. Deny the Defendants' demand for Jury trial based on the "matter of law" violations, TLGC 271.026. and Election Code 141.032(a)(b) 146.054 posting and processing irregularities.

d. Declare Defendants liable for failure to perform ministerial acts of duty required by law, TLGC 271.026 and other mentioned above.

e. Award Plaintiff all other relief to which it is entitled.

Respectfully Submitted,

By: Alton W. Crain Jr
Pro Se Litigant

Alton Crain
8528 Alton Blvd
Selma Texas, 78154
210-667-8239

Signed _AC_

Date  7-12-17

Crain vs City of Selma :     XR  pg. 15

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### San Antonio DIVISION

Alton Crain

**PLAINTIFF**

v.

City of Selma et. al.

**DEFENDANT(S)**

CASE NUMBER 5:16-cv-00408-XR

Motion to Amend and Join all Complaints
City of Selma, Thomas Daly, James Parma, Marc Schnall, Kenneth Roberts, Johnny Casias, Robert Klaener, Phillip Swinney, Larry Verner, Harry Greene, Kenneth Harris, Kevin Hadas

Now comes __Alton Crain__, Plaintiff *pro se*, and requests the Court to: Accept the Pro Se Plaintiffs' Amended Complaint which combines all past and present claims against the Defendants above filed within the time set forth (14 days) as requested and permitted by Judge Xavier Rodriguez per 6/29/17 Hearing/Status conference.

Date: 7-12-17

Signature: /s/

Address: 8528 Alton Blvd
Selma Texas 78154

Phone: 210 667 8239