## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTON CRAIN, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. SA-16-CV-408-XR |
| CITY OF SELMA, Et. Al., | § § § | |
| *Defendants.* | § § | |

## ORDER

Alton Crain, proceeding pro se, essentially[1] brings a claim under the Fair Housing Act alleging that the City of Selma and various city officials discriminated against him because of his race (Black) when they allegedly sold a property to another bidder who was Hispanic. Crain alleges that the Hispanic bidder, Jose Bustos, was given either confidential bidding information or allowed to submit a late bid, which resulted in the City accepting Mr. Bustos's bid for the parcel of land (known as Parcel No. 5).

In addition, Crain brings a claim under 42 U.S.C. § 1983, alleging that the City and its officials discriminated against him by refusing to place him on the May 2017 ballot as a candidate for City Council, Place 4.

---

[1] Plaintiff's complaints in this case have been difficult to understand. In the Third Amended Complaint there does not appear to be any claims alleging a violation of the Fair Housing Act. Given that the parties have briefed these issues with the understanding that a Fair Housing Act violation is still at issue, and given that the Plaintiff is proceeding on a pro se basis, the Court construes the Third Amended Complaint as a supplement to his Amended Complaint.

## Motion to Compel

Pending is Crain's motion to compel. Crain alleges that there exists video surveillance from December 19, 2014, that depicts City Administrator Johnny Casias speaking with Jose Bustos at 4:34 p.m. for about one minute. The City responds that it has produced this video to Plaintiff. Crain responds that he believes it has been altered because the video produced to him does not show Mr. Casias. The City states that there has been no alteration because the video equipment only captured activity when it detected motion.

Crain also appears to complain that video of a January 8, 2015 meeting was destroyed, altered or not produced. Crain alleges that Marc Schnall merely gave City Council members a spreadsheet, rather than the original bids, that failing to open the original bids at a public meeting violated Tex. Local Gov't Code 271.026, and the video would have captured this violation. The City contends that no video recordings were taken of the Executive Session held on January 8, and accordingly there is no video to produce.

Further, Plaintiff argues in his January 17, 2018 filing that the Defendants are failing to produce "text messages" regarding the 2014 bid process and the 2017 City Council elections.

Finally, Plaintiff claims that the Defendants have refused to respond to Requests for Admissions that he has propounded.

## Analysis

The City deposed Robert Klaerner, the Information Technologist/Network Administrator for the City of Selma. He testified that he preserved the December 19, 2014 video, he did not alter the video, he made an exact copy of the video, the video shows Mr. and Mrs. Bustos, but

does not show Mr. Casias, that a view of Mr. Casias may have been blocked by a Christmas tree in the area, that he does not have the ability turn on and off the recording system, and that "jumps" in time in the recording result when motion is not detected and then motion is again detected. Otherwise, the City and Mr. Casias admit that Mr. Casias spoke with Mr. and Mrs. Bustos that afternoon and answered questions they asked. The video taken on December 19 would not have captured any verbal conversation that took place. Plaintiff only presents his subjective belief that the December 19 video has been altered. Accordingly, Plaintiff's motion to compel and for sanctions is denied.

With regard to the January 8 video, Plaintiff likewise fails to present any evidence that such a video exists. Further, the relevance of the video is questionable. Texas Local Gov't Code § 271.026 states: "Bids may be opened only by the governing body of the governmental entity at a public meeting *or* by an officer or employee of the governmental entity at or in an office of the governmental entity." (Emphasis added). Accordingly, this statute would not have prevented the opening of the bids at the City offices and compiling the results into a spreadsheet for presentation to the City Council. Accordingly, Plaintiff's motion to compel and for sanctions is denied.

### Defendants' motion for summary judgment

Defendants argue that Crain's bid of $17,622 for the parcel of property was not the highest bid, that the award was given to Jose Bustos because he submitted a bid of $24,000, Bustos's bid was not submitted late (despite an incorrect date/time stamp), and Crain was not discriminated against because of his race. Alternatively, the City argues that Crain's bid would

have been rejected in any event because the bid was below the appraised value set by Stouffer & Associates.

Under 3604(b) of the Fair Housing Act, it is illegal "to discriminate against any person in the terms, conditions and privileges of sale . . . of a dwelling, or in the provision of services or facilities in connection therewith, because of race . . . ." Dwelling is defined by 42 U.S.C. § 3602(b) to include "any vacant land which is offered for sale for the construction or location thereon as a residence." Plaintiff claims that he bid on the property with the intent to build a home; this allows Parcel 5 to act as a "dwelling" for the purposes of the FHA.

In *Pack v. Fort Washington II*, the court held that "[a] plaintiff may proceed under § 3604(b) under either disparate impact or disparate treatment, or both." 689 F. Supp. 2d 1237, 1243 (E.D. Cal. 2009) (citing *Budnick v. Town of Carefree*, 518 F.3d 1109 (9th Cir. 2008)). Under the test laid out in *Pack*, a plaintiff states a claim under the FHA by showing "that a protected group has been subjected to explicitly differential—i.e. discriminatory treatment." *Pack*, 689 F. Supp. 2d at 1243 (citing *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995)). Plaintiff here claims that a non-Black person (Bustos) was provided favorable information, allowed to revise his bid, and submit the revised bid late. Plaintiff claims that he is Black and was not provided the same information and treatment.

Defendant's motion for summary judgment is denied because material fact issues exist. Although the City claims that Bustos' bid was in fact timely and a mere clerical error resulted in an incorrect time stamp, fact issues exist on this issue. Fact issues also exist as to what information Mr. Casias gave Mr. Bustos and whether Bustos was allowed to submit a revised bid. Finally, the City's reliance that Crain's bid would have ultimately been rejected because the

bid was below the appraised value set by Stouffer & Associates fails because the public information provided by the City relied upon Bexar County Appraisal District numbers, not Stouffer & Associates.

With regard to the Section 1983 claim, the City argues that Crain's application, submitted on the last eligible day, omitted his date of birth and office sought (Place number), that Tex. Election Code § 141.031 requires the date of birth to be included on the application, and that because of these omissions his application was rejected. Crain then allegedly attempted to file a declaration as a write-in candidate. February 21, 2017 was the deadline to submit this application, but Crain untimely attempted to submit a declaration on February 22. The City thereafter sought the advice of the Texas Secretary of State's office to determine whether Crain's application could be received, but was told the late declaration was invalid. Accordingly, the City argues that Defendants committed no constitutional violation for which there is relief under Section 1983.

Inasmuch as Plaintiff is proceeding pro se, this Court has liberally interpreted his pleadings and argument. At the January 23, 2018 hearing, Plaintiff argued that he was discriminated against because of his race because he initially requested an application from the City on February 9, but it refused to give him the application because of his race. He also argued that non-Black candidates also failed to fully complete their applications and omitted their dates of birth, but nevertheless were allowed to be placed on the ballot. Accordingly, the Court finds that material fact issues exist and the motion for summary judgment is denied without prejudice to refiling.

Defendants argue that City Council members Kevin Hadas, Harry Greene, Kenneth Harris, Philip Sweeney in their individual capacities are entitled to legislative immunity for their actions in accepting the Bustos bid for Parcel 5. Local legislators are absolutely immune from suit under § 1983 for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 118 S. Ct. 966, 140 L. Ed. 2d 79 (1998). Defendant's motion for summary judgment on this issue is GRANTED.

Defendants City Attorney Marc Schnall and IT Director Robert Klaerner argue that they are entitled to qualified immunity for their actions in providing counsel and IT support to the City. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Navarro v. City of San Juan, Tex.*, 624 F. App'x 174, 178 (5th Cir. 2015). Plaintiff fails to establish that Schnall or Klaerner violated any statutory or constitutional right. Defendants' motion for summary judgment on this issue is GRANTED.

## Conclusion

Plaintiff's motions to compel (docket nos. 60 and 65) are denied. Plaintiff's motion to stay case (docket no. 66) is denied. Defendants' motion for summary judgment (docket no. 64) is granted in part and denied in part.

Defendants Hadas, Swinney, Greene, Harris, Klaener and Schnall are dismissed.

Because of the confusing nature of how the allegations in this case are pled, Defendants Daly, Parma, Roberts and Verner are granted leave to file a new motion to dismiss based on qualified immunity, but should specifically address what actions, if any, they undertook in this case.

6

Because of the allegations asserted against Defendant Casias (discriminatory treatment claim regarding the Parcel 5 bidding), his claim for qualified immunity is denied. However, again because of the confusing nature of the allegations, he is granted leave to file a new claim for qualified immunity if he had no role in the alleged discriminatory refusal to place Plaintiff on the ballot for City Council.

SIGNED this 23rd day of January, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE