IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTON CRAIN | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | |
| THOMAS DALY, JAMES PARMA, | § | |
| KENNETH ROBERTS, JOHNNY CASIAS, | § | CIVIL ACTION NO. 05:16-cv-0408-XR |
| KEVIN HADAS, PHILLIP SWINNEY, | § | |
| HARRY GREENE, KENNETH HARRIS, | § | |
| LARRY VERNER, ROBERT KLAERNER, | § | |
| AND MARC SCHNALL, | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

_____

**DEFENDANTS CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA,
KEN ROBERTS, JOHNNY CASIAS AND
LARRY VERNER'S MOTION FOR SUMMARY JUDGMENT**
_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE XAVIER RODRIGUEZ:

NOW COMES **CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA, KEN ROBERTS, JOHNNY CASIAS** and **LARRY VERNER**, Defendants in the above entitled and numbered cause, and pursuant to Rule 56, FEDERAL RULES OF CIVIL PROCEDURE, files this their Motion for Summary Judgment and in support thereof would respectfully show unto the Court the following:

**I.**

Defendants **CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA, KEN ROBERTS, JOHNNY CASIAS** and **LARRY VERNER** would show unto the Court that there is

no genuine issue as to any material fact and that they are entitled to judgment, as a matter of law.[1]

## II.

Defendants **CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA, KEN ROBERTS, JOHNNY CASIAS** and **LARRY VERNER** incorporate into their Motion for Summary Judgment for all purposes the following exhibits:

(1) Exhibit A - Affidavit of Ken Roberts;
(2) Exhibit B - Deposition of Ken Roberts;
(3) Exhibit C - Affidavit of Johnny Casias;
(4) Exhibit D - Deposition of Johnny Casias;
(5) Exhibit E - Affidavit of Jose Bustos;
(6) Exhibit F - Affidavit of City Attorney Marc J. Schnall;
(7) Exhibit G - Deposition of Mayor Tom Daly;
(8) Exhibit H - Deposition of Councilman James Parma;
(9) Exhibit I - Deposition of Councilman Kevin Hadas;
(10) Exhibit J - Affidavit of Rebecca Del Toro;
(11) Exhibit K - Sealed Bid Summary; and,
(12) Exhibit L - Email from the Texas Secretary of State.

The above Exhibits A and L are hereby incorporated by reference for all purposes.

## III.

Defendants **CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA, KEN ROBERTS, JOHNNY CASIAS,** and **LARRY VERNER** would show unto the Court that the following list identifies the pertinent City Officials as follows:

(1) **Thomas Daly** - Current Mayor of the City of Selma.

(2) **James Parma** - Former Mayor; Current Councilman - City of Selma, who had no involvement in any of the incidents made the basis of this lawsuit.

---

[1] This Court previously dismissed Defendants Councilmen Kevin Hadas, Phillip Swinney, Harry Greene, Kenneth Harris, Robert Klaerner and City Attorney Marc Schnall. (Dkt. 73)

(3) **Kevin Hadas** - Council Member – City of Selma dismissed from suit.

(4) **Harry Greene** - Council Member – City of Selma dismissed from suit.

(5) **Kenneth Harris** - Council Member – City of Selma dismissed from suit.

(6) **Phillip Swinney** - Former Councilman – City of Selma dismissed from suit.

(7) **Johnny Casias** - Current City Administrator – City of Selma; (He was the Assistant City Administrator at the time of the Incident).

(8) **Ken Roberts** - Retired City Administrator of the City of Selma. (He was the Current City Administrator at the time of the Incident).

(9) **Robert Klaerner** - Employee - IT Department – City of Selma dismissed from suit.

(10) **Larry Verner** - Employee - Planning Department – City of Selma.

(11) **Marc J. Schnall** - City Attorney – City of Selma dismissed from suit.

### IV.

Plaintiff Alton Crain's Third Amended Complaint (Dkt. 54) is an ultracrepidarian resuscitation of allegations against the City of Selma and its officials. This Court appointed counsel to Plaintiff (Dkt. 87). Plaintiff Crain's live pleadings rise under 42 U.S.C. § 3604 (Fair Housing Act) and 42 U.S.C. §1983 concerning the TEXAS ELECTION CODE.

Plaintiff Crain's complaint under the Fair Housing Code arises from his failed bid at Parcel No. 5 in the City of Selma's bidding process. Plaintiff was one of three bidders who bid on Parcel No. 5 and Jose Bustos' bid of $24,000.00 exceeded Crain's bid of $17,622.00. Plaintiff Crain alleges that he was discriminated against under the FAIR HOUSING ACT since he was an African-American and a non-African-American was the

successful bidder. Plaintiff's second cause under 42 U.S.C. § 1983 alleges that he was discriminated against under the TEXAS ELECTION CODE when he failed to meet the standard set out by the Secretary of State and was not placed on the ballot in February of 2017.

Defendant **CITY OF SELMA AND ITS OFFICIALS** would show unto the Court that there is no custom or policy under ***Monell*** that was the moving force behind Plaintiff's alleged Constitutional deprivation. Defendants assert that there is no evidence that race played any part in any of the decisions made by the City of Selma concerning the awarding of the bid to the highest bidder and in not including Plaintiff Crain in the election ballot of February 2017.

Defendant City Officials **MAYOR THOMAS DALY** and **COUNCILMAN JAMES PARMA**, as members of the City Council assert legislative immunity and qualified immunity. This Court has previously granted legislative immunity to the City Council Members Hadas, Sweeney, Greene and Harris. James Parma was not even involved as an Official in the City of Selma at the time of the bidding process and during the time of the election process had no interaction or dealings with Plaintiff Crain concerning the election.

The employees for the City of Selma, including former City Administrator Ken Roberts, Current City Administrator Johnny Casias, and Employee Larry Verner assert qualified immunity for all of Plaintiff's claims.

## V.
## UNDISPUTED FACTS

Defendants **CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA, KEN ROBERTS, JOHNNY CASIAS,** and **LARRY VERNER** assert unto the Court the following facts are undisputed:

(1) On November 13, 2014, the City of Selma City Council authorized nine (9) parcels of land to be sold by adoption pursuant to Resolution 111314-01. The plan was to sell said property based on an August 11, 2014 appraisal report from Stouffer & Associates current market value or above. On November 26, 2014, the City of Selma published the Public Notice of Bids with a statement included, **"The City Council of the City of Selma reserves the right to reject any offer for any parcel."** (*See, Exhibit B - Deposition of Ken Roberts, p. 9-10; Exhibit F – Affidavit of City Attorney Marc Schnall*);

(2) On December 19, 2014, the bidding was closed on all nine (9) parcels of land. Parcel No. 5 is the parcel of land in question. The highest bidder for Parcel No. 5 was Jose Bustos at $24,000.00. The second highest bidder was Plaintiff Alton Crain at $17,622.00. The appraisal firm retained by the City of Selma, Stouffer & Associates, appraised the current market value of Parcel No. 5 at $19,250.00. Plaintiff Crain was not the highest bidder (*See, Exhibit A – Affidavit of Ken Roberts; Deposition of Ken Roberts, pp. 15-20*);

(3) Of all the bids tendered to the City of Selma concerning the nine (9) parcels of land in question, only Plaintiff Alton Crain was allowed to withdraw his original bid and replace it with a second bid. (*See, Exhibit A – Affidavit of Ken Roberts; Exhibit B - Deposition of Ken Roberts, p. 27*);

(4) The sealed bids were turned into City Attorney Marc Schnall who opened the bids and created a spread sheet of the sealed bid summary. No one, besides the City Attorney, was aware of the Stouffer & Associates evaluations. City Attorney Marc Schnall presented the spreadsheet in executive session. (*See, Exhibit B - Deposition of Ken Roberts, pp. 21-23; 36; Exhibit F – Affidavit of City Attorney Schnall; Exhibit K - Sealed Bid Summary*);

(5) On January 8, 2017, the City Council for the City of Selma approved the sale of Parcel 5 to the highest bidder, Jose Bustos for

    $24,000.00. This was the only sale of the 9 parcels of property since the other 8 parcels fell below the current market value. (*See, Exhibit A – Affidavit of Ken Roberts; Exhibit B - Deposition of Ken Roberts, p. 25-26; Exhibit K – Sealed Bid Summary*);

(6) February 17, 2017 was the deadline for the City of Selma General Election Ballot Application. Plaintiff Alton Crain filed an application on the deadline date but forgot to include his date of birth and failed to state the office sought for election. (*See, Exhibit C – Affidavit of Johnny Casias; Exhibit D - Deposition of Johnny Casias, pp. 75-77; Exhibit L – Email from the Texas Secretary of State*);

(7) On February 21, 2017, the deadline for the City of Selma Declaration as a write-in candidate expired. On February 22, 2017, Plaintiff Crain attempted to untimely email his Declaration as a Write-In Candidate which **was** untimely. On February 23, 2017, the Texas Secretary of State Division staff attorney Andre Montgomery explained to City Manager Casias that both applications for Plaintiff Crain were invalid. (*See, Exhibit C – Affidavit of Johnny Casias and Exhibit L - Email from Texas Secretary of State*).

## VI.
## FAIR HOUSING ACT

Claims of housing discrimination are evaluated under the burden shifting framework articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The elements of a prima facie case of housing discrimination are as follows:

(1) The plaintiff is a member of a protected class;

(2) The plaintiff sought and was qualified to purchase the housing;

(3) The defendant denied the plaintiff the opportunity to purchase the housing; and,

(4) The housing opportunity remained available to other purchasers.

Once a plaintiff has established a prima facie case of discrimination, the burden shifts to the Defendant to assert a legitimate, non-discriminatory rational for the

challenged decision. If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that the discrimination was the real reason for defendant's actions. The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. ***Saint Mary's Honor Ctr. v. Hicks***, 509 U.S. 502, 507 (1993); ***Byrd v. Rochester Housing Authority***, 2018 W.L. 2739790 (W.D. NY, June 7, 2018).

This Court's first Order granting in part and denying in part Defendant's Motion for Summary Judgment (Dkt. 73) posed three questions concerning Plaintiff's Fair Housing claim as follows:

1. Was Jose Bustos' bid in fact timely and a mere clerical error resulted in an incorrect time stamp?
2. What information Mr. Casias gave Mr. Bustos and whether Bustos was allowed to submit a revised bid?
3. The City's reliance that Crain's bid would have ultimately been rejected because the bid was below the appraised value set by Stouffer & Associates.

Each of these queries will be addressed respectively.

### A. THE JOSE BUSTOS BID.

Defendant City Administrator Ken Roberts explained in his deposition the procedure for the chain of custody of all the bids during the bidding process. *(See, Exhibit B – Deposition of Ken Roberts, pp. 15-20).* The sealed bids were collected in a large envelope and held in a locked drawer in Ken Roberts' Office desk. Ken Roberts' desk was locked Friday night at the close of the bidding process. The following Monday, December 22, 2014, City Administrator Roberts opened his desk with the sealed bids in large envelope and had an employee transport the sealed bids to the City Attorney Marc

Schnall's Office. *(See, Exhibit B – Deposition of Ken Roberts, pp. 21-23)*. City Attorney Marc Schnall opened the sealed bids and prepared a Sealed Bid Summary for the City Council's review. *(See, Exhibit F – Affidavit of City of Attorney Marc Schnall; Exhibit K – Sealed Bid Summary)*. Defendant City Administrator Ken Roberts testified in deposition that no further bids were submitted to him on Monday, December 22, 2014. *(See, Exhibit B – Deposition of Ken Roberts, pp. 54-56)*.

Selma – Sealed Bids Summary

| Parcel No. | Appraisal District 2014 Value | Stouffer & Associates 2014 Appraised Value | Bidder | Bid Amount | Was Bid Conforming? |
|---|---|---|---|---|---|
| 1 | $21,468 | $24,500 | Richard Owen III | $ 9,527 | Yes |
| 2 | 9,076 | 21,000 | Richard Owen III | 7,527 | Yes |
| 3 | 10,734 | 24,500 | Richard Owen III | 7,527 | Yes |
| 4 | 40,710 | 35,250 | Ernest L. Banks III | 30,000 | No – outside of sealed bid had legal description but not parcel number; bid was for Lots 22 and 23, not all 3 lots offered as Parcel 4 |
| 4 | 40,710 | 35,250 | Richard Owen III | 11,727 | Yes |
| 4 | 40,710 | 35,250 | Juan G. and Nelda Frias | 3,500 | No – parcel number was not on outside of sealed bid envelope |
| 5 | 16,020 | 19,250 | Jose A. Bustos | 24,000 | Yes |
| 5 | 16,020 | 19,250 | Alton Crain | 17,622 | Yes |
| 5 | 16,020 | 19,250 | Richard Owen III | 8,517 | Yes |
| 6 | 15,210 | 22,250 | Ernest L. Banks | 15,000 | No – outside of sealed bid envelope had legal description but not parcel number |
| 6 | 15,210 | 22,250 | Richard Owen III | 11,727 | Yes |
| 6 | 15,210 | 22,250 | Ruben Rios | 3,000 | Yes |
| 7 | 15,210 | 22,250 | Richard Owen III | 9,727 | Yes |
| 8 | 16,630 | 25,750 | Jose A. Bustos | 10,000 | Yes |
| 8 | 16,630 | 25,750 | Richard Owen III | 7,627 | Yes |
| 9 | -0- | 920,000 | Richard Owen III | 31,027 | Yes |

Defendants would show unto the Court that Jose Bustos was present at City Hall on December 19, 2014 with his wife to submit his bid concerning Parcel 5. *(See, Exhibit E – Affidavit of Jose Bustos).* Jose Bustos did not know Mr. Casias, prior to December 19, 2014 nor did he ever call him on that day. Mr. Bustos requested maps of the locations of the parcels subject to the bids which were given to him by Mr. Casias. Mr. Bustos second question was whether or not there was a starting bids for each parcel. Mr. Casias told him he could not give any information about what amounts to bid for the parcels being sold. Mr. Bustos then submitted his bids on December 19, 2014 close to 5:00 p.m. *(See, Exhibit E – Affidavit of Jose Bustos).*

Defendant Assistant Administrator Johnny Casias met Mr. Bustos for the first time on December 19, 2014 in response to Mr. Bustos inquiries concerning the bidding parcels in question. *(See, Exhibit C – Affidavit of Johnny Casias).* Defendant Johnny Casias' cell phone records were subpoenaed through a deposition by written questions for the records of December 19, 2014 as the Court requested. The cell phone inventory shows that there were no incoming or outgoing calls to Johnny Casias cell phone by Jose Bustos. *(See, Exhibit D – Deposition of Johnny Casias, p. 77).*

Defendants assert that through the direct testimony of former City Administrator Ken Roberts, Assistant City Administrator Johnny Casias and the successful bidder Jose Bustos that a chain of custody has been established evidencing the fact that Jose Bustos did in fact submit his bids on December 19, 2014 and did not have any advantage over Plaintiff Crain. In fact, Jose Bustos only submitted one bid for Parcel 5, which turned out to be the successful bid for parcel 5. Plaintiff Crain was allowed to withdraw his first bid

for Parcel 5 and submit a submit a second bid for Parcel 5, as a courtesy. If anyone was given preferential treatment by the Defendant City of Selma, it was Plaintiff Alton Crain. *(See, Exhibit A – Affidavit of Kenneth Roberts).*

### B. INFORMATION FROM CASIAS TO BUSTOS CONCERNING THE BID PROCESS.

Defendants assert unto the Court that Jose Bustos and his wife, were present at the City Hall for the City of Selma on December 19, 2014 concerning the bidding process. Jose Bustos did not submit a revised bid, but in fact only submitted one bid for Parcel 5 to the City of Selma on December 19, 2014 at approximately 5:00 p.m. *(See, Exhibit E – Affidavit of Jose Bustos).* Mr. Bustos inquired as to the map of the parcels of property concerning the bid process and inquired as to whether or not there was a starting bid on any of the properties. Defendant, Assistant Administrator Johnny Casias, provided a map to Jose Bustos outlining the parcels for sale, but did not give him any information concerning the amount of any bid for the parcels of land. *(See, Exhibit C – Affidavit of Johnny Casias; Exhibit E – Affidavit of Jose Bustos).* Neither City Administrator Ken Roberts nor Assistant City Administrator Johnny Casias knew Jose Bustos prior to December 19, 2014. *(See, Exhibit B – Deposition of Ken Roberts, p. 25; Exhibit C – Affidavit of Johnny Casias).* Defendants would further show unto the Court that Plaintiff was the only one who was allowed to submit to two bids. He withdrew his original bid and resubmitted a second bid which was allowed by Defendant Ken Roberts. *(See, Exhibit B – Deposition of Ken Roberts, pp. 27).* Defendants assert that the only reason Jose Bustos (a member of a protected class) was awarded Parcel 5, was that he outbid Plaintiff Crain by $6,400.00. Jose Bustos was the highest bidder and Plaintiff Crain has

refused to accept reality. Defendants assert that there is no evidence, direct or circumstantial that race played any part in the bidding process concerning Jose Bustos being the highest bidder for Parcel 5. Defendants assert that Plaintiff has failed to establish a prima facie case and/or in the alternative has failed to show that the awarding of the highest bid was pretext.

### C. STOUFFER & ASSOCIATES.

The Court's final inquiry in its Order under Dkt. 73 concerned the Defendants reliance on the fact that Plaintiff Crain's bid would have been rejected in any event since it was below the appraised value set by Stouffer & Associates. The Court points out that the public information provided by the City of Selma relied upon the Bexar County Appraisal District numbers and not Stouffer & Associates. In fact, none of the bidders were made aware of the Stouffer & Associates evaluation. *(See, Exhibit B – Deposition of Ken Roberts, p. 36).*

The sealed bids were delivered to City Attorney Marc Schnall' s Office on December 22, 2014. City Attorney Schnall determined which bids were conforming and produced a sealed bid summary for City Council consideration. Jose Bustos' bid for Parcel 5 was the only bid that was successful. All bids that were below the Stouffer & Associates Appraisal concerning the other 8 parcels of land were rejected as the City Council had reserved the right to reject any bid.

Defendants assert that one can judge the process as being flawed, but the process itself was not racially motivated. Defendant City of Selma simply chose the highest bidder.

Defendants assert an analogous case of *Peek v. Pines Apartment LLP*, 278 F.Supp.3d 679 (W.D. NY 2017), as instructive. In *Peek*, plaintiffs brought a FAIR HOUSING ACT complaint alleging that they were being discriminated against based on their religion. The Court went through the ***McDonnel Douglas*** analysis and ultimately decided the case as to whether or not Plaintiffs denial was pretext. The Court held that the record supported plaintiff's claims that they were treated unfairly but that the same record did not support plaintiff's complaint that they were treated unfairly due to religious beliefs. The Court reasoned that to get to the jury, it is not enough to disbelieve the defendant but rather the fact finder must also believe that plaintiff's explanation of intentional discrimination. Plaintiffs need not demonstrate that discrimination based on their religious beliefs was the "sole reason they were denied housing" only that it was a motivating factor in the defendant's decision. The Court granted summary judgment for Pines Apartment LLP holding that the record did not support plaintiffs' complaint that they were treated unfairly due to their religious belief. *Peek v. Pines Apartment LLP*, 278 F.Supp.3d 679, 691 (W.D. NY 2017).

## VII.
## ABSOLUTE LEGISLATIVE IMMUNITY/QUALIFIED IMMUNITY

Defendants **MAYOR THOMAS DALY** and **COUNCILMAN JAMES PARMA** affirmatively raise their defense of absolute legislative immunity and qualified immunity. Defendant Councilman Parma asserts that he was not an official with the City of Selma during the time Plaintiff Crain complains about the bidding process in 2014. Councilman Parma was on City Council at the time Plaintiff's Section 1983 under the TEXAS ELECTION CODE claim is brought. However, Councilman Parma had no involvement in

the decision not to place Crain on the ballot as either a candidate or write in candidate. *(See, Exhibit H – Deposition of Councilman James Parma, pp. 5-7; 27-28).*

Defendant **MAYOR TOM DALY** asserts absolute legislative immunity and qualified immunity, as a matter of law. This Court has previously granted absolute legislative immunity to the city council members. Mayor Daly asserts he is entitled as Mayor of the City of Selma to absolute legislative immunity even though he did not cast a vote. *See*, ***Community House Inc. v. City of Boise Idaho***, 623 F.3d 945, 969 (9th Cir. 2010). In *City of Boise*, the mayor was granted legislative immunity, even though he was a non-voting member of the council.

Defendant Mayor Daly asserts that he was mayor of the City of Selma at the time the City Council approved the sale of Parcel 5 to the highest bidder, Jose Bustos. Mayor Daly relied on staff, including the city manager and city attorney for the bidding process. *(See Exhibit G – Deposition of Mayor Tom Daly, pp. 18-26).* Mayor Daly had no input into the election process and was not a candidate in the 2017 Council elections. *(See Exhibit G – Deposition of Mayor Tom Daly, pp. 29-30).* Both Mayor Daly and Councilman Parma assert in the alternative that they are entitled to qualified immunity for Plaintiff's allegations under the FAIR HOUSING ACT and Section 1983 claims. Defendants Daly and Parma assert that they did not violate Plaintiff's constitutional rights and that their actions were not objectively unreasonable, as a matter of law.

## VIII.
## QUALIFIED IMMUNITY

Defendants **KEN ROBERTS, JOHNNY CASIAS** and **LARRY VERNER** assert their entitlement to qualified immunity. Defendants assert that Larry Verner was an employee in the planning department for the City of Selma and there are no allegations under the

FAIR HOUSING ACT or Section 1983 against Verner in his individual capacity. Larry Verner assisted in the bidding process at the direction of City Administrator Ken Roberts and Assistant City Administrator Johnny Casias. Defendant Larry Verner asserts that in the voluminous records that have been compiled in this case, there is no evidence that he violated the FAIR HOUSING ACT or Section 1983 concerning Plaintiff's allegations of not being placed on the election ballot. Defendant City Administrator Ken Roberts and Assistant City Administrator Johnny Casias assert their entitlement to qualified immunity. Throughout the anfractuous peregrination of Plaintiff's allegations concerning the bidding process and electoral process, Defendants have responded to the conspiratorial allegations contorted by the Plaintiff. City Administrator Ken Roberts allowed Plaintiff Crain (and only Plaintiff Crain) to withdraw his original bid and submit a second bid for Parcel 5. (*See, Exhibit A – Affidavit of Ken Roberts*). Neither Ken Roberts nor Johnny Casias had ever met Jose Bustos prior to December 19, 2014. Plaintiff Crain's conspiracy theory was debunked by the cell phone records of Johnny Casias and the testimony of Jose Bustos who has testified he never met Johnny Casias prior to December 19, 2014. (*See*, *Exhibit C – Affidavit of Johnny Casias (with attached cell phone record) and Exhibit E – Affidavit of Jose Bustos*). Defendants assert that the sole reason Jose Bustos was awarded Parcel 5 was that he was the highest bidder. Defendants assert that there is no evidence in the voluminous record of this case to support a reasonable inference that race was a significant factor. ***Simms v. First Gibraltar Bank***, 83 F.3d 1546, 1556 (5th Cir. 1996).

***Artesian-American Corp. v. City of Alvin***, 588 F.3d 291 (5th Cir. 2009) is an analogous case to the one at bar. Plaintiff developer was denied a permit to construct low

income housing by the City of Alvin. Plaintiff brought a FAIR HOUSING ACT case alleging that the permitting decision was motivated by racial animus. The trial court granted summary judgment in favor of the City of Alvin and the plaintiff appealed. The Fifth Circuit in affirming the trial court's granting of summary judgment noted that to survive summary judgment on a FAIR HOUSING ACT claim of discriminatory intent, that the plaintiff must establish (1) a fact issue as to whether the city's state reason for its decision under consideration was pretextual and (2) a reasonable inference that race was a significant factor in the refusal. *Id*. at 298.

In *Weisbaum v. Dallas Housing Authority*, 2018 W.L. 2164521 (N.D. Tex. Apr. 20, 2018) the trial court granted summary judgment to the Housing Authority on plaintiff's FAIR HOUSING ACT discrimination claim. The Court held that a plaintiff to carry his burden as the non-movant, must do more than simply show that there is some metaphysical doubt as to the material facts. *2.

In the case at bar, the record is void of any evidence that the awarding of Parcel 5 to the highest bidder (Jose Bustos) was based on racial discrimination, as a matter of law. *Artesian-American Corp. v. City of Alvin*, 588 F.3d 291, 298 (5th Cir. 2009).

## IX.
## ELECTION CODE

Defendant **JOHNNY CASIAS** asserts qualified immunity to Plaintiff's claims under 42 U.S.C. § 1983 concerning Plaintiff's allegations under the TEXAS ELECTION CODE that his rights were violated by not being placed on the ballot. Plaintiff Crain outsmarted himself in what he perceived to be a shrewd maneuver to place his name on the May 2017 ballot for the City of Selma City Council elections. Crain filed an open records request to obtain the ballot applications of the other candidates. In response to the Open

Records Request, the City of Selma tendered to Mr. Crain the redacted applications concerning the candidates date of birth pursuant to the TEXAS OPEN RECORDS ACT. Plaintiff Crain then submitted his application for the May 2017 election without placing his date of birth on the application. This caused Crain's application to be invalid. (*See, Exhibit J – Affidavit of Rebecca Del Toro; Exhibit L – Email from the Texas Secretary of State*). Defendant Johnny Casias was the City Administrator for the City of Selma at this time. Defendant Casias communicated with the Texas Secretary of State and relied upon the Texas Secretary of State General Counsel's opinion that Plaintiff Crain did not qualify to be placed on the ballot as a candidate nor a write in candidate. (*See, Exhibit C – Affidavit of Johnny Casias and Exhibit L – Email from the Texas Secretary of State*).

| Election Form of Alton Crain (Defendant's Bates 802) | Election Form of James Parma (Attachment to Exhibit C) |
|---|---|



Defendant **JOHNNY CASIAS** asserts that the unredacted ballot applications for the candidates is attached to his Affidavit made part and incorporated herein for all purposes in this motion for summary judgment.  (*See, Exhibit C – Affidavit of Johnny Casias*).

Defendant **JOHNNY CASIAS** asserts that he did not violate Plaintiff's rights under Section 1983 since there was no constitutional deprivation.  Defendant further asserts that his reliance as City Administrator on General Counsel for the Texas Secretary of State in not allowing Plaintiff Crain to be placed on the ballot or write in ballot was the actions of a reasonable City Administrator under the totality of the circumstances.  Casias reliance on the Texas Secretary of State General Counsel was reasonable, as a matter of law. (*See, Exhibit C – Affidavit of Johnny Casias; Exhibit L – Email from the Secretary of State; Exhibit J – Affidavit of Rebecca Del Toro)*. See, **Wallace v. Howell**, 707 S.W.2d 876, 877 (Tex. 1986); **In Re Hopkins**, 181 S.W.3d 919, 927 (Tex. App. – Houston [14th Dist.] 2006, no pet..

Defendant **CITY OF SELMA**, asserts that Plaintiffs claim under 42 U.S.C. § 1983 against the municipality fails to state a cause of action under *Monell*.  Plaintiff cannot show a custom or practice of the City of Selma that was a direct cause of Plaintiff's alleged constitutional deprivation.

## X.
## CONCLUSION

Plaintiff Crain's bid on December 19, 2014 for Parcel No. 5 was not the highest bid.  Jose Bustos (a member of a protected class) was the highest bidder and was awarded the property in question.  Crain could not accept the fact that he was not awarded Parcel No. 5 and set out on a mission of blame against the City of Selma.  Initially, a complaint was filed with the Texas Workforce Commission on Civil Rights which resulted in a

finding of December 3, 2015 of "***Determination of No Reasonable Cause***" concerning Plaintiff's allegation that he was discriminated against in violation of the FAIR HOUSING ACT. Crain then proceeded to Federal Court, naming all of the City Council, Current Mayor and Former Mayor and City officials as Defendants including the undersigned counsel. Crain's tirade, included bullying tactics against officials of the City of Selma. Councilman Hadas testified as to a confrontational telephone call, Plaintiff showing up at Councilman Hadas' house unannounced and attempting to intimidate Hadas at a youth football game. (*See, Exhibit I – Deposition of Kevin Hadas, pp. 46-50*).

In the final analysis, Parcel 5 was awarded to the highest bidder Jose Bustos. Plaintiff Crain's bid was $6,400.00 lower than Jose Bustos' Bid. The City of Selma's bidding process was not perfect but the record is void of any evidence that Plaintiff Crain was treated unfairly due to his race, as a matter of law. ***Peek v. Pines Apartment LLP***, 278 F.Supp.3d 679, 691 (W.D. NY 2017).

Plaintiff' Crain's Section 1983 cause of action concerning the TEXAS ELECTION CODE is without merit. Plaintiff failed to appropriately fill out the ballot application form. The failure to place his date of birth on the form was fatal to the application process. This fact was confirmed by the Texas Secretary of State General Counsel. Crain's further attempt at a right in ballot failed as untimely and the Secretary of State's General Counsel informed Johnny Casias that Crain did not qualify as a write in ballot candidate. (*See, Exhibit L – Email from the Texas Secretary of State*). Defendants **CITY OF SELMA ET AL** assert that there is no evidence in the record that the awarding of Parcel 5 or the failure of Crain as a politician was in any way related to racial discrimination. As the Court in **Weisbaum** stated, "*Plaintiff must do more than simply show that there is*

*some metaphysical doubt as to the material facts.*" ***Weisbaum v. Dallas Housing Authority***, 2018 W.L. 2164521 (N.D. Tex. Apr. 20, 2018) at *2. Plaintiff Crain's conspiratorial allegations have proven chimerical.

Defendant **CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA, KEN ROBERTS, JOHNNY CASIAS,** and **LARRY VERNER**, move the Court to grant their Motion for Summary Judgment and bring this litigation to its rightful conclusion.

**WHEREFORE, PREMISES CONSIDERED** Defendants **CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA, KEN ROBERTS, JOHNNY CASIAS,** and **LARRY VERNER**, pray that their motion for summary judgment be in all things granted. That the Plaintiff's lawsuit be dismissed against them and for such other and further relief as they may show themselves justly entitled.

        Respectfully submitted,

        **LAW OFFICES OF CHARLES S. FRIGERIO**
        A Professional Corporation
        Riverview Towers
        111 Soledad, Suite 840
        San Antonio, Texas 78205
        (210) 271-7877
        (210) 271-0602 Telefax
        Email: csfrigeriolaw@sbcglobal.net
                frigeriolaw1995@sbcglobal.net

        BY:   /s/ Charles S. Frigerio
                CHARLES S. FRIGERIO
                SBN: 07477500

                HECTOR X. SAENZ
                SBN: 17514850
        ATTORNEYS FOR DEFENDANTS
        **CITY OF SELMA, MAYOR THOMAS DALY, JAMES PARMA, KEN ROBERTS, JOHNNY CASIAS** and **LARRY VERNER**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of February, 2019, I electronically filed the foregoing Defendant City of Selma et al's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system and will send notification of such filing via Electronic Mail to:

Mr. Justin Barbour
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
**ATTORNEYS FOR PLAINTIFF**

                                                /s/ Charles S. Frigerio
                                                CHARLES S. FRIGERIO