# NOTICE OF APPEAL TO A COURT OF APPEALS FROM A JUDGEMENT OR ORDER OF A DISTRICT COURRT

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
File Number 5-16-CV-0408

| | |
|---|---|
| **ALTON CRAIN** § | |
| § | |
| **PLAINTIFF PRO SE,** § | |
| § | **Notice of Appeal** |
| **VS.** § | |
| § | |
| **CITY OF SELMA, ETAL** § | |

**FILED** MAY 28 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

Notice is hereby given that Plaintiff Pro Se Alton Crain, in the above-named case hereby appeal to the State of Texas Appeals Court or the United States Court of Appeals for the 5th Circuit from a final judgement entered in this action on 29th day of April 2019.

Plaintiff Pro Se would ask to court to review discovery abuse as the Defendants abused Rule 37(a) 3 (b) (iv) -- Failure to Cooperate in Discovery; Sanctions, (b) Failure to Comply with a Court Order, (e) Failure to Preserve Electronically Stored Information. The trial court did not determine if key evidence was spoliated December 19, 2014 minute 4:34-35 in the City of Selma City Hall lobby. The City of Selma et. al. deliberately withheld key evidence of the Bid exchange between Jose Bustos and Johnny Casias. Due to Defendants abuse of discovery Plaintiff Pro Se has been deprived of meaningful ability to show unto the court that the City of Selma Administrators tampered with a bid process in 2014, depriving Plaintiff Pro Se the right to key discovery evidence in a

bidding process according to posted procedure and the right to participate in an election process per Texas Election laws in 2017.

Plaintiff Pro Se notified the City of possible litigation in 2014. The City of Selma administration was aware of possible litigation and even opened a TML file. The City of Selma had notice to preserve security video in the City of Selma City Hall December 19, 2014 at 4:34 to 4:35 p.m. as early as December 21, 2014 yet spoliated the video. In November 15, 2018 depositions, several Defendants admit to seeing the missing minute of spoliated video yet refused to produce the video even after being ordered to do so June 29, 2017. Seeing what happened on video is they key in this case as you would be able to see the bid exchange and you would notice that the bid submitted in error has not been produced during discovery. Plaintiff Pro Se was also excluded from the spoliated video December 19, 2014 at 4:34 to 4:35 in the Selma City Hall lobby. The City of Selma has claimed that a Christmas tree obstructed the view of the bid exchange, but this is a misrepresentation to the court. The City of Selma claimed there is no audio which would have been helpful, but you need to see the spoliated video to inquire about what happened in the City of Selma City Hall lobby December 19, 2014 at 4:34 to 4:35 in order to determine this case. The court has admitted they did not review the video evidence. Therefore, I humbly make this appeal for review based on the Defendants discovery abuse.

Under 1983, I made claims that there was a pattern and practice of issues with the City of Selma disregarding Texas Local Government Code and their own Policy. The City of Selma was made aware of issues with its 2014 bid process and the 2017

election process. Plaintiff Pro Se brought claims under Monell for neglect, failure to train, failure to supervise and failure to investigate after the City of Selma received complaints of policy and processing issues from the Plaintiff Pro Se in 2014 and 2017. The City Governing body members and some staff were warned with formal complaints per Texas Local Government Code in 2014 and 2017. The City of Selma Governing body and staff took no affirmative action after receiving complaints in 2014 and 2017 and neglected their duty according to Texas local Government Code 22.042, 22.043 in addition to disregarding auction policies per TLGC 272.001 and 253.008 which led to harm as described by the trial court.

In this appeal, I am not making any new arguments nor am I presenting any new information. Pro Se, I survived MSJ on some issues 2016-2018. I was appointed Counsel in 2019, Appointed Counsel was able to get deposition admission on the record of negligence that I was unable to obtain Pro Se. Unfortunately, Appointed Counsel also chose to abandon the arguments I made as a Pro Se litigant that managed to survive MSJ in 2018. After being appointed Counsel I was without my voice. I simply could not persuade appointed Counsel to present the arguments I previously made regarding spoliation or pattern and practice issues under Monell. It is my humble request that the court review the pre- counsel appointment arguments made by Plaintiff Pro Se are below:

!
### SPOLIATION OF KEY VIDEO EVIDENCE

I am requesting the court review elements of spoliation. The record indicates the existence of the spoliated bid exchange between winning bidder Jose Bustos and City

Administrator Johnny Casias yet that spoliated video evidence was and continues to be deliberately withheld by the Defendants. Do to my inexperience in civil procedure while I was Pro Se for years, I ask to court to compel production of spoliated evidence. The court bench ordered the production of video in the June 29, 2017 status conference. Prior to the close on discovery, I made several attempts to confer with the Defendants regarding the spoliated video evidence. To no avail, as a Pro Se litigant, I filed several unsuccessful motions to obtain the key spoliated video evidence needed to prove my claims in November of 2017. Immediately before and after discovery concluded, I motioned the court to compel production of the spoliated video. The court did not rule on the spoliated evidence until well after discovery was completed.

Before I was appointed Counsel, I filed motions to compel and for sanctions for not producing key video evidence some time before the City of Selma filed their 2018 MSJ. To my limited understanding, the trial court denied the motions to compel and for sanctions stating, "the Defendant claimed that video the video did not exist'. However, Counsel for the City of Selma admitted to seeing the spoliated video in a June 29, 2017 status hearing. Inexplicably, after I was appointed Counsel in the Depositions for Former City Administrator, Ken Roberts on November 15, 2018 the Defendants admitted to the existence and viewing the requested spoliated evidence central to this case that the Defendants claimed did not exist in 2017. (See Roberts rebuttal attachments and deposition)

Before and after I was appointed Counsel, Defendants (Roberts and Counsel Frigerio) admitted to seeing the motion activated spoliated video and what happened in the City of Selma City Hall lobby December 19, 2014 at 4:34 to 4:35 yet deliberately

withheld this key evidence to deprive me of any meaningful ability to prove my claims of tampering with the City of Selma 2014 posted bidding process. The spoliated video interaction captured December 19, 2014 in the City of Selma City Hall lobby at 4:34 to 4:35 would show bid tampering. The City of Selma statements that a Christmas tree obstructed the view of witnessed bid tampering is a misrepresentation of the facts. Also, the City of Selma makes statements about audio yet to distinguish that Casias tampered with the bid process, you simply had to see the spolaited video of the exchange between Casias and Bustos in the City of Selma City Hall lobby December 19, 2014 at 4:34 to 4:35.

Plaintiff Pro Se respectfully request the trial court or appeal court to determine if the City of Selma had a duty to preserve the spoliated video evidence of the bid exchange between Jose Bustos and City Administrator Johnny Casias along with the appropriate remedies for spoliation of key video evidence. Three (3) Defendants have admitted to the existence of the spoliated video evidence that was and is central to the case, yet Defendants have never produced the missing video even after the Court order the Defendants to produce in June of 2017.

The trial court has stated that it has not viewed the video to determine if the video was spoliated. Lack of review or production of the video has irreparably deprived the Plaintiff Pro Se of the ability to present claims. I understand that I am not lawyer, but it does not appear that trial court duly weighed the culpability of the City of Selma et. al, actions and the prejudice to the nonspoliating party. Plaintiff Pro Se would ask the court to consider the following:

First, it does not appear that the trial court consider the following:

- "[T]he relevance of the spoliated evidence to key issues in the case,"

- "[T]he harmful effect of the evidence on the spoliating party's case (or, conversely, whether the evidence would have been helpful to the nonspoliating party's case)," and

- "[W]hether the spoliated evidence was cumulative of other competent evidence that may be used instead of the spoliated evidence."

Brookshire brothers 2014 lexis 562, *20-21(citing Trevino v Ortega, 969 S.W. 2d.950, 954 (Tex.1998)

Second, the Trial Court did not hold a spoliation analysis involving the two–step judicial process:

1. the trial court did not determine, as a question of law, whether a party spoliated evidence and,
2. or if spoliation occurred, nor did the court did not assess an appropriate remedy.

It is unclear that the court attempted to conclude that the City of Selma or a party spoliated evidence, or find that:

1. the City of Selma or spoliating party had a duty to reasonably preserve video of the bid exchange between Casias and Bustos in the City of Selma city Hall lobby December 19, 2014 at 4:34 to 4:35 that Defendant Roberts, Klearner and Frigerio admit to seeing the yet have intentionally withheld.

2. the City of Selma intentionally or breached duty to preserve or present the key video evidence the court had to see to make its decision as to whether the bid process was without bias.

Though Plaintiff Pro Se did not get to see a jury, under the Brookshire Brothers framework, the court could have but did not determined discovery abuse as Defendants admit key evidence was deliberately withheld and or spoliated. If spoliation

occurred due to discovery abuse the court could provide a spoliation instruction: (i) when a spoliating party acted with the specific intent of concealing discoverable evidence, and (ii) when a party has negligently failed to preserve information and that negligent failure has irreparably deprived the non-spoliating party of any meaningful ability to present a claim or defense. Evidence indicates the Defendants clearly abused the discovery process and intentionally withheld key evidence.

Based on evidence in the deposition and hearings The City of Selma's actions appear to be with the intent to conceal discoverable evidence. Spoliation irreparably deprived me of any meaningful ability to show the court evidence of bid tampering, that Bustos bid was submitted in error, and was exchanged December 19, 2014 at 4:34 to 4:35 pm in the City of Selma City Hall lobby. Further, the Spolaited video would show that the winning bid was submitted after the bid deadline of December 19, 2014 5 p.m. deadline as the winning bid is marked received December 22, 2019 and should not have been accepted as stated in Former City of Selma Administrator Ken Roberts November 2018 deposition.

The Former City of Selma Administrator Ken Roberts has also admitted that Pro Se Plaintiff bid was the last bid that the City received before the December 19, 2014 bid deadline and according to the posted procedure. The key spoliated video evidence would show how Bustos became the winning bidder. (See Ken Roberts Nov. 15, 2018 Deposition statements pg. 25 15-21, pg. 23 24-25, pg. 54 21-25 also see Exhibit A see Key Witness Former Councilman Jose Silva Affidavits)

Case 5:16-cv-00408-XR   Document 117   Filed 05/28/19   Page 8 of 11

Page 8

## II
## 1983 Claims

As a Pro Se Plaintiff 2016 to 2018 I presented arguments under Monell which survived MSJ. I was appointed Counsel in 2019 after surviving the City of Selma's' motion for summary judgement. I plead feverishly with appointed Counsel to amend theories and even after my request were made known to Counsel, not all my claims that previously survived MSJ were presented to the court in the response to the City of Selma's 2019 MSJ. After several disagreements in legal strategy in 2019, I had no choice but to yield to appointed Counsel if I wanted to get deposition testimony from the Defendants which I waited three (3) years to get. Sadly, appointed Counsel filed portions of the response to the City of Selma's MSJ without my review. If you check the docket you will see my attempts to have Counsel amend some of the response to the City of Selma et. al. 2019 MSJ.

As a Pro Se litigant, I did not get to review the 2019 MSJ response before it was filed. All my 1983 pattern and practice Monell theories that previously survived Selma's MSJ 2018 were excluded by appointed Counsel. I was forced to accept theories of appointed Counsel in response to the City of Selma's MSJ after years of survival Pro Se.

The court pointed out a few 2018 Pro Se arguments that were made that were not included in the 2019 MSJ response file by appointed counsel. Ironically, the Defendants November 2018 deposition testimony obtained by appointed counsel corroborated all

pattern and practice of negligence claims made by Plaintiff Pro Se 2016-18. Due to the Defendants discovery abuse, Plaintiff Pro Se respectfully files this appeal and request a review of the Monell claims made under 1983 which previously survived MSJ and ask the court the consider the following cases.

In case Pembaur v. City of Cincinnat, the Court held that a single decision by an official with policymaking authority in a given area could constitute official policy and be attributed to the government itself under certain circumstances. Also, in DePiero v. City of Macedonia, Brotherton v. Cleveland, in each case, the policy was attributed to the City for purposes of liability under Section 1983.

Establishing local government liability under section 1983 involves demonstrating a failure on the part of the city that causes an underlying constitutional violation to occur. (See City of Canton v. Harris). Pro Se Plaintiff's expected a fair discovery process without spoliation. Pro Se Plaintiff's relied on Texas Local Government code and Selma Policy along with posted bid procedure and instructions in 2014 and the posted election procedure and instructions in 2017. Constitutional harm was caused due to lack of Governing body and staff training, failure to supervise and failure to discipline, by the City of Selma's Governing body and staff inability to adhere to written policy in 2014 and 2017.

Based on issues raised above the Plaintiff Pro Se respectfully request a review for Spoliation of evidence 2014-2018. Plaintiff Pro Se also request a review of the 1983 pattern and practice claims under Monell as Pro Se Plaintiff's constitutional rights were deliberately violated while discovery evidence was being obtained regarding in 2014 and 2017 claims.

Finally, the trial court may have ignored Defendants abused Rule 37(a) 3 (b) (iv) – Failure to Cooperate in Discovery; Sanctions, (b) Failure to Comply with a Court Order, (e) Failure to Preserve Electronically Stored Information. Defendants deliberately withheld and spoliated electronically stored information that should have been preserved in the anticipation or conduct of litigation. The Defendants were bench ordered to produce the specific video evidence. Defendants admitted seeing key spolaited evidence of the bid tampering December 19, 2014 at 4:34 to 4:35 in the City of Selma City Hall lobby. In the face of the bench order, the Defendants disregarded the June 29, 2017 bench order abused the discovery process in November 2017 and deprived Plaintiff Pro Se of key evidence needed to prove claims of bid tampering. Prior to a final judgement the court may have discounted critical spoliation issues the court needed to resolve so that Plaintiff Pro Se would have an opportunity to prove claims. (See exhibit A and Exhibit I, and Exhibit K already on the docket,)

WHEREFORE PRIMISES CONSIDERED, Plaintiff Pro Se Prays that the appeal court review final judgement and for such other and further relief.

Respectfully submitted,

Plaintiff Pro Se

Alton Crain

8528 Alton Blvd

Selma Texas 78154

_AC_

May 28, 2019

## CERTIFICATE OF SERVICE

I, Alton Crain, Plaintiff pro se, do here by certify that on the 28th Day of May 2019, I certify, a true and correct copy of the foregoing pleading was forwarded to Charles Frigerio, the attorney for City of Selma Et. Al. (Defendant) by (eMail and certified mail) at the following address: frigeriolaw1995@sbcglobal.net

Charles Frigerio<br>
111 Soledad Suite 840<br>
San Antonio, Texas 78205

Dated: 5-28-2019

_____
Signature of Plaintiff